**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CAPELLA PHOTONICS, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-00077-JRG |
| INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., CORIANT (USA) INC., | § § § § § § | |
| *Defendants*. | § | |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this Action, Civil Action No. 2:20-CV-0077-JRG ("Action"), in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this Action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures.** In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    **(a)** the correct names of the parties to the lawsuit;

    **(b)** the name, address, and telephone number of any potential parties;

    **(c)** the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    **(d)** the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

  **(e)** any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this Action or to indemnify or reimburse for payments made to satisfy the judgment;

  **(f)** any settlement agreements relevant to the subject matter of this Action; and

  **(g)** any statement of any party to the litigation.

**2.** **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

  **(a)** if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

  **(b)** for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

**3.** **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

  **(a)** provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production

      claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

    ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

 **(b)** produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this Action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

 **(c)** provide a complete computation of any category of damages claimed by any party to the Action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4. **Protective Orders.** The Court will enter the parties' Agreed Protective Order.

5. **Discovery Limitations.** The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

    **(a)**  40 interrogatories per side;

    **(b)**  40 requests for admissions per side (excluding requests for admissions to establish the authenticity or genuineness of documents which are not limited so long as requests for admission directed to document authentication are clearly denoted as such and served separately from any requests for admission subject to the numerical limitations previously stated.);

    **(c)**  80 hours of total fact depositions per side; with the following conditions: (1) in no case shall the deposition of any single fact witness exceed 7 hours absent court order or agreement by the parties, and (2) when a single fact witness testifies in his or her individual capacity and in his or her capacity as a corporate representative under Rule 30(b)(6), the deposition shall count as only a single type when evaluating total deposition time;

    **(d)**  5 testifying expert witnesses per side and expert witness depositions per side of up to 7 hours per opening or responsive report. To the extent a single witness submits a report on both validity and infringement issues, said report will be considered as two (2) reports under this paragraph;

    **(e)**  depositions on written questions of custodians of business records for third parties. Such depositions do not count towards the above limits.

"Side" means a party or a group of parties in this Action with a common interest. Any party may later move to modify these limitations for good cause.

    6.    **Privileged Information.**    There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.** The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5. The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.** After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Discovery Disputes.**

    **(a)** Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures,

serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient. The written statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

**(b)** An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

**(c)** Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

**(d)** Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

**(e)** Any change to a party's lead attorney designation must be accomplished by motion and order.

**(f)** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery.**

    **(a) Privileged Documents and Information Created or Conveyed After the Filing of This Case.** The parties agree that documents or information created or conveyed subsequent to the filing of this Action that are protected by attorney-client privilege or work product doctrine or any other applicable privilege or immunity, including any applicable common interest or joint defense privileges, do not have to be identified on a privilege log, except as provided under Local Patent Rule 3-7 or otherwise agreed by the parties or ordered by the Court. Privileged communications and work product created in connection with the Action entitled *Capella Photonics, Inc. v. Tellabs Inc.* originally filed in the U.S. District Court for the Southern District of Florida as Case No. 0:14-cv-60350- JEM (S.D. Fla.) and subsequently consolidated and transferred to the Northern

District of California as Case No. 14-cv-03348-EMC (N.D. Cal.) likewise does not have to be identified on a privilege log, except as provided under Local Patent Rule 3-7 or otherwise agreed by the parties or ordered by the Court. The parties agree that "trial counsel" under Local Patent Rule 3-7 includes trial counsel in this Action and trial counsel in connection with the Action entitled *Capella Photonics, Inc. v. Tellabs Inc.* originally filed in the U.S. District Court for the Southern District of Florida as Case No. 0:14-cv-60350-JEM (S.D. Fla.) and subsequently consolidated and transferred to the Northern District of California as Case No. 14-cv-03348-EMC (N.D. Cal.). The parties agree that documents or information created or conveyed during and relating to Plaintiff's patent prosecution activities related to the reissue proceedings for Application Nos. 16/023,127 and 16/023,183, regardless of whether it occurred subsequent to the filing of the Action, that are protected by attorney-client privilege or work product doctrine or any other applicable privilege or immunity, including any applicable common interest or joint defense privileges, and that are communicated from individuals associated with the law firm of Sterne Kessler to external individuals, or vice versa, have to be identified on a privilege log. For avoidance of doubt, nothing in this Section is intended to alter the logging requirements for patent-prosecution-related documents or information created or conveyed prior to Action entitled *Capella Photonics, Inc. v. Tellabs Inc.* originally filed in the U.S. District Court for the Southern District of Florida as Case No. 0:14-cv-60350- JEM (S.D. Fla.), which must be logged in accordance with the other provisions of this Order. Notwithstanding the foregoing, Plaintiff reserves the right to seek to modify this provision if good cause exists, and Defendant likewise reserves the right to later request that internal communications exchanged only between Sterne Kessler be logged, if good cause exists.

Pursuant to Federal Rule of Evidence 502(d), inadvertent production of materials covered by the attorney-client privilege or work-product protection is not a waiver in this or any other federal or state proceeding. In case of inadvertent production, at the producing party's request, the receiving party shall immediately return or destroy the inadvertently produced materials. The producing party will provide a privilege log in accordance with Paragraph 6.

**(b) Service.** The parties agree to electronic service of all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests (unless the volume of electronic information makes such delivery impractical). Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this Action, or to an email address designated in writing for service by a party's outside counsel. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

**(c) ESI Discovery & Email**. Subject to the limitations below, the parties agree to abide by the Court's Model Order Regarding E-Discovery in Patent Cases (available at http://www.txed.uscourts.gov/sites/default/files/forms/EDiscovery_Patent_Order.pdf) ("ESI Order") and request its entry of record.

>   (i). Regarding Sections 6-9 of the ESI Order, in the first instance, email shall not be subject to discovery. Once the parties have exchanged initial disclosures, the parties may meet and confer regarding a party's ability to specifically request email discovery and the restrictions (such as the number of custodians and search terms) that will be applicable to such email discovery. After the meet and confer,

the parties may jointly submit a proposed Modified ESI Order regarding this issue at that time.

(ii). ESI shall be produced in the form in which it is ordinarily maintained ("native format") or in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Files produced in native format shall have a TIFF Image identifying that the file was produced natively and include the file's capture path in the DOCLINK field.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So Ordered this**
**Jun 9, 2020**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE