UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>      Plaintiff,<br> v.<br><br>INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.,<br><br>      Defendants. | Case No. 2:20cv77-JRG |

## JOINT MOTION FOR ENTRY OF DISPUTED PROTECTIVE ORDER

Plaintiff, Capella Photonics, Inc. and Defendants Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. jointly file this motion respectfully requesting that the Court enter the portions of the attached Protective Order (Exhibit A) that the parties have agreed on, and that the Court rule on the sole remaining dispute in Section 11 of the attached Protective Order.

The attached Protective Order provides agreed upon language and Plaintiff's Proposed addition to that language, with the proposal set off in its own brackets: [  ].  The parties provide their respective positions on their proposals below.

**Plaintiff's Position:**

The parties disagree on the scope of the prosecution bar in Section 11 of the Protective Order. Under the Defendants' proposal, Plaintiffs' litigation counsel will effectively be barred from participating or assisting in any inter partes review, reissue, and reexamination proceedings where any claim amendments are made.  To the extent Defendants argue that this broad restriction is needed to prevent claim amendments that read on their products after seeing Defendants' highly

1

confidential information, the Court should reject this argument. As a matter of law, any post-grant proceedings would involve only amendments that do not broaden the claimed subject matter. "Hence, no product that did not infringe a patent before [post-grant review] could ever infringe that patent following [post-grant review]." *Xerox Corp. v. Google, Inc.*, 270 F.R.D. 182, 184 (D. Del. 2010). Those amendments would further inherently be limited by the disclosures already contained in the Patents, which cannot be amended. *Id*. As such, litigation counsel's ability to amend claims in USPTO proceedings is severely limited as it is, and no further prosecution bar needs to be imposed in this case. Further, all post-grant proceedings are limited to assessing patentability against prior art references. "Defendants' confidential information is 'basically irrelevant' to that particular determination." *Id.* If forced to amend, Plaintiff will seek the broadest amendments that overcome the prior art, regardless of Defendants' confidential information. Thus, there is no potential advantage to Plaintiff that Defendants' proposal would cure. Defendants have not shown good cause for the terms of this prosecution bar. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373, 1378 (Fed. Cir. 2010) (explaining that the party seeking a prosecution bar must show good cause). This Court adopted similar language in *KAIST IP US LLC v. Samsung Electronics Co., LTD., et al.*, 2:16-cv-1314-JRG, ECF No. 54 (E.D. Tex. April 19, 2017)(resolving dispute set forth in Opposed Motion for Entry (ECF No. 51)).

**Defendants' Position:**

Defendants object to limiting the Prosecution Bar to only claims or amendments in post-grant proceedings that "broaden the scope of the originally claimed subject matter," as Capella proposes. Capella is proposing that its lawyers should be able to participate in crafting new patent claims after having access to Defendants' confidential information. Also, Capella's proposed limitation on the Prosecution Bar—which would disallow broadening amendments but

not other amendments—will merely invite additional disputes over whether amendments are narrowing, broadening, or some blend of both.

Capella's lawyers should not be able to craft new claims that could target Defendants using information from Defendants' confidential documents. Defendants will be producing confidential technical information that will disclose details about the Defendants' platforms that could be used to strategically craft claims, regardless of whether they are broader or narrower in scope. Because Capella has ongoing prosecution and has used reissue proceedings of this patent family to alter claim scope, a Prosecution Bar that applies to broader or narrower claim language is necessary to "prevent outside counsel from using, even inadvertently, confidential information obtained in the lawsuit for purposes outside the lawsuit." *Visto Corp. v. Seven Networks, Inc.*, No. 2:03-CV-333-TJW, 2006 WL 3741891, at *7 (E.D. Tex. Dec. 19, 2006). This Court has imposed prosecution bars that prevent narrowing amendments. *Id.* (finding prosecution bar necessary "even if the result of the reexamination is narrower claim language"). The same is warranted here.

Capella's proposal to permit broadening but not narrowing amendments invites dispute, especially given Capella's history of how it characterizes previous amendments to the claims. The asserted '905 and '906 patents are the product of reissue applications of the '368 and '678 patents that Capella litigated unsuccessfully against Defendants. A central dispute in this case is whether the claims of the '905 and '906 patents have broader, narrower, or identical scope as the predecessor '368 and '678 patents. Capella's Complaint alleges that "[o]ne or more claims of the '905 patent is substantially identical to one or more claims of the original '368 patent[]" (Dkt. 1, ¶ 32), and that "[o]ne or more claims of the '906 patent is substantially identical to one or more claims of the original '678 patent[]" (*id.*, ¶ 35). As described in Defendants' answer, to the extent

3

the claims are substantially identical, Capella is both collaterally estopped from challenging the invalidity of such claims and barred from asserting such claims under the doctrine of res judicata. *See, e.g.*, Dkt. 22 ¶ 8-9. Regardless, it is clear that the parties already have a dispute as to whether Capella's previous claim amendments were narrowing or not. Capella's proposed bar thus merely invites additional dispute. In contrast, a bar that prohibits *any* drafting, amending or proposing for substitution claims in post-grant proceedings provides immediate certainty and clarity.

Dated:  June 15, 2020.

By: */s/ Charles Everingham IV*
Charles Everingham IV (TX SBN 00787447)
Email: ce@wsfirm.com
T. John Ward (TX SBN 20848000)
Email: tjw@wsfirm.com
Claire Abernathy Henry (TX SBN 24053063)
Email: claire@wsfirm.com
Andrea Fair (TX SBN 24078488)
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
*rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
*cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile:  (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.


By: */s/ Kurt Pankratz w/permission Charles Everingham IV*
Kurt Pankratz (TX SBN 24013291)
Email:  kurt.pankratz@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Suite 900
Dallas, TX 75201-2980
Tel.: (214) 953-6584
Fax: (214) 661-4584

Attorneys for Defendants, INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel of record who have consented to electronic service on this 15th day of June, 2020.

*/s/ Charles Everingham IV*
Charles Everingham IV
