**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CAPELLA PHOTONICS, INC. | § | |
| | § | |
| v. | § | Case No. 2:20-CV-0077-JRG |
| | § | |
| INFINERA CORPORATION, ET AL. | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff Capella Photonics, Inc., and Defendants, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing an appropriate designation

("CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE"). The appropriate designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought, or for electronically stored information produced in native form, in the file name of the native electronic file. For deposition and hearing transcripts, the appropriate designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript is Protected Material.

2.  Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED - ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated by the producing Party to have a different classification under this Order.

3.  With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. If, prior to receiving such notice, the recipient(s) has disseminated the DESIGNATED MATERIAL to individuals not authorized to receive it hereunder, it shall retrieve the DESIGNATED MATERIAL.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

   (a) outside counsel of record in Case No. 2:20-CV-0077-JRG ("this Action") for the Parties;

3

(b)     employees of such counsel of record assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)     no more than two (2) in-house counsel for the receiving Party who are not involved in research or development for the receiving Party and who agree not to be involved in research or development for a period of three (3) years following exposure to any DESIGNATED MATERIAL, and who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given ten (10) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL. Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(e) herein;

(d)     up to and including four (4) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent, provided that such individuals consent in writing to be bound by the terms of this Order by executing the Undertaking attached as Exhibit A hereto and that the producing Party be given ten (10) days to object before the individual returning the Undertaking be provided with access to any DESIGNATED MATERIAL. Should an objection be made, it shall be resolved in accordance with the procedures of paragraph 5(e) herein;

(e)     outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Action, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with:

       i.     a current curriculum vitae of the consultant or expert;

       ii.     a list of all non-confidential consulting relationships in the past four (4) years including at least identification of case by name and number, location of court, and party for whom the expert or consultant performed services; and

       iii.     any previous or current professional relationship with or opposite to any of the Parties;

at least ten (10) days before access to the Protected Material is to be given to that

        consultant expert. A producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

    (f)    independent litigation support services, including persons working for or as court reporters, stenographers, videographers, graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

    (g)    except for Defendant-designated "CONFIDENTIAL" documents, information and material, any supplier to a Defendant of technology products which are accused by, or believed to be implicated by, the claims of infringement of any of the patents-in-suit as needed or convenient to assist a Defendant in defending against Plaintiff's claims, including the supplier's counsel and employees of such counsel, provided Plaintiff is notified within ten (10) days of such disclosure to allow Plaintiff to object to said disclosure and said supplier and any counsel and employees of counsel agree to be bound by the terms of this Protective Order and submit to jurisdiction in this Court for enforcement; disclosure shall be withheld until any objections are resolved, and

    (h)    the Court and its personnel and any mediator(s) appointed by the Court.

6.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not

       be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED - ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE," subject to the provisions in Paragraph 10.

9. For Protected Material designated RESTRICTED - ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h).

10. Should Source Code Material become at issue in this case, the parties will meet and confer in good faith to adopt suitable amendments to this Order to govern the disclosure and treatment of Source Code Material. Nothing in this Order shall be construed as a representation or admission that Source Code Material is properly discoverable in this action, or to obligate any Party to produce any Source Code Material.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person

associated with a Party and permitted to receive another Party's Protected Material that is designated RESTRICTED - ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains and reviews, receives and reviews, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to (i) the field of the invention of the patents-in-suit, or (ii) the technology of the Defendants' products-in-suit, on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create a screening procedure that prevents disclosure of any information related to this Action, such as an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit or the accused technology of the Defendants' products-in-suit. This prohibition against the prosecution of applications shall not preclude an attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material who has had access to HIGHLY SENSITIVE MATERIAL from initiating, assisting in the initiation of, providing comments or otherwise participating in any post-grant proceeding (including ex parte and inter partes reexamination, inter partes review, covered business method review, and reissue proceedings, except that any attorney representing  and any person associated with

        Plaintiff and permitted to receive another Party's Protected Material who has had access to HIGHLY SENSITIVE MATERIAL may not assist Plaintiff in drafting, amending or proposing for substitution patent claims in any post-grant patent proceeding) of any patent. Should any prior art or other litigation materials be designated "CONFIDENTIAL," "RESTRICTED—ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE", and the attorney for the Receiving Party believes that it may be necessary to transmit such materials to the U.S. Patent and Trademark Office, the parties shall meet and confer in good faith on a procedure for transmitting such materials under the terms of this Protective Order. The receipt or review of the following documents and materials shall not trigger the Prosecution Bar set forth above: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third-party systems or products that were publicly known, on sale, or in public use; and (iii) information that is otherwise publicly available. The Prosecution Bar set forth in the paragraphs above shall be personal to any attorney or person who obtains and reviews, receives and reviews, or otherwise learns, in whole or in part, the other Party's Protected Materials designated "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall not be imputed to any other persons or attorneys at the attorney's law firm or company unless information from or included in the Protected Materials was communicated to an individual by one who reviewed such Protected Materials.

