IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., § § *Plaintiff*, § § v. § § INFINERA CORPORATION, TELLABS, § INC., TELLABS OPERATIONS INC., § CORIANT AMERICA INC., CORIANT § (USA) INC., § § *Defendants*. § | CIVIL ACTION NO. 2:20-CV-00077-JRG |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Infinera Corporation ("Infinera"), Tellabs, Inc., Tellabs Operations, Inc., Coriant America Inc., and Coriant (USA) Inc.'s (collectively, the "Subsidiary Defendants") (together with Infinera, "Defendants") Motion to Transfer Venue to Northern District of California (the "Motion to Transfer"). (Dkt. No. 37). After careful consideration of the briefing (Dkt. Nos. 37, 50, 53, 56) and the oral arguments presented at the January 27, 2021 hearing (*see* Dkt. No. 97), and for the reasons stated below, the Court is of the opinion that the Motion to Transfer should be **DENIED**.

## **I.   INTRODUCTION**

Plaintiff Capella Photonics, Inc. ("Capella") sued Infinera and four of its subsidiaries on March 17, 2020. (Dkt. No. 1).[1] Capella alleges infringement of two United States patents: U.S. Patent Nos. RE47,905 and RE47,906. (*Id.*). Defendants answered on May 29, 2020. (Dkt. No. 22). Five weeks later, Defendants filed the Motion to Transfer, asking the Court to transfer this case to

---

[1] The Subsidiary Defendants have apparently been renamed since Infinera acquired them. (*See* Dkt. No. 37, at 1 n.1). For convenience, the Court will refer to these entities by the names under which they were sued.

the Northern District of California under 28 U.S.C. § 1404(a). (Dkt. No. 37). On January 27, 2021, the Court heard oral arguments on the Motion to Transfer, Capella's Motion to Strike Defendants' Inequitable Conduct Affirmative Defense (Dkt. No. 36), and a motion to transfer filed in a companion case, *Capella Photonics, Inc. v. Fujitsu Network Communications*. (No. 2:20-cv-76-JRG, Dkt. No. 31).

## II.   LEGAL STANDARDS

### A.   Motions to Transfer Under 28 U.S.C. § 1404(a)

A district court may transfer a civil action for the convenience of parties and witnesses "to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [*Volkswagen I*]; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) [*Volkswagen II*]. The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See id.* at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

All United States District Courts have subject matter jurisdiction over any civil action arising under United States patent law and under federal law generally. 28 U.S.C. §§ 1338, 1331. It is not disputed that the Northern District of California would have subject-matter jurisdiction over this case. The parties dispute, however, whether that court would have personal jurisdiction and would be a proper venue.

### B. Personal Jurisdiction

A properly served party is subject to personal jurisdiction in a United States District Court if the party would be subject to personal jurisdiction in a court of general jurisdiction in the same state. *See* Fed. R. Civ. P. 4(k)(1)(A). When a party is not a resident of that state, there are usually two facets to this question. First, the exercise of personal jurisdiction must comply with the forum state's statute governing the exercise of jurisdiction over non-resident defendants, commonly called the "long-arm statute." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Second, that exercise of personal jurisdiction must comport with principles of due process under the United States Constitution. *Id.* California's long arm statute permits jurisdiction not inconsistent with the United States Constitution. Cal Code Civ. P. § 410.10. Accordingly, the personal jurisdiction analysis collapses into a singular due process question. *Daimler*, 571 U.S. at 125.

Personal jurisdiction falls into two categories: general jurisdiction and specific jurisdiction. *Id.* at 126–27. General jurisdiction only exists where a party's contacts with the forum state are so continuous and systematic as to render them essentially at home in the forum state. *Id.*; *Goodyear Dunlop Tire Ops. S.A. v. Brown*, 564 U.S. 915, 924 (2011). The paradigmatic bases for general jurisdiction over a corporation are its place of incorporation and its principal place of business. *Id.* If general jurisdiction is found, the party is subject to suit in the forum state for any and all claims. *Id.* at 923.

Specific jurisdiction arises when a party has sufficient minimum contacts with the forum state, representing a purposeful availment of the forum state's law, and the exercise of jurisdiction would not offend traditional notions for fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Daimler*, 571 U.S. at 126–27. While specific jurisdiction can often reach more defendants than general jurisdiction, it usually reaches fewer claims. This is

because the claim at issue must arise from or relate to the contacts forming the basis for the exercise of specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1780 (2017).

### C. Venue

In patent cases, venue is governed by 28 U.S.C. § 1400(b). This statute furnishes two bases for venue. Under the first prong of § 1400(b), a patent case can be brought in the judicial district where the defendant "resides." 28 U.S.C. § 1400(b). A domestic corporation "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).

