IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>                Plaintiff<br><br>   v.<br><br>INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.,<br><br>                Defendants. | Civ. No. 2:20-cv-00077 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF COLLATERAL ESTOPPEL ON CERTAIN ISSUES RELATED TO OBVIOUSNESS**

## **TABLE OF CONTENTS**

**Page**

I. ISSUES TO BE DECIDED BY THE COURT .................................................................. 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 1

III. ARGUMENT ........................................................................................................................ 2

    A. Collateral Estoppel Applies to the PTAB's Final Written Decisions ........................ 3

    B. Capella Cannot Relitigate the Prior Art Status of the Smith Patent .......................... 4

    C. Capella Cannot Relitigate the Prior Art's Teachings of Limitations Found in both the '368 and '905 Patents ................................................................................................ 5

    D. Capella Cannot Relitigate that a Person of Ordinary Skill in the Art Would Have Been Motivated to Combine Certain References ........................................................ 6

IV. CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cisco Sys., Inc. v. Capella Photonics, Inc.*,
  No. 20-cv-01858-EMC, 2020 WL 4923697 (N.D. Cal. Aug. 21, 2020) ..................................3

*Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*,
  719 F.3d 1367 (Fed. Cir. 2013)..............................................................................................2

*Ohio Willow Wood Co. v. Alps S., LLC*,
  735 F.3d 1333 (Fed. Cir. 2013)..............................................................................................3

*Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*,
  778 F.3d 1311 (Fed. Cir. 2015).....................................................................................3, 4, 6, 7

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC*,
  751 F.3d 684 (5th Cir. 2014) .................................................................................................3

*XY, LLC v. Trans Ova Genetics*,
  890 F.3d 1282 (Fed. Cir. 2018)..................................................................................3, 4, 5, 6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(a) ........................................................................................................................2

I.  **ISSUES TO BE DECIDED BY THE COURT**

Whether collateral estoppel precludes Capella from relitigating in this case issues already decided against it by the Patent Trial and Appeal Board ("PTAB"). Those issues include (1) the priority date of the U.S. Patent No. 6,798,041 (the "Smith Patent"), (2) the teachings by prior art references of certain claim limitations (identified in Appendix A), and (3) issues related to motivations for a Person of Ordinary Skill in the Art ("POSITA") to combine the prior art (identified in Appendix B).

II. **STATEMENT OF UNDISPUTED MATERIAL FACTS**

Capella is asserting U.S. Patent No. RE47,905 (the "'905 Patent"), which is a reissue of the '368 Patent. *See* Ex. 1. The Patent Trial and Appeal Board ("PTAB") issued three final written decisions in *inter partes* review proceedings against the '368 Patent, finding all of the challenged claims invalid as obvious. *See* Ex. 2 at 43; Ex. 3 at 26; Ex. 4 at 38–39. The Federal Circuit affirmed the PTAB's decisions (*see* Ex. 5 (affirmance); Ex. 6 (mandate)). The Federal Circuit thereafter rejected Capella's petition for a panel rehearing (Ex. 7), and the Supreme Court rejected Capella's petition for certiorari (*see* Ex. 8 at 751).

The claims cancelled by the PTAB include claims 1 and 2 of the '368 Patent. *See* Ex. 2 at 43; Ex. 3 at 26; Ex. 4 at 38–39. Asserted Claims 23 and 24 of the '905 Patent were reissued from claims 1 and 2 of the '368 Patent. *See* Ex. 1. The only changes made to Claims 23 and 24 (compared to Claims 1 and 2) are Capella's narrowing of certain "ports" to "fiber collimator" "ports" in Claim 23. *Compare id.*, Claims 1 and 2, *with id.*, Claims 23 and 24; *see also* Dkt. 22-11 (comparing the claim language).

