# EXHIBIT 10

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

FUJITSU NETWORK COMMUNICATIONS, INC.
Petitioner

v.

CAPELLA PHOTONICS, INC.
Patent Owner

_____

Case IPR2015-00726
Patent RE42,368 E

_____

**DECLARATION OF DR. ALEXANDER V. SERGIENKO
IN SUPPORT OF THE PATENT OWNER RESPONSE**

*Mail Stop "Patent Board"*
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Capella 2033
Fujitsu v. Capella
IPR2015-00726

Capella_Infinera_000052374

Case IPR2015-00726
Patent RE42,368 E

# Table of Contents

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | QUALIFICATIONS | 1 |
| III. | INFORMATION CONSIDERED FOR THIS DECLARATION | 4 |
| IV. | OVERVIEW OF THE LAW USED FOR THIS DECLARATION | 10 |
| | A. Level of Skill in the Art | 11 |
| | B. Obviousness | 12 |
| | C. Obviousness to Combine | 14 |
| | D. Claim Construction | 15 |
| V. | INSTITUTED GROUNDS | 15 |
| VI. | TECHNOLOGY | 15 |
| | A. General Overview | 15 |
| | B. Use of Circulators at the Time of the Invention | 21 |
| | C. Use of MEMS Switches at the Time of the Invention | 25 |
| | D. Optical Components at the Time of the Invention | 26 |
| VII. | OVERVIEW OF THE '368 PATENT AND APPLIED REFERENCES | 29 |
| | A. The '368 Patent | 30 |
| | B. Bouevitch | 39 |
| |     1. Bouevitch's Fig 11 Has Only 2 Ports and Therefore Needs a Circulator | 39 |
| |     2. Bouevitch Discloses Two Distinct 2 Modifying Means | 41 |
| |     3. Bouevitch's Figure 11 Does Not Control Power | 52 |
| | C. Carr | 53 |
| | D. Sparks | 53 |
| VIII. | INDEPENDENT CLAIM ELEMENTS | 54 |
| | A. Fiber Collimators, Providing an Input Port and a Plurality of Output Ports | 54 |
| IX. | REJECTIONS | 67 |
| | A. Ground 2: Bouevitch in View of Carr Does Not Render Obvious Claims 1, 2, 5, 6, 9-12, and 15-21. | 67 |
| |     1. Petitioner's Proposed Combination Would Destroy Bouevitch's Principle of Operation. | 68 |

Capella_Infinera_000052375

        2.    Petitioner's Proposed Combination Would Have Only Been Done Through Impermissible Hindsight ........................ 73

        3.    Bouevitch Does Not Teach Three Ports as Ports are Claimed in the '368 Patent....................................................... 86

        4.    Bouevitch and Carr Do Not Disclose Beam-deflecting Elements That Switch Spectral Channels to any Output Port ............................................................................ 97

   B.    Ground 3: Bouevitch in View of Sparks Does Not Render Obvious Claims 1-4, 17, and 22 ........................................................98

        1.    Petitioner's Proposed Combination Would Have Only Been Done Through Impermissible Hindsight. ....................... 99

        2.    Petitioner's Proposed Combination Would Have Only Been Done Through Impermissible Hindsight ..................... 104

        3.    Bouevitch Does Not Teach Three Ports as Ports are Claimed in the '368 Patent..................................................... 118

        4.    Bouevitch and Sparks Do Not Disclose Beam-deflecting Elements That Switch Spectral Channels to any Output Port .......................................................................... 129

X.    CONCLUSION................................................................................................ 131

Capella_Infinera_000052376

Case IPR2015-00726<br>Patent RE42,368 E

I, Dr. Alexander V. Sergienko, declare as follows:

## I. INTRODUCTION

1. My name is Alexander V. Sergienko. Capella Photonics, Inc. has retained me as an expert witness. I have been asked to provide my expert opinion on the validity of claims 1-6, 9-12, and 15-22 of U.S. Patent No. RE42,368 to Chen et al. ("'368 patent").

2. I am being compensated for my work at a rate of $400 per hour. My compensation is not contingent upon and in no way affects the substance of my testimony.

## II. QUALIFICATIONS

3. I have a Ph.D. in Physics from Moscow State University in 1987 and a Master of Science Degree in Physics from Moscow State University in 1981.

4. I am currently a full professor at Boston University where I hold joint appointments in the Photonics Center, the Department of Electrical and Computer Engineering, and the Department of Physics. My expertise and research interests include optics, photonics, quantum physics, laser physics, nonlinear optics, and precise optical measurement in telecommunication and optical engineering.

5. I have experience and familiarity with the technical areas involved in this case. With over 30 years of research experience in the field of optics, I have

Capella_Infinera_000052377

Case IPR2015-00726<br>Patent RE42,368 E

## X.  CONCLUSION

242. In signing this declaration, I recognize that the declaration will be filed as evidence in a contested case before the Patent Trial and Appeal Board of the United States Patent and Trademark Office. I also recognize that I may be subject to cross-examination in the case and that cross-examination will take place within the United States. If cross-examination is required of me, I will appear for cross-examination within the United States during the time allotted for cross-examination.

Capella_Infinera_000052507

Case IPR2015-00726<br>Patent RE42,368 E

243.  I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that all statements made of my own knowledge are true and that all statements made on information and belief are believed to be true. I understand that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. § 1001).

Executed this 23rd day of December in 2015.

Respectfully submitted,<br><br>*[signature]*<br>Alexander V. Sergienko, Ph.D.

Capella_Infinera_000052508