# EXHIBIT 11

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

———————

JDS UNIPHASE CORPORATION
Petitioner

v.

CAPELLA PHOTONICS, INC.
Patent Owner

———————

Case IPR2015-00731
Patent RE42,368

———————

**DECLARATION OF DR. ALEXANDER V. SERGIENKO
IN SUPPORT OF THE PATENT OWNER RESPONSE**

*Mail Stop "Patent Board"*
Patent Trial and Appeal Board
U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Capella 2022
JDS Uniphase v. Capella
IPR2015-00731

Capella_Infinera_000061082

Case IPR2015-00731
Patent RE42,368

# Table of Contents

I.   INTRODUCTION ...................................................................................................1

II.  QUALIFICATIONS ..............................................................................................1

III. INFORMATION CONSIDERED FOR THIS DECLARATION......................4

IV. OVERVIEW OF THE LAW USED FOR THIS DECLARATION ..................9

    A.  Level of Skill in the Art...............................................................................10

    B.  Obviousness..................................................................................................11

    C.  Claim Construction.....................................................................................14

V.  INSTITUTED GROUNDS .................................................................................14

VI. TECHNOLOGY ..................................................................................................14

    A.  General Overview of OADMs, COADMs, and ROADMs ................14

    B.  Use of Circulators at the Time of the Invention..................................18

VII. THE '368 PATENT AND THE APPLIED REFERENCES ...........................24

    A.  The '678 Patent ...........................................................................................25

        1.  Reconfigurability ...............................................................................25

        2.  Scalability............................................................................................32

        3.  Controllability to Couple Spectral Channels Into the
Output Ports .......................................................................................35

        4.  The Claims ..........................................................................................37

    B.  Bouevitch.....................................................................................................38

        1.  Embodiments Bouevitch Calls Prior Art .....................................39

        2.  Embodiments with a GRIN Lens...........................................47

    C.  Sparks ..........................................................................................................53

    D.  Lin..................................................................................................................56

    E.  Dueck............................................................................................................58

Capella_Infinera_000061083

VIII. THE COMBINATION WOULD NOT HAVE BEEN OBVIOUS.................60

    A.    Petitioner's Proposed Combination Would Have Only Been Done Through Impermissible Hindsight..............60

        1.    Petitioner Relies on Multiple Embodiments of Bouevitch.......61

        2.    Petitioner then Relies on Sparks and Lin.................63

        3.    A POSA Would Have Had No Motivation to Combine the References Absent Hindsight..............64

        4.    A POSA Would Not Have Needed a Two-Axis Mirror in Bouevitch to Perform Switching and Power Control...............69

    B.    Bouevitch Teaches Away from Misalignment for Power Control..............70

    C.    Bouevitch and Sparks Use Different Methods to Control Power..............77

    D.    Dueck's Ruled Diffraction Grating is Incompatible with Bouevitch..............79

IX. BOUEVITCH DOES NOT HAVE ALL OF THE CLAIMED PORTS...............81

    A.    Fiber Collimators, Providing an Input Port and a Plurality of Output Ports..............82

    B.    Bouevitch Does Not Teach Three Ports as Ports That are Claimed in the '368 Patent..............84

    C.    The '368 Patent's Provisional Application is Consistent with the Construction that the Claimed Ports are Not Circulator Ports..............95

X. PETITIONER HAS NOT SHOWN MICROMIRRORS PIVOTABLE ABOUT TWO AXES AND CONTINUOUSLY CONTROLLABLE..............98

XI. INDUSTRY ADOPTION...............103

    A.    The Industry Recognized these Advantages.................103

Case IPR2015-00731
Patent RE42,368

    B.    Experts, Including Petitioner's Expert, Adopted Capella's ROADM Configuration in Their Research ........................................104

XII. REFERENCES IN PROSECUTION ..........................................................110

XIII. CONCLUSION .............................................................................................112

Case IPR2015-00731
Patent RE42,368

    B.    Experts, Including Petitioner's Expert, Adopted Capella's ROADM Configuration in Their Research ........................................104

XII. REFERENCES IN PROSECUTION ..........................................................110

XIII. CONCLUSION .............................................................................................112

Case IPR2015-00731<br>Patent RE42,368

I, Dr. Alexander V. Sergienko, declare as follows:

## I.   INTRODUCTION

1.   My name is Alexander V. Sergienko. Capella Photonics, Inc. has retained me as an expert witness. I have been asked to provide my expert opinion on the validity of claims 1-6, 9-13, and 15-22 of U.S. Patent No. RE42,368 to Chen *et al.* ("'368 patent").

2.   I am being compensated for my work at a rate of $400 per hour. My compensation is not contingent upon and in no way affects the substance of my testimony.

## II.   QUALIFICATIONS

3.   I received my Ph.D. in Physics from Moscow State University in 1987 and my Master of Science Degree in Physics from Moscow State University in 1981.

4.   I am currently a full professor at Boston University where I hold joint appointments in the Photonics Center, the Department of Electrical and Computer Engineering, and the Department of Physics. My expertise and research interests include optics, photonics, quantum physics, laser physics, nonlinear optics, and precise optical measurement in telecommunication and optical engineering.

5.   I have experience and familiarity with the technical areas involved in this case. With over 30 years of research experience in the field of optics, I have

Capella_Infinera_000061086

## XIII. CONCLUSION

223. In signing this declaration, I recognize that the declaration will be filed as evidence in a contested case before the Patent Trial and Appeal Board of the United States Patent and Trademark Office. I also recognize that I may be subject to cross-examination in the case and that cross-examination will take place within the United States. If cross-examination is required of me, I will appear for cross-examination within the United States during the time allotted for cross-examination.

224. I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that all statements made of my own knowledge are true and that all statements made on information and belief are believed to be true. I understand that willful false statements and the like are punishable by fine or imprisonment, or both (18 U.S.C. § 1001).

225. Executed this __1__ day of _Dec_ in 2015.

Respectfully submitted,

*Alex. Sergienko*

Alexander V. Sergienko, Ph.D.