# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Civ. No. 2:20-cv-00077 |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF (1) NO INFRINGEMENT OF THE ASSERTED CLAIMS UNDER THE DOCTRINE OF EQUIVALENTS AND (2) NO LITERAL INFRINGEMENT OF CLAIM 29**

## **TABLE OF CONTENTS**

I. ISSUES TO BE DECIDED BY THE COURT ................................................................. 3

II. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 3

III. LEGAL STANDARDS .................................................................................................... 4

IV. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DO NOT INFRINGE ANY ASSERTED CLAIM UNDER THE DOCTRINE OF EQUIVALENTS .................................................................................................................. 4

V. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DO NOT LITERALLY INFRINGE CLAIM 29 ........................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Advanced Steel Recovery, LLC v. X-Body Equipment, Inc.*,
    808 F.3d 1313 (Fed. Cir. 2015) ......................................................................................... 4

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ........................................................................................................... 4

*Arthur A. Collins, Inc. v. N. Telecom Ltd.*,
    216 F.3d 1042 (Fed. Cir. 2000) ......................................................................................... 6

*London v. Carson Pirie Scott & Co.*,
    946 F.2d 1534 (Fed. Cir. 1991) ..................................................................................... 4, 6

*Masson v. New Yorker Magazine, Inc.*,
    501 U.S. 496 (1991) ........................................................................................................... 4

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
    475 U.S. 574 (1986) ........................................................................................................... 4

*Network Commerce, Inc. v. Microsoft Corp.*,
    422 F.3d 1353 (Fed. Cir. 2005) ......................................................................................... 5

*Phillips Petroleum Co. v. Huntsman Polymers Corp.*,
    157 F.3d 866 (Fed. Cir. 1998) ........................................................................................... 6

*Tex. Instruments v. Cypress Semiconductor Corp.*,
    90 F.3d 1558 (Fed. Cir. 1996) ........................................................................................... 5

*Zelinski v. Brunswick Corp.*,
    185 F.3d 1311 (Fed. Cir. 1999) ......................................................................................... 6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c) ................................................................................................................. 4

I.       ISSUES TO BE DECIDED BY THE COURT

Whether there is a genuine dispute of material fact that (1) no Asserted Claim is infringed under the doctrine of equivalents or (2) Claim 29 of U.S. Patent No. RE47,905 ("the ''905 Patent") is not literally infringed.

II.      STATEMENT OF UNDISPUTED MATERIAL FACTS

Capella has asserted Claims 23-24, 29, 37, 44 and 45 of the '905 against Defendants, supported by an expert report submitted by Dr. Wayne H. Knox. *See* Ex. 1 at 3 (¶ 2). Capella alleged infringement under the doctrine of equivalents in both its Complaint (*see* Dkt. 1 at 18) and its Preliminary Infringement Contentions (*see* Ex. 2 at 4–5). Capella did not disclose support for any doctrine of equivalents theory during fact discovery, stating instead that it would "provide its theories of infringement under the doctrine of equivalents in connection with expert discovery[.]" Ex. 3 at 27–28. Dr. Knox's report does not discuss *any* theory of infringement under the doctrine of equivalents or provide any evidence in support thereof. *See* Ex. 1 (Dr. Knox's Infringement Report) at 69, ¶ 94 (noting that Exhibit C contains Dr. Knox's infringement charts); Ex. 4 (Exhibit C pt. 1 to Dr. Knox's Infringement Report) at 1–26 (failing to discuss the doctrine of equivalents); Ex. 5 (Exhibit C pt. 1 to Dr. Knox's Infringement Report) at 1–14 (same).

Claim 29 of the '905 Patent explicitly requires "alignment mirror**s**" (plural). *See* Ex. 6, Claim 29. Dr. Knox identifies only a **single** "mirror" in the Accused Instrumentalities as allegedly satisfying Claim 29. *See* Ex. 4 at 10–11 ("mirror"), 23 ("spherical mirror"); Ex. 5 at 11 ("spherical mirror"), 12 (same). Claim 29 of the '905 Patent also requires that these "alignment mirrors" are "for adjusting alignment of said input and output multi-wavelength optical signals and said second spectral channels with said wavelength-selective device." *See* Ex. 6, Claim 29. Dr. Knox provides no analysis about how the identified single mirror satisfies these remaining claim limitations, and instead simply repeats the claim language near-verbatim. *See* Ex. 4 at 10–11, 23; Ex. 5 at 11, 12.

