IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>     Plaintiff<br><br>  v.<br><br>INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.,<br><br>     Defendants. | Civ. No. 2:20-cv-00077 |

**DECLARATION OF JOHN F. GAUSTAD IN SUPPORT OF DEFENDANTS' MOTION (1) TO STRIKE CAPELLA'S UNTIMELY DISCLOSED PRIORITY DATE OR, IN THE ALTERNATIVE, (2) FOR SUMMARY JUDGMENT THAT THE EARLIEST POSSIBLE PRIORITY DATE OF THE ASSERTED CLAIMS IS MARCH 19, 2001 OR THAT THE KRAMER AND ROSE PATENTS ARE PRIOR ART**

  I, John F. Gaustad, hereby declare as follows:

  1. I am an attorney at the law firm of Baker Botts L.L.P. and am counsel for Defendants Infinera Corporation, Tellabs, Inc. Tellabs Operations, Inc., Coriant America, Inc., and Coriant (USA), Inc. in this lawsuit. I respectfully submit this declaration in support of Defendants' Motion (1) to Strike Capella's Untimely Disclosed Priority Date or, in the Alternative, (2) for Summary Judgment that the Earliest Possible Priority Date of the Asserted Claims is March 19, 2001 or that the Kramer and Rose Patents Are Prior Art. I declare that the following statements are true to the best of my knowledge, information, and belief, formed after a reasonable inquiry under the circumstances.

2. Attached as **Exhibit 1 [FILED UNDER SEAL]** hereto are excerpts from a true and correct copy of Plaintiff Capella Photonics, Inc.'s Disclosure of Asserted Claims and Infringement Contentions to Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. served in the above-captioned case, dated May 25, 2020.

3. Attached as **Exhibit 2** hereto are excerpts from Defendants' First Set of Interrogatories (Nos. 1-20) to Plaintiff Capella Photonics, Inc. served in the above-captioned case, dated October 9, 2020.

4. Attached as **Exhibit 3** hereto are excerpts from a true and correct copy of Plaintiff Capella Photonics, Inc.'s Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1-20) served in the above-captioned case, dated November 9, 2020.

5. Attached as **Exhibit 4** hereto are excerpts from a true and correct copy of correspondence from Infinera's counsel to Capella's counsel regarding Capella's Deficient Document Production and Interrogatory Responses in the above-captioned case, dated November 16, 2020.

6. Attached as **Exhibit 5** hereto are excerpts from a true and correct copy of correspondence from Capella's counsel to Infinera's counsel responsive to the November 16, 2020 letter attached as **Exhibit 4** served in the above-captioned case, dated December 1, 2020.

7. Attached as **Exhibit 6** hereto is a true and correct copy of correspondence from Infinera's counsel to Capella's counsel regarding Capella's Document Production and Written Discovery Responses in the above-captioned case, dated February 26, 2021.

8. Attached as **Exhibit 7** hereto is a true and correct copy of correspondence from Capella's counsel to Infinera's counsel responsive to the February 26, 2021 letter attached as **Exhibit 6** served in the above-captioned case, dated March 4, 2021.

9. Attached as **Exhibit 8** hereto are excerpts from a true and correct copy of the Expert Report of Michael S. Lebby Regarding Invalidity of Asserted Claims of U.S. Patent Nos. RE47,905 and RE47,906 served in the above-captioned case, dated March 15, 2021.

10. Attached as **Exhibit 9** hereto are excerpts from a true and correct copy of the Expert Report of Dr. Alexander V. Sergienko served in the above-captioned case, dated April 5, 2021.

11. Attached as **Exhibit 10** hereto is a true and correct copy of correspondence from Capella's counsel to Infinera's counsel, dated April 12, 2021.

12. Attached as **Exhibit 11** hereto is a true and correct copy of U.S. Patent No. RE47,905.

13. Attached as **Exhibit 12** hereto are true and correct copies of calendars downloaded from www.oldcalendars.com that purport to show the months between November 2000 and March 2001.

14. Attached as **Exhibit 13** hereto is a true and correct copy of U.S. Provisional Application No. 60/277,217.

15. Attached as **Exhibit 14** hereto are excerpts from a true and correct copy of the rough transcript of the deposition of Dr. Alexander Vladimir Sergienko, Ph.D. in the above-captioned case, dated April 15, 2021.

16. Attached as **Exhibit 15** hereto is a true and correct copy of U.S. Patent No. 6,583,934 to Kramer.

17. Attached as **Exhibit 16** hereto is a true and correct copy of U.S. Patent No. 6,978,062 to Rose et al.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 26, 2021                     Respectfully submitted,

/s/ *John F. Gaustad*
John F. Gaustad

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 26, 2021. Sealed exhibits attached to this declaration were promptly served on counsel via e-mail.

By: */s/ John F. Gaustad*
John F. Gaustad

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under Local Rule CV-5(d), exhibits attached to this declaration that were filed under seal were done so pursuant to the Court's Protective Order entered in this matter.

*/s/ John F. Gaustad*
John F. Gaustad