# EXHIBIT 4

**BAKER BOTTS** L.L.P.

| | |
|---|---|
| 1001 PAGE MILL ROAD<br>BUILDING ONE, SUITE 200<br>PALO ALTO, CALIFORNIA<br>94304-1007<br><br>TEL +1 650.739.7500<br>FAX +1 650.739.7699<br>BakerBotts.com | AUSTIN      LONDON<br>BEIJING     MOSCOW<br>BRUSSELS    NEW YORK<br>DALLAS      **PALO ALTO**<br>DUBAI       RIYADH<br>HONG KONG   SAN FRANCISCO<br>HOUSTON     WASHINGTON |

November 16, 2020

John Gaustad
TEL: 6507397517
FAX: 6507397617
john.gaustad@bakerbotts.com

VIA E-MAIL (RBECKER@MANATT.COM)

Robert D. Becker
Manatt, Phelps & Phillips, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111

      Re:    Capella's Deficient Document Production and Interrogatory Responses in *Capella Photonics, Inc. v. Infinera Corp. et al.*, No. 2:20-cv-77-JRG (E.D. Tex.)

Counsel:

      We write regarding the deficiencies in Capella's document production and the discovery responses that Capella served on November 9, 2020, namely (1) Capella's objections and responses to Defendants' October 9, 2020 Requests for Production of Documents and (2) Capella's objections and responses to Defendants' First Set of Interrogatories (Nos. 1–20).

      Pursuant to Section 9(a) of the Discovery Order, please provide times on Tuesday, November 17 and Thursday, November 19, or Friday, November 20 when you are available to meet and confer to discuss how Capella intends to correct these deficiencies.

**I.    CAPELLA'S DEFICIENT DOCUMENT PRODUCTION AND ITS DEFICIENT OBJECTIONS AND RESPONSES TO DEFENDANTS' OCTOBER 9, 2020 REQUESTS FOR PRODUCTION OF DOCUMENTS**

      As an initial matter, Capella states that it intends to produce documents in response to Defendants' October 9, 2020 letter. Capella does not, however, state *when* it intends to produce documents. Capella was required to produce these documents to Defendants "[w]ithout awaiting a discovery request[.]" Dkt. 32, § 3(b). The parties have begun noticing depositions for December, including depositions of individuals involved with the prosecution of Capella's patents. Defendants need these documents immediately to begin preparing for depositions, especially with fact discovery closing on January 19, 2021. Please immediately identify a date certain by which Capella will produce responsive documents and confirm that it will do so reasonably in advance of any forthcoming deposition.

      **A.    Request for Production No. 21**

      Request for Production No. 21 asked Capella to produce "[d]ocuments sufficient to identify and describe any past or future compensation, consideration, or other financial interest in Capella, the Asserted Patents, or any Related U.S. or Foreign Patents, held by any Persons

**BAKER BOTTS** LLP

Robert D. Becker — - 6 - — November 16, 2020

## II. CAPELLA'S DEFICIENT OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1–20)

We have identified the following deficiencies in Capella's Objections and Responses to Defendants' First Set of Interrogatories (Nos. 1–20):

### A. Interrogatory No. 1

Interrogatory No. 1 asked Capella to "[i]dentify and describe all factual and legal bases that support or contradict the priority date You contend that each Asserted Claim is entitled to." Capella asserts that "each claim of the Asserted Claims is entitled to a priority date of no later than March 19, 2001." The only evidence Capella cites in support of this contention is U.S. Provisional Patent Application No. 60/277,217, which Capella appears to have produced as CAPELLA 000599 – 000639. This provisional application by itself gives Capella an earliest possible priority date of March 19, 2001.

Capella has identified no facts or legal bases that would support a priority date earlier than March 19, 2001, such as (1) facts or legal bases of an earlier alleged conception date, (2) facts or legal bases of an earlier alleged actual or constructive reduction to practice date, or (3) facts or legal bases of alleged diligence between any alleged conception date and any alleged actual or constructive reduction to practice date. Accordingly, Infinera understands Capella as identifying an earliest priority date of March 19, 2001. If this is not the case, Capella must immediately identify and describe all requested facts and legal bases. Capella's failure to do so prejudices Defendants' ability to meaningfully undertake a factual investigation and prepare its defenses, particularly given the January 19, 2021 close of fact discovery and deadline for serving opening expert reports. *See, e.g.*, *Lake Cherokee Hard Drive Technologies, L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (Gilstrap, J.) (precluding a contention because the responding party failed to "disclose any. . . theory, facts, documents, or witnesses as the interrogatory requested[,]" and "prejudice[d] [the propounding party] because it deprive[d] [the propounding party] of a meaningful opportunity to conduct fact discovery to test [the responding party's] . . . theory").

