# EXHIBIT 5

# manatt

**Robert D. Becker**
Manatt, Phelps & Phillips, LLP
Direct Dial:  (415) 291-7616
rbecker@manatt.com

December 1, 2020

**VIA ELECTRONIC MAIL (JOHN.GAUSTAD@BAKERBOTTS.COM)**

John Gaustad, Esq.
BAKER BOTTS, LLP
1001 Page Mill Road, Building One, Suite 200
Palo Alto, CA 94304-1007

> Re:  *Capella Photonics Inc. v. Infinera Corp., et al.*
> Eastern District of Texas Case No. 2:20-cv-00077-JRG

Dear Mr. Gaustad:

I write in response to your letter, dated November 16, 2020, and to follow-up on the parties' discussion regarding those issues during the meet and confer on November 23, 2020. First, we disagree that Capella's discovery and document production has been in any way deficient.  Capella has conducted a reasonable search for relevant documents, and has already produced over 31,000 pages of documents based on our obligations under Paragraph 3 of the Discovery Order in this case.  As you are aware, Capella ceased operations long before the 2014 lawsuit was filed.

In addition to the documents already produced, Capella has obtained a hard drive with legacy documents of the company, and is working diligently to review those documents.  Once that review is completed, we will promptly produce any relevant documents to Infinera found after reasonable search.  We are making every effort to produce these documents by the deadline to substantially complete document production on December 11, 2020.  If it appears we will not be able to meet this deadline, we will let you know next week.

## I.    DOCUMENT PRODUCTION REQUESTS

Your letter outlined a number of individual requests for production that were discussed during the meet and confer.  As we explained during the meet and confer and highlighted in our objections to these requests, most of these requests are exceptionally broad and seek a host of information that is not relevant to this case and that would be extremely burdensome to identify and produce.  For many of these requests, Infinera made no apparent attempt to tie the requests to the claims or defenses in this lawsuit.  In response to our objections during the meet and confer, Infinera repeatedly suggested that the burden should fall on Capella to identify every category of documents that might be responsive to these overly broad requests but which are wholly irrelevant to this case.  Such a procedure would turn the rules of discovery and evidence on their head.  Capella has no obligation to search for and identify every type and category of

# manatt

John Gaustad, Esq.
December 1, 2020
Page 5

"Related Cases" is irrelevant and unduly burdensome.  Capella will not produce documents in response to Request No. 43.

### H.    Request for Production No. 45

Request No. 45 seeks '[a]ll Documents that You use to prepare witnesses for deposition." Capella has already agreed to produce relevant documents in this case, as explained throughout this letter.  And Infinera is free to probe, in compliance with the Federal Rules of Evidence, with any deponent whether the deponent used specific documents to refresh his or her recollection prior to a deposition.  However, Infinera is not entitled to a road map for the depositions by knowing in advance what documents Capella and its counsel may use from the productions of either party or the public record to prepare any given deponent.  To the extent that Capella becomes aware of non-privileged, relevant documents in its possession, custody, or control that have not previously been produced when preparing deponents for deposition, Capella will produce such documents.  However, Capella will not provide Infinera with an identification of every document used to prepare every deponent for deposition, nor should it be required to do so. Capella is not currently withholding any documents that it intends to use to prepare witnesses for deposition.

### I.    Request for Production No. 46

Request No. 46 seeks "[a]ll Documents that You reviewed in preparing interrogatory responses."  Again, Infinera seeks information into Capella's work product and litigation strategy to which it is not entitled.  Relevant documents have been and will continue to be produced in accordance with Capella's obligations under the Discovery Order, but this request seeks Capella's core work product by requiring that Capella identify every document used from either the productions or from the public record when drafting an interrogatory response.  To the extent that Capella becomes aware of non-privileged, relevant documents in its possession, custody, or control that have not previously been produced when preparing interrogatory responses, Capella will produce such documents.  However, Capella will not provide Infinera with an identification of every document relied on in drafting every interrogatory response, nor should it be required to do so. Capella is not currently withholding any documents that it intends to use to provide interrogatory responses.

## II.    INTERROGATORY RESPONSES

### A.    Interrogatory No. 1

Capella has provided its contention and support for the asserted priority date of March 19, 2001.  To the extent Cappella intends to assert an earlier date, we will amend.

# manatt

John Gaustad, Esq.
December 1, 2020
Page 9

Additionally, we understand Defendants are limiting Interrogatory No. 15 to persons identified in response to Interrogatory No. 13, and we understand Interrogatory No. 18 is limited to persons identified in response to Interrogatory No. 15.  With that understanding, Capella will supplement Interrogatory Nos. 15 and 18 based on a reasonable investigation.

## K.      Interrogatory No. 19

As with the other contention interrogatories, Interrogatory No. 19 seeks information that necessarily relies on the forthcoming claim construction as well as expert opinion.  Applicability of doctrine of equivalents requires consideration of the Court's claim construction.  Further, Defendants have not identified which limitations they assert ensnarement for, and until that occurs, it would be premature for Capella to undergo the hypothetical claim construct—which itself is an expert opinion.  Accordingly, Capella's expert will provide his opinion in accordance with the Court's scheduling order, the applicable local rules, and Federal Rules of Civil Procedure.  *See, e.g.*, Discovery Order (Dkt. No. 34) at ¶ 3(c) ("[T]he computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert."); *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-CV-00140-RWS-RSP, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018); *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-CV-01314-JRG-RSP, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017); *Jacobs Chuck Mfg. Co. v. Shandong Weida Mach. Co.*, No. CIV.A. 2:05-CV-185, Dkt. No. 93 (E.D. Tex. Aug. 18, 2006).

## L.      Interrogatory No. 20

As Defendants are aware, "an alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles' subject to § 287." *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017).  Defendants must meet their burden of production before requiring Capella to address marking as it relates to any specific products.  *See Super Interconnect Techs. LLC v. Huawei Device Co. Ltd.*, No. 2:18-cv-462-JRG, ECF No. 74 (E.D. Tex. Nov. 14, 2019); *Freeny v. Fossil Grp., Inc.*, No. 2:18-cv-49-JRG-RSP, ECF No. 207 (E.D. Tex. July 24, 2019).  Further, Capella has already identified the filing of its suit for patent infringement in 2014, thereby satisfying the requirements of 35 U.S.C. §287.

Very truly yours,

Robert D. Becker

327113508