# EXHIBIT 6

**BAKER BOTTS** L.L.P.

| | | |
|---|---|---|
| 1001 PAGE MILL ROAD | AUSTIN | LONDON |
| BUILDING ONE, SUITE 200 | BEIJING | MOSCOW |
| PALO ALTO, CALIFORNIA | BRUSSELS | NEW YORK |
| 94304-1007 | DALLAS | **PALO ALTO** |
| | DUBAI | RIYADH |
| TEL  +1 650.739.7500 | HONG KONG | SAN FRANCISCO |
| FAX  +1 650.739.7699 | HOUSTON | WASHINGTON |
| BakerBotts.com | | |

February 26, 2021

John Gaustad
TEL: 6507397517
FAX: 6507397617
john.gaustad@bakerbotts.com

VIA E-MAIL (RBECKER@MANATT.COM)

Robert D. Becker
Manatt, Phelps & Phillips, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111

Re:   Capella's Document Production and Written Discovery Responses in *Capella Photonics, Inc. v. Infinera Corp. et al.*, No. 2:20-cv-77-JRG (E.D. Tex.)

Counsel:

We write regarding deficiencies in Capella's document production and written discovery responses. Pursuant to Section 9(a) of the Discovery Order, please provide times dates and times during the weeks of March 1 and March 8 when you are available to meet and confer with lead and local counsel to discuss these issues.

### I.    DOCUMENTS NOT YET PRODUCED

Based on our review, there are various documents missing from Capella's document production. Please (1) produce these documents, (2) confirm that these documents do not exist, or (3) let us know why Capella has withheld these documents from production.

1. **Agreements between Capella and Joseph Davis, named inventor and Capella co-founder.** Mr. Davis testified that an agreement between him and Capella was reduced to writing after 2013. *See* Davis Depo. Tr. at 34:2–35:6. Infinera has not located this agreement (or any other agreements between Capella and Joseph Davis) in Capella's document production. Capella must produce this agreement, along with any other agreements that it has or had in place with Joseph Davis.

2. **Documents associated with Jeffrey Wilde, named inventor and Capella co-founder.**

    a. Mr. Wilde testified that he sued Capella after Mr. Davis terminated him. *See* Wilde Depo. Tr. at 122:16–123:1. That lawsuit resulted in a settlement agreement between at least Mr. Wilde and Capella. *See id.* at 129:18–131:10. Capella (or Mr. Wilde, who has a consulting agreement with Capella and is represented by Capella's counsel)

**BAKER BOTTS** LLP

Robert D. Becker — - 2 - — February 26, 2021

      must produce this settlement agreement, along with all documents related to that settlement agreement.

    b. Mr. Wilde testified that he had in his possession Capella documents with Capella proprietary information and that he provided those documents to Capella's counsel. *See* Wilde Depo. Tr. at 23:4–16:1. After reviewing the production Capella served associated with Mr. Wilde, we were not able to identify those documents that Mr. Wilde provided to counsel. If Capella produced these documents as part of other productions, please confirm. If not, Capella (or Mr. Wilde, who has a consulting agreement with Capella and is represented by Capella's counsel) must produce these documents.

3. **Documents related to the valuation of Capella or Capella's patents.** We have reviewed Capella's document production and have not yet located documents related to any valuation of Capella or of Capella's patents. To the extent these documents exist, please produce them.

4. **Documents Sufficient to show the purchase price allocation of the Alcatel-Lucent Purchase Agreement, including the purchase price allocation required by Section 2.3(b) of the Purchase Agreement, as requested in Infinera's RFP No. 75**. We have reviewed Capella's document production and have not yet located the purchase price allocation required by Section 2.3(b) of the Alcatel-Lucent Purchase Agreement or documents otherwise related to the purchase price allocation. Please produce such documents.

5. **Other documents related to the Alcatel-Lucent Purchase Agreement, including drafts.** After reviewing Capella's document production, we also did not locate documents associated with the Alcatel-Lucent Purchase Agreement that we would expect to find within Capella's possession, custody, or control, including drafts and redlines of the agreement, documents describing Capella's goals in entering into the agreement, and communications discussing the agreement. Please produce such documents.

## II.    CAPELLA'S RESPONSES TO INFINERA'S INTERROGATORIES

Infinera put Capella on notice in its November 16, 2020 letter that it is relying on and intends to hold Capella to its interrogatory responses. Given that fact discovery closes in less than three weeks, please immediately provide any supplements to these interrogatory responses. If Capella later tries to rely on any facts or raise any arguments that should have been presented in response to Infinera's interrogatories, Infinera will move to strike. *See, e.g.*, *Lake Cherokee Hard Drive Techs., L.L.C. v. Marvell Semiconductor, Inc.*, 964 F. Supp. 2d 653, 659 (E.D. Tex. 2013) (Gilstrap, J).

**BAKER BOTTS** LLP

Robert D. Becker - 3 - February 26, 2021

**III.     CAPELLA'S RESPONSES TO INFINERA'S REQUESTS FOR ADMISSION**

Infinera put Capella on notice in its February 5th e-mail that Capella had no good-faith basis for denying Infinera's requests for admission directed to public records. Capella's response indicated that Capella simply refused to take any steps to confirm or deny the authenticity of these records. Infinera intends to seek reimbursement from Capella for related attorneys' fees and costs pursuant to at least Rule 37(c)(2), for all efforts it has undertaken and will need to undertake to demonstrate the authenticity of these records.

Infinera has also reviewed Capella's responses to Infinera's non-authentication requests for admission. These responses also contain denials (or failures to admit) that lack any good-faith basis. In perhaps the most egregious example, Capella refuses to admit that the Patent Trial and Appeal Board ("PTAB") found certain claims of U.S. Patent Nos. RE42,368 and RE42,678 obvious. Infinera intends to seek reimbursement from Capella for related attorneys' fees and costs pursuant to at least Rule 37(c)(2) that it has undertaken and will need to undertake to prove that the matters described in the requests for admission are true.

Respectfully,

John Gaustad

JG