12.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work

product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. Within five (5) business days of this notice, the receiving Party shall gather from all recipient(s) and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party. No use shall be made of such documents or information during depositions, through motion practice, or at trial. The receiving Party may move the Court for an Order compelling production of any such documents or information in accordance with the Federal Rules of Civil Procedure. The motion shall be filed under seal and shall not assert as a ground for production the fact of the earlier production, nor shall the motion disclose or otherwise use the content of the previously produced and returned documents or information in any way (beyond any information appearing on the above-referenced privilege log).

13.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized

        to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

14. In the event of any accidental or inadvertent disclosure of DESIGNATED MATERIAL other than in a manner authorized by this Protective Order, counsel for the Party responsible for the disclosure shall immediately notify the producing Party's counsel of all the pertinent facts, and make every effort to prevent further unauthorized disclosure including retrieving all copies of the DESIGNATED MATERIAL from the recipient(s) thereof and securing the agreement of the recipients not to further disseminate the DESIGNATED MATERIAL in any form. Compliance with the foregoing shall not prevent a party from seeking further relief from the Court.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a producing Party, including outside counsel and in-house counsel (subject to paragraphs 9 and 10 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the

purpose of this Action; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY'S EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Native Files. Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the file contains CONFIDENTIAL, RESTRICTED – ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition, in a court proceeding, or for provision in printed form to an expert or consultant pre-approved pursuant to Paragraph 5(e), or for any other reason consistent with the provisions of this Protective Order, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED - ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the

producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29. The provisions of this Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record and (b) that a Party may

14

seek the written permission of the producing Party or further order of the Court with respect to the dissolution or modification of this Order. The Court retains and shall have continuing jurisdiction over the parties and recipients of the DESIGNATED MATERIAL.

30. In the event that any Party or individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any DESIGNATED MATERIAL, such Party or individual shall (a) provide lead counsel for any Party whose DESIGNATED MATERIAL is the subject of said subpoena or other judicial process with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the DESIGNATED MATERIAL at issue consistent with this Order.

31. Export Control Requirements: To the extent that a Party's discovery requests might cause the Responding Party to search for and produce documents and information from custodians or files that also contain information subject to U.S. or foreign export control laws, or which may be classified information, the Responding Party shall promptly notify the Requesting Party that such documents have trade control implications. The Responding Party shall promptly (a) seek suitable amendments to this Protective Order to prevent the unauthorized disclosure of such information, and (b) exercise reasonable diligence to secure the appropriate approvals from the governing regulatory authorities to permit such documents to be disclosed for the limited purpose of this litigation. Nothing in this Order, expressly or impliedly, would require the production of such information in the absence of suitable amendments to this Protective Order and/or amendments to applicable export control licenses governing such material. No Party shall be obligated to produce documents or information in a manner that is not fully compliant with applicable

export control laws. Subject to this provision, no DESIGNATED MATERIAL may leave the United States of America, or be viewed through electronic means outside the territorial limits of the United States of America, except for DESIGNATED MATERIAL in the possession of individuals in paragraph 5, and obtained for use in this case, including any such material on that individual's laptop or other electronic device, provided that such individuals are United States citizens or lawful residents of the United States. Without limitation, this prohibition extends to DESIGNATED MATERIAL, including copies, in physical and electronic form.

32. This Order does not confer any right to one Party to access DESIGNATED MATERIAL of any other Party involved in a different case, including *Capella Photonics, Inc. v. Ciena Corp.*, Case No. 20-cv-00702 (D. Md.), *Capella Photonics, Inc. v. Fujitsu Network Commc'ns, Inc.*, Case No. 20-cv-00076 (E.D. Tex.), *Capella Photonics, Inc. v. Infinera Corp.*, Case No. 20-cv-00077 (E.D. Tex.), and *Cisco Sys., Inc. v. Capella Photonics, Inc.*, Case No. 20-cv-01858 (N.D. Cal.). Capella Photonics, Inc. shall not produce DESIGNATED MATERIAL of one Party to any other Party or Party's counsel absent the written consent of the producing Party.

33. This Order shall not be deemed a waiver of any Party's right to use its own documents and its own DESIGNATED INFORMATION in its sole and complete discretion.

34. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So Ordered this**

**Jun 17, 2020**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CAPELLA PHOTONICS, INC. | § | |
| | § | |
| v. | § | Case No. 2:20-CV-0077-JRG |
| | § | |
| INFINERA CORPORATION, ET AL. | § | |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

    My current employer is _____.

    My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

1

"RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____