Under the second prong of § 1400(b), a patent case can be brought in a judicial district where the defendant "has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). There are three requirements for venue premised on this basis: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. *In re Cray Inc.*, 871 F.3d 1355, 1362–63 (Fed. Cir. 2017).

## III.   DISCUSSION

Much of the briefing submitted by Defendants addresses the convenience analysis under *Volkswagen I* and *Volkswagen II*. (*See* Dkt. Nos. 37, 53). Capella contests the sufficiency of Defendants' showing under the statutory threshold question and urges the Court not to reach the convenience analysis. For clarity, the Court reproduces the entirety of Defendants' arguments on personal jurisdiction and venue here. In their Motion to Transfer, Defendants argue as follows:

> Capella could have brought this action in NDCA, which would have subject-matter jurisdiction over patent-infringement actions under 28 U.S.C. §§ 1331, 1338. Each Defendant is either qualified to do business in California, operates part of their business from Sunnyvale, and/or has several C-suite executives based in Sunnyvale. *See* § 1400(b); Guo Decl. ¶¶ 19-22, 25; Guske Decl., Exs. 53-57; Dkt. 1 ¶¶ 2-12, 18-19 (conceding venue for all Defendants is based, in part, on regular

4

> and established place of business of Infinera). The Accused Infinera Products have been offered for sale in many states, including in California. Guo Decl. ¶ 10. Defendants are each subject to personal jurisdiction in NDCA for purposes of this action. 28 U.S.C. §§ 1391(b)-(d).

(Dkt. No. 37, at 10–11). In their Reply brief, Defendants provide the following additional argument:

> Unable to overcome the facts demonstrating that NDCA is the far more convenient forum for this case, Capella pivots to a jurisdiction and venue attack. But the facts show that NDCA has jurisdiction and venue and that California is the only appropriate forum here.
>
> For example, Defendants demonstrated that (1) Infinera Corp. is headquartered in Sunnyvale, California, (2) by virtue of Infinera's acquisition, each Defendant has corporate records showing they operate part of their business from physical office space in Sunnyvale, (3) each has several C-suite executives operating the business from Sunnyvale, (4) four of the five (all but Tellabs Inc.) are registered to do business in California, (5) two (Coriant USA and Tellabs Ops) previously consented to jurisdiction in California for the First-Wave Case and Capella did not challenge jurisdiction and venue, (6) the accused products have been sold or offered for sale in NDCA, and (7) the Complaint alleges that each has committed acts of infringement throughout the United States. This is more than sufficient to demonstrate personal jurisdiction over and venue for each Defendant in California. *See, e.g.*, *Motiva LLC v. Nintendo Co*, No. 6:08 CV 429, 2009 WL 1882836, at *2 (E.D. Tex. June 30, 2009), *overruled on other grounds by Nintendo*, 589 F.3d 1194; *KCI Newport, Inc. v. Smoke Tokes, LLC*, No. CV 15-07694, 2016 WL 2885859, at *4 (C.D. Cal. May 17, 2016); *Mateer v. Interocean Am. Shipping Corp.*, No. C 06-01642 WHA, 2006 WL 997248, at *4-5 (N.D. Cal. Apr. 17, 2006); *SEVEN Networks LLC v. Google LLC*, No. 2:17-cv-442, Dkt. No. 235 at 8-9 (E.D. Tex. July 18, 2018).
>
> Capella makes no showing that any of the Defendants do not have adequate jurisdiction and venue in NDCA, and its superficial attack on jurisdiction and venue should be rejected.

(Dkt. No. 53, at 5). This is the sum total of what Defendants provide for the threshold issue under § 1404(a). As discussed below, the Court agrees with Capella that Defendants' meager showing of personal jurisdiction and venue in the transferee court falls short of what precedent demands. First, however, the Court addresses Defendants' responses to Capella's "procedural challenges." (*Id.*).

5

### A. The Burden to Establish That A Case Might Have Been Brought in the Transferee Court Falls on the Movant.

Defendants argue that Capella's attacks on jurisdiction and venue should be rejected because Capella is "[u]nable to overcome the facts demonstrating that NDCA is the far more convenient forum." (*Id.*). This puts the cart before the horse. Proving that the transferee forum has subject-matter jurisdiction, personal jurisdiction, and proper venue is an explicit statutory requirement of the movant—not the respondent. It is also a threshold question. *See Volkswagen I*, 371 F.3d at 203 ("[W]e have suggested that the *first determination* to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." (emphasis added)); *Volkswagen II*, 545 F.3d at 312 ("The *preliminary question* under § 1404(a) is whether a civil action "might have been brought" in the destination venue." (emphasis added)).