In its attempts to oppose the *inter partes* review proceedings, Capella relied on testimony from the same validity expert who opines on validity in the present case, Dr. Sergienko. *See* Ex. 9; Ex. 10; Ex. 11; Ex. 12. Both Capella and Dr. Sergienko are of the opinion that—because the

1

Patent and Trademark Office ("PTO") reissued the '905 Patent from the '368 Patent—they can now relitigate the same issues on identical claim limitations in this Court that the PTAB has already decided against Capella:

> The opinion that you're offering in this case contradicts the patent office's previous finding on this issue; correct?
>
> . . .
>
> My opinion is still the same as before, and it is based on the evaluation of the patent existent right now issued patent by the patent office, and during the issue of that patent, all the proceedings we're discussing right now have been considered and evaluated. They were not an obstacle to reissue the patent, and I'm providing an opinion about the valid patent, I consider them -- this document, is a part of the record, but patent -- the reissue of the patent states that my opinion is not contradictory and reissue was after this document.

Ex. 13 at 41:6–42:13. Dr. Sergienko's report contains a number of opinions that contradict issues already decided by the PTAB, including those discussed specifically below. *See generally* Ex. 12. Those issues already decided by the PTAB include (1) the priority date of the Smith Patent (*see, e.g.*, Ex. 2 at 16–21), (2) the teachings by prior art references of certain claim limitations (identified in Appendix A), and (3) issues related to motivations for a POSITA to combine the prior art (identified in Appendix B).

### III.   ARGUMENT

Whether collateral estoppel applies is an issue of law. *E.g.*, *Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, 719 F.3d 1367, 1371 (Fed. Cir. 2013). Summary judgment is appropriate because there is no genuine dispute of material fact that collateral estoppel bars Capella from relitigating issues already decided against it by the PTAB. *See generally id.*; Fed. R. Civ. P. 56(a).

### A.     Collateral Estoppel Applies to the PTAB's Final Written Decisions

"[An] affirmance of an invalidity finding, whether from a district court or the [PTAB], has a collateral estoppel effect on all pending or co-pending actions." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). Collateral estoppel applies regardless of whether *patent claims* are identical: "it is the identity of the *issues* that were litigated that determines whether collateral estoppel should apply." *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013) (citations omitted) (emphasis added) (applying collateral estoppel to a continuation of a previously litigated patent).

This Court in this case has already recognized that the collateral estoppel precludes Capella from attempting to relitigate issues with respect to the '905 Patent that were decided by the PTAB in the final written decisions for the '368 Patent. Dkt. 106 at 6–7 & n.4. The Northern District of California has twice reached the same conclusion. *Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 4923697, at *4–7 (N.D. Cal. Aug. 21, 2020); 2020 WL 7227153, at *2–5 (N.D. Cal. Dec. 8, 2020). Specifically, the PTAB's final written decisions for the '368 Patent have collateral estoppel effect on all issues that (1) are "identical to [an] issue litigated[,]" (2) were "fully and vigorously litigated[,]" (3) were "necessary to support the judgment[,]" and (4) are not subject to special circumstances that would render preclusion inappropriate or unfair." *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015) (applying Fifth Circuit law and quoting *State Farm Mut. Auto. Ins. Co. v. LogistiCare Solutions, LLC,* 751 F.3d 684, 689 (5th Cir. 2014)). Those issues include those discussed specifically below.

Accordingly, the only issues that remain in this case related to whether the prior art renders the Asserted Claims obvious include whether (1) the prior art teaches the new "fiber collimator port" limitations of Claim 23, (2) the prior art teaches limitations that are part of previously

3

unchallenged claims 29, 37, 44 and 45, and (3) any new issues related to motivations to combine that arise from addressing these specific limitations.

### B. Capella Cannot Relitigate the Prior Art Status of the Smith Patent[1]

Capella cannot relitigate the prior art status of the U.S. Patent No. 6,798,041 (the "Smith Patent") because the PTAB rejected the virtually identical arguments that Capella has repackaged into Dr. Sergienko's report. The PTAB found that the Smith Patent was prior art because it was entitled to the date of Provisional Application No. 60/234,683 (the "'683 Provisional"). *See, e.g.*, Ex. 2 at 16–21. The Federal Circuit affirmed the PTAB's judgment (*see* Ex. 5), and that decision is final and non-appealable. *XY*, 890 F.3d at 1294. Despite this preclusive finding, Dr. Sergienko opines that the Smith Patent is *not* entitled to the date of the '683 Provisional. *See* Ex. 12 at 22–25 (¶¶ 89–94) & 26 (¶¶ 98–99).