3

Capella has presented no evidence aside from Dr. Knox's report that Claim 29 is literally infringed. *See generally* Ex. 2 at 8 (alleging infringement of Claim 29 only "[o]n information and belief").

### III.  LEGAL STANDARDS

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must draw all reasonable inferences in favor of the non-moving party. See *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991); *see also Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986). However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *See Matsushita*, 475 U.S. at 588. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial'" and summary judgment is thus warranted. *See id.* at 587. Thus, the existence of a mere scintilla of evidence in support of the opposing party's position will not prevent entry of summary judgment; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Regarding patent infringement, "summary judgment of non-infringement is proper when no reasonable jury could find that every limitation recited in a properly construed claim is found in the accused device either literally or under the doctrine of equivalents." *Advanced Steel Recovery, LLC v. X-Body Equipment, Inc.*, 808 F.3d 1313 (Fed. Cir. 2015). "There can be no infringement as a matter of law if a claim limitation is totally missing from the accused device." *London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1538 (Fed. Cir. 1991).

### IV.  THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DO NOT INFRINGE ANY ASSERTED CLAIM UNDER THE DOCTRINE OF EQUIVALENTS

Capella alleged infringement under the doctrine of equivalents in both its Complaint (*see* Dkt. 1 at 18) and its Preliminary Infringement Contentions (*see* Ex. 2 at 4–5). Capella did not

disclose any support for any doctrine of equivalents theory during fact discovery, stating instead that it would "provide its theories of infringement under the doctrine of equivalents in connection with expert discovery[.]"Ex. 3 at 27–28. Dr. Knox's report, however, fails to discuss *any* theory of infringement under the doctrine of equivalents or provide any evidence in support thereof. *See* Ex. 1 (Dr. Knox's Infringement Report) at 69, ¶ 94 (noting that Exhibit C contains Dr. Knox's infringement charts); Ex. 4 (Exhibit C pt. 1 to Dr. Knox's Infringement Report) at 1–26 (failing to discuss the doctrine of equivalents); Ex. 5 (Exhibit C pt. 1 to Dr. Knox's Infringement Report) at 1–14 (same). Accordingly, there is *no* evidence in this case of infringement under the doctrine of equivalents, much less the requisite "particularized testimony and linking argument" on a "limitation-by-limitation basis" with respect to any alleged (1) "insubstantially of . . . differences" or (2) alleged satisfaction of "the function, way, result test[.]" *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1362–63 (Fed. Cir. 2005) (quoting *Tex. Instruments v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)). Defendants respectfully request that the Court grant summary judgment of non-infringement under the doctrine of equivalents. *See, e.g.*, *id.* (affirming summary judgment of non-infringement under the doctrine of equivalents in view of a deficient expert declaration).[1]

## V. THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT DEFENDANTS DO NOT LITERALLY INFRINGE CLAIM 29

Summary judgment of no literal infringement of Claim 29 is proper for two reasons: (1) there is no evidence that the Accused Instrumentalities have the requisite "alignment mirror**s**" (plural), and (2) the only purported evidence supporting the remaining limitations is conclusory expert testimony that merely repeats the claim limitations near-verbatim.

---

[1] Unlike *Network Commerce*, the expert declaration in this case is not merely "generalized" such that it fails to "provide particularized testimony and linking argument on a limitation-by-limitation basis." *See id.* There is simply no analysis at all under the doctrine of equivalents.