### B. Interrogatory No. 2

Interrogatory No. 2 asked Capella to "Identify and describe all factual and legal bases that support or contradict any allegation that a Capella Product practices any claim of any Asserted Patent, including an identification of which claim is practiced by the Capella Product." Capella identified four products—(1) the CR50, (2) the CR100, (3) the WavePath 4500, and (4) the WavePath 9600—and claimed that these were "sold by Capella [and] practice one or more claims of the Asserted Patents[.]"

Capella's response is deficient for a number of reasons, including: (1) failing to identify, on a product-by-product basis, which specific claims of the Asserted Patents it alleges were or were not practiced by these products; (2) failing to identify or describe any factual or legal bases supporting or contradicting any such allegation, including any factual or legal bases

the doctrine of equivalents in connection with expert discovery in this matter." This statement does not even contain a representation that Capella will *provide the information requested by Interrogatory No. 19* during the course of expert discovery.

If Capella intends to assert any theory of infringement under the doctrine of equivalents set forth in its Disclosure of Asserted Claims and Infringement Contentions, served May 25, 2020, and any amendments or supplements thereto, Capella bears the burden of (1) proposing a legally valid hypothetical claim and (2) proving that the hypothetical claim is patentable over the prior art. *See, e.g.*, *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1284–86 (Fed. Cir. 2017). To do so, Capella must provide a complete response to Interrogatory No. 19. Capella's failure to do so prejudices Defendants' ability to meaningfully undertake a factual investigation and prepare its defenses, particularly given the January 19, 2021 close of fact discovery and deadline for serving opening expert reports. *See, e.g.*, *Lake Cherokee Hard Drive Technologies*, 964 F. Supp. 2d at 659.

### T. Interrogatory No. 20

Interrogatory No. 20 asked Capella to "[i]dentify and describe all efforts by You to mark Capella Products with the Asserted Patents, or any other actions undertaken to comply with 35 U.S.C. § 287, whether by Capella or a licensee to any of the Asserted Patents." Rather than provide a response, Capella merely asserts that "the requirements of 35 U.S.C. § 287 were satisfied when Capella sued Infinera for patent infringement in 2014[,]" without providing any legal or factual bases supporting this assertion.

Infinera understands Capella's response to admit that Capella made no efforts to comply with 35 U.S.C. § 287, and that Capella's only basis for arguing that the requirements of 35 U.S.C. § 287 were satisfied only by Capella's 2014 patent infringement lawsuits (which, notably, did not actually involve the Asserted Patents). If this is not the case, Capella must immediately identify and describe all requested facts and legal bases. Capella's failure to do so prejudices Defendants' ability to meaningfully undertake a factual investigation and prepare its defenses, particularly given the January 19, 2021 close of fact discovery and deadline for serving opening expert reports. *See, e.g.*, *Lake Cherokee Hard Drive Technologies*, 964 F. Supp. 2d at 659.

## III. SCOPE OF THE CASE

We understand from Capella's Infringement Contentions that Capella is accusing of infringement only wavelength-selective switches that use (1) MEMs mirrors or (2) Liquid Crystal on Silicon (LCoS). *See, e.g.*, Plaintiff Capella Photonics, Inc.'s Disclosure of Asserted Claims and Infringement Contentions, native pp. 102–104 (May 25, 2020). If this is not the case, please identify (1) where Capella's Infringement Contentions identify other types of WSSs with the requisite specificity and (2) what those other types of WSSs are. *See, e.g.*, P.R. 3-1(c) (requiring the patent owner to serve "[a] chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality").

**BAKER BOTTS** LLP

Robert D. Becker — - 20 - — November 16, 2020

 

                                 Respectfully,

                                 John Gaustad

JG