The convenience analysis involves the careful weighing and balancing of the *forum nonconveniens* factors—a task committed to the discretion of the District Court. *Id.* at 312. However, it is a separate and subsequent requirement from the moving party showing that the case could have properly been brought in the transferee forum. This distinction is made explicit in the text of § 1404(a). There is no sliding scale, where more convenience diminishes the showing required for jurisdiction and venue. Rather, the movant must satisfy *both* the statutory requirements *and* clearly demonstrate that the transfer is clearly more convenient. *Id.* at 315. If it has not been shown that the transferee court could hear the case, the Court has no ability to transfer, regardless of how convenient or inconvenient the transfer might be. *See Hoffman*, 363 U.S. at 340.

Defendants argue that "Capella makes no showing" that Defendants are not subject to jurisdiction and venue in California. (Dkt. No. 53, at 5). This means nothing because Capella is not required to disprove jurisdiction or venue. The case law is clear that the burden to establish

that the transferee forum has jurisdiction and venue falls on the movant—just as it does with proving convenience. *See Volkswagen II*, 545 F.3d at 315 ("a *moving party* . . . must satisfy the statutory requirements and clearly demonstrate that a transfer is [for convenience]" (emphasis added)); *see also Humble Oil*, 321 F.2d at 56 ("But, of course, *he who seeks the transfer* must show good cause." (emphasis added)). While in other cases the threshold question is often undisputed, this does not obviate the movant's burden—as here—when it is not.

While some might say it is unusual to require a defendant to prove that it is subject to jurisdiction and venue, such is clearly what the rules require. Yet, to shift this burden to the plaintiff in this scenario would entirely obviate the "where it might have been brought" language in § 1404(a). The movant is always unopposed to transfer, and the statute does not impose this same requirement on motions "to which all parties have consented." § 1404(a); *see also Hoffman*, 363 U.S. at 343–44 ("the power of a District Court under s 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff."). Defendants' attempt to shift the burden to Capella on this threshold question runs directly counter to the statute and must fail.

      **B.**    **Defendants Have Not Shown That They Are Subject to Personal Jurisdiction in the Northern District of California.**

As mentioned above, California's long-arm statute is coextensive with the United States Constitution, so the personal jurisdiction inquiry focuses on due process. In the Motion to Transfer, Defendants do not explain whether their personal jurisdiction theory is general or specific. Oddly, they cite 28 U.S.C. § 1391, the venue statute for non-patent civil cases. During oral argument,

Defendants clarified that their theory is premised on specific jurisdiction.² (*See* Transcript, Dkt. No. 98 at 13:15–15:11).

In their briefing, Defendants cite seven facts as supporting the exercise of personal jurisdiction by the California court. Defendants argue that (1) Infinera is headquartered in Sunnyvale, California; (2) Defendants operate part of their business from Infinera's Sunnyvale headquarters; (3) Defendants each have employees operating their business from Sunnyvale; (4) four of five Defendants are registered to do business in California; (5) two Defendants consented to personal jurisdiction in California in previous litigation; (6) the Accused Products have been sold in California; and (7) the complaint alleges acts of infringement throughout the United States. (Dkt. No. 53 at 5; *see also* Dkt. No. 37 at 10 ("The Accused Infinera Products have been offered for sale in many states, including in California."))._³ As will be shown, these facts do not constitute a proper showing of personal jurisdiction.

The first fact cited by Defendants—the location of Infinera's headquarters—does not meet the burden. While it may establish that Infinera is subject to personal jurisdiction in California, it does nothing to establish personal jurisdiction as to the Subsidiary Defendants.

The second, third, and fourth facts cited by Defendants are insufficient to establish specific personal jurisdiction over any of them. The Supreme Court has held that the contacts giving rise to specific jurisdiction must arise from or relate to the claim at issue. *Bristol-Myers Squibb*, 137 S. Ct. at 1780 (2017). Defendants have not explained how general operations in California, the

---

[2] While Defendants did not argue general jurisdiction, the Court notes in passing that it is unlikely they would be able to properly establish general jurisdiction. Each of Defendants is incorporated in the State of Delaware. (Guo Decl., Dkt. No. 37-2, at ¶¶ 18–22). No evidence has been presented that would permit the Court to adduce that each of Defendants has its principal place of business in California. While Infinera has its headquarters in Sunnyvale, CA, there is scant evidence regarding the business operations of the Subsidiary Defendants. In fact, at least one of the Subsidiary Defendants (Tellabs Inc.) is a holding company. (*Id.* ¶ 19). Another Subsidiary Defendant (Coriant (USA) Inc.) appears to have its principal place of business in Texas. (*See* Dkt. No. 50, at 4).