Therefore, this identical issue was litigated before the PTAB. This issue was also "fully and vigorously litigated," given that Capella filed a response in the IPR with a declaration from Dr. Sergienko (*see* Ex. 9), appealed the PTAB's judgment to the Federal Circuit (*see* Ex. 5), requested a panel rehearing (*see* Ex. 7), and petitioned the Supreme Court for certiorari (*see* Ex. 8). Accordingly, collateral estoppel bars Capella from attempting to relitigate the prior art status of the Smith Patent, through Dr. Sergienko's testimony or otherwise. *See, e.g.*, *XY*, 890 F.3d at 1294; *Soverain Software LLC*, 778 F.3d at 1315.

---

[1] This Court has already recognized that collateral estoppel bars Capella from relitigating the prior art status of the Smith Patent. *See* Dkt. 106 at 6–7 & n.4. Capella apparently disagrees with the Court's finding but—rather than following the Court's order or filing a motion for reconsideration—has decided to continue pursuing this theory. *See* Ex. 12 at 22–25 (¶¶ 89–94) & 26 (¶¶ 98–99).

### C. Capella Cannot Relitigate the Prior Art's Teachings of Limitations Found in both the '368 and '905 Patents

Capella cannot challenge the prior art's teachings of limitations found in both the '368 and '905 Patents because the PTAB already found that the prior art taught those limitations. The PTAB found claims 1 and 2 of the '368 Patent invalid as obvious in view of various combinations of the Smith Patent, U.S. Patent No. 6,498,872 to Bouevitch et all. (the "Bouevitch Patent"), U.S. Patent No. 5,661,591 to Lin et al. (the "Lin Patent"), U.S. Patent No. 6,011,884 to Dueck et al. (the "Dueck Patent"), U.S. Patent No. 6,442,307 to Carr et al. (the "Carr Patent"), and U.S. Patent No. 6,625,340 to Sparks et al. (the "Sparks Patent"). The Federal Circuit affirmed the PTAB's judgments, and those decisions are final and non-appealable. *XY*, 890 F.3d at 1294. The only changes made to these claims are Capella's narrowing of certain "ports" to "fiber collimator" "ports." *Compare* Ex. 1, Claims 1 and 2, *with id.*, Claims 23 and 24. Accordingly, the only limitations that Capella can litigate for Claims 23 and 24 with respect to these references in this case are "*fiber collimator*" "ports." Capella is specifically precluded from attempting to relitigate whether the prior art references taught the remaining claim limitations, as identified in Appendix A.

Defendants' motion on this issue is necessary because—despite the fact that the PTAB has already rejected Capella's and Dr. Sergienko's arguments that the prior art teaches identical claim limitations—Capella and Dr. Sergienko intend to relitigate these same issues before this Court. For example, Dr. Sergienko argues that the Smith Patent fails to disclose "beam-deflecting elements" that are "continuously controllable in two dimensions" (*see* Ex. 12 at 28–29 (¶¶ 106–09), despite the PTAB having already decided this very issue (*see* Ex.2 at 23–28). As another example, Dr. Sergienko argues that the Bouevitch Patent fails to disclose "beam-deflecting

5

elements" that are "continuously controllable" (*see* Ex. 12 at 72 (¶ 263), despite the PTAB having already decided this issue (*see, e.g.*, Ex. 2 at 23–28; Ex. 3 at 16 & 23–24; Ex. 4 at 20–25).

Therefore, these identical issues were litigated before the PTAB. These issues were also "fully and vigorously litigated," given that Capella filed responses in the IPRs with declarations from Dr. Sergienko (*see* Ex. 9; Ex. 10; Ex. 11), appealed the PTAB's judgments to the Federal Circuit (*see* Ex. 5), requested a panel rehearing (*see* Ex. 7), and petitioned the Supreme Court for certiorari (*see* Ex. 8). Accordingly, collateral estoppel bars Capella from attempting to relitigate the whether the Smith, Bouevitch, Lin, Dueck Carr and Sparks Patents teach certain claim limitations found in the Asserted Claims of the '905 Patent, as identified in Appendix A, through Dr. Sergienko's testimony or otherwise. *See, e.g.*, *XY*, 890 F.3d at 1294; *Soverain Software LLC*, 778 F.3d at 1315.

### D. Capella Cannot Relitigate that a Person of Ordinary Skill in the Art Would Have Been Motivated to Combine Certain References

Capella cannot relitigate whether a POSITA would have been motivated to combine certain references because the PTAB already found that a POSITA would have been so motivated. For the same reasons, Capella cannot relitigate various arguments it raised to the PTAB for why a POSITA would have *not* been so motivated. For example, the PTAB found that a POSITA would have been motivated to (1) combine the Bouevitch, Smith, and Lin Patents (*e.g.*, Ex. 2 at 33), (2) combine the Bouevitch and Carr Patents (*e.g.*, Ex. 3 at 22–23), (3) combine the Bouevitch and Sparks Patents (*e.g.*, *id.* at 25–26), and (4) combine the Bouevitch, Sparks, and Lin Patents (*e.g.*, Ex. 4 at 30). Additional issues already decided by the PTAB related to motivations to combine that Capella cannot relitigate are identified in Appendix B. The Federal Circuit affirmed the PTAB's judgments, and those decisions are final and non-appealable. *XY*, 890 F.3d at 1294.

Defendants' motion on this issue is necessary because—despite the fact that the PTAB has already rejected Capella's and Dr. Sergienko's arguments related to motivations to combine—Capella and Dr. Sergienko intend to relitigate these same issues before this Court. For example, Dr. Sergienko argues that "a POSA would not have combined Bouevitch with Smith, Carr, Sparks, and any other similar reference (*see, e.g.*, Ex. 12 at 72 (¶ 264), despite the PTAB having already decided this issue (*e.g.*, Ex. 2 at 33; Ex. 3 at 22–23 & 25–26; Ex. 4 at 30). As another example, Dr. Sergienko argues that Bouevitch teaches away from misalignment or angular displacement (*see, e.g.*, Ex. 12 at 75–76 (¶¶ 273–77) despite the PTAB having already decided this issue (*e.g.*, Ex. 2 at 32; Ex. 3 at 18–20; Ex. 4 at 28).

Therefore, these identical issues were litigated before the PTAB. These issues were also "fully and vigorously litigated," given that Capella filed responses in the IPRs with declarations from Dr. Sergienko (*see* Ex. 9; Ex. 10; Ex. 100), appealed the PTAB's judgments to the Federal Circuit (*see* Ex. 5), requested a panel rehearing (*see* Ex. 7), and petitioned the Supreme Court for certiorari (*see* Ex. 8). Accordingly, collateral estoppel bars Capella from attempting to relitigate issues related to motivations to combine, including those identified in Appendix B, through Dr. Sergienko's testimony or otherwise. *See, e.g.*, *XY*, 890 F.3d at 1294; *Soverain Software LLC*, 778 F.3d at 1315.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court enter summary judgment that Capella cannot relitigate issues already decided against it by the PTAB, including (1) the priority date of the Smith Patent, (2) the teachings by prior art references of certain claim limitations (identified in Appendix A), and (3) issues related to motivations to combine the prior art (identified in Appendix B).

Dated: April 26, 2021

Respectfully submitted,

By: */s/ Kurt Pankratz*
Kurt Pankratz (TX SBN 24013291)
Email: kurt.pankratz@bakerbotts.com
Melissa Muenks (TX SBN 24097442)
Email: melissa.muenks@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: (214) 953-6500
Facsimile: (214) 953-6503

Sarah J. Guske (CA SBN 232467)
Email: sarah.guske@bakerbotts.com
BAKER BOTTS LLP
101 California Street, Suite 3600
San Francisco, TX 94111-5843
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

John Fredrick Gaustad (CA SBN 279893)
*Pro Hac Vice*
Email: john.gaustad@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA 94301
Telephone: (650) 739-7500
Facsimile: (650) 739-7699

Lauren J. Dreyer (DC 1007189)
*Pro Hac Vice*
Email: lauren.dreyer@bakerbotts.com
BAKER BOTTS LLP
700 K Street NW
Washington, DC 20001
Telephone: (202) 639-7700
Facsimile: (202) 639-7890

*Attorneys for Defendants, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2021.

               By: */s/ Kurt Pankratz*
                  Kurt Pankratz