5

Claim 29 explicitly requires "alignment mirror**s**" (plural), and Dr. Knox omitted these limitations of Claim 29 from his analysis entirely:

| **Claim 29** | **Dr. Knox's Recitation of Claim 29** |
|---|---|
| 29. The optical add-drop apparatus of claim 23 further comprising **alignment mirrors for** adjusting alignment of said input and output multi-wavelength optical signals and said second spectral channels with said wavelength-selective device.<br><br>Ex. 6 ('905 Patent), Claim 29 (emphasis added). | 29. The optical add-drop apparatus of claim 23 further comprising adjusting alignment of said input and output multi-wavelength optical signals and said second spectral channels with said wavelength-selective device.<br><br>Ex. 4 at 10–11, 23; Ex. 5 at 11, 12. |

Dr. Knox identifies only a **single** "mirror" in the Accused Instrumentalities as allegedly satisfying Claim 29. *See* Ex. 4 at 10–11 ("a mirror"), 23 ("a spherical mirror"); Ex. 5 at 11 ("a spherical mirror"), 12 ("a mirror"). Accordingly, because Claim 29 requires multiple "alignment mirror**s**,"[2] and because Capella has evidence of only a single "mirror" that it alleges would satisfy this claim, Defendants respectfully request that the Court grant summary judgment of no literal infringement of Claim 29. *See, e.g.*, *London*, 946 F.2d at 1538.

Additionally, Dr. Knox provides no analysis about how this single mirror satisfies the remaining limitations of Claim 29 (directed to "adjusting alignment"), instead simply repeating the claim language near-verbatim. *See* Ex. 4 at 10–11, 23; Ex. 5 at 11, 12. "[I]t is well settled that an expert's unsupported conclusion on the ultimate issue of infringement is insufficient to raise a genuine issue of material fact," and "[a] party may not avoid that rule by simply framing the expert's conclusion as an assertion that a particular critical claim limitation is found in the accused device." *Arthur A. Collins, Inc. v. N. Telecom Ltd.*, 216 F.3d 1042, 1046 (Fed. Cir. 2000) (citing *Zelinski v. Brunswick Corp.*, 185 F.3d 1311, 1317 (Fed. Cir. 1999); *Phillips Petroleum Co. v.*

---

[2] Claim 29 is not infringed for additional reasons not presented in this motion.

*Huntsman Polymers Corp.*, 157 F.3d 866, 876 (Fed. Cir. 1998)). Accordingly, for this second independent reason, Defendants respectfully request that the Court grant summary judgment of no literal infringement of Claim 29.

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant summary judgment that (1) Defendants do not infringe any asserted claim under the doctrine of equivalents and (2) Defendants do not literally infringe Claim 29 of the '905 Patent.

Dated: April 26, 2021

                        Respectfully submitted,

By:   */s/ Kurt Pankratz*
       Kurt Pankratz (TX SBN 24013291)
       Email: kurt.pankratz@bakerbotts.com
       Melissa Muenks (TX SBN 24097442)
       Email: melissa.muenks@bakerbotts.com
       BAKER BOTTS LLP
       2001 Ross Avenue, Suite 900
       Dallas, TX 75201
       Telephone: (214) 953-6500
       Facsimile: (214) 953-6503

       Sarah J. Guske (CA SBN 232467)
       Email: sarah.guske@bakerbotts.com
       BAKER BOTTS LLP
       101 California Street, Suite 3600
       San Francisco, TX 94111-5843
       Telephone: (415) 291-6200
       Facsimile: (415) 291-6300

       John Fredrick Gaustad (CA SBN 279893)
       *Pro Hac Vice*
       Email: john.gaustad@bakerbotts.com
       BAKER BOTTS LLP
       1001 Page Mill Road
       Building One, Suite 200
       Palo Alto, CA 94301
       Telephone: (650) 739-7500
       Facsimile: (650) 739-7699

       Lauren J. Dreyer (DC 1007189)
       *Pro Hac Vice*
       Email: lauren.dreyer@bakerbotts.com
       BAKER BOTTS LLP
       700 K Street NW
       Washington, DC 20001
       Telephone: (202) 639-7700
       Facsimile: (202) 639-7890

       *Attorneys for Defendants, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2021.

                                              By:   */s/ Kurt Pankratz*
                                                              Kurt Pankratz