[3] Defendants do not indicate which facts are alleged to support personal jurisdiction, which support venue, and which support both. Nonetheless, the Court is not persuaded that this set of facts properly establishes either.

presence of employees (even executives) in California, or registration to do business in California arise from or relate to the instant claims of patent infringement. The seventh fact—acts of infringement throughout the United States—does not demonstrate any specific contacts with California that would invoke the benefits or protections of its laws. *See J. McIntyre Mach. Co. v. Nicastro*, 564 U.S. 873, 884 (2011) ("[P]ersonal jurisdiction requires a forum-by-forum, or sovereign-by-sovereign, analysis.").

The fifth fact—that two Defendants had previously consented to suit in California—is also insufficient to establish personal jurisdiction. Consenting to suit in a forum once does not operate as a permanent waiver of personal jurisdiction in all future suits.

The sixth fact—the sale of Accused Products in California—though possibly plausible—still falls short. Defendants have not connected this fact to each of them in a way that clearly establishes which entities have contacts with California. For example, at least one of the Subsidiary Defendants (Tellabs Inc.) is a holding company that "does not provide any products or services." (Guo Decl., Dkt. No. 37-2, at ¶ 19). More generally, it is not true that the mere presence of the Accused Products in California, without a showing of more, furnishes personal jurisdiction. *See McIntyre*, 564 U.S. at 882 (plurality op.); *Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228–29 (9th Cir. 2011) (requiring a targeting of the forum state under a stream-of-commerce theory).

These seven facts raised by Defendants establish, at most, that Infinera may be subject to personal jurisdiction in the Northern District of California. They do not establish the same for the Subsidiary Defendants. To the extent Defendants try to rely on imputing Infinera's contacts to the Subsidiary Defendants or assert some sort of joint enterprise theory (*see, e.g.*, Transcript, Dkt. No. 98 at 16:2–9), the Supreme Court has held that this is tantamount to piercing the corporate veil.

*Goodyear*, 564 U.S. at 913. No effort at veil piercing has been undertaken here. Without more, Infinera's contacts with California cannot create personal jurisdiction over its subsidiaries. Accordingly, the Court concludes that Defendants have not shown that Northern District of California would have personal jurisdiction over each of them.

### C. Defendants Have Not Shown That Venue is Proper in the Northern District of California.

Defendants raise the same seven facts discussed above to support venue. As with personal jurisdiction, the Court is not persuaded that this set of facts properly establishes proper venue in the Northern District of California.

As noted, all Defendants are incorporated within the State of Delaware. None of Defendants reside in the Northern District of California within the meaning of § 1400(b). *See TC Heartland*, 137 S. Ct. at 1521. Venue can only be proper in the Northern District of California if Defendants have a regular and established place of business in that district. There are three requirements for venue under the regular-and-established-place-of-business prong. First, there must be a physical place in the district. *Cray*, 871 F.3d at 1362–63. Second, it must be a regular and established place of business. *Id.* Third, it must be the place of the defendant. *Id.*

As with personal jurisdiction, Defendants have established, at most, that venue may be proper for Infinera in the Northern District of California. The evidence shows that each Subsidiary Defendant has employees and business operations "in the Infinera office located at 140 Caspian Court, Sunnyvale, CA 94089." (Guo Decl., Dkt. No. 37-2, at ¶¶ 19–22). The third *Cray* factor requires the alleged place of business to be the "a place of *the defendant*." *Cray*, 871 F.3d at 1363 (emphasis in original). The evidence before the Court—Infinera's own declarant acknowledges—is that the Sunnyvale facility is *Infinera*'s place of business, not that of any of the Subsidiary

Defendants. Moreover, the mere presence of Defendants' employees at Infinera's place of business does not give rise to proper venue. This argument was squarely rejected in *Cray*. *Id.*

The remaining facts cited by Defendants are insufficient to establish venue under § 1400(b). Registration to do business in California, prior consent to suit, sale of Accused Products in California, and alleged acts of infringement in the United States do not establish that the Subsidiary Defendants have a regular and established place of business in the Northern District of California. Defendants, therefore, have failed to establish that venue would be proper over this suit in the Northern District of California.

### IV.     CONCLUSION

Defendants have failed to establish that this case could have been originally brought in the Northern District of California. This is Defendants' threshold burden. Such burden having not been met, the Court does not (and by statute—may not) reach the subsequent question of convenience. Accordingly, the Court finds that the Motion to Transfer should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 10th day of February, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE