# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No. 2:20-cv-00077-JRG |

### CAPELLA PHOTONICS, INC.'S MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORT BY DR. WAYNE KNOX

Capella Photonics, Inc. ("Capella") respectfully moves this Court for leave to serve and rely upon a supplemental expert report of Dr. William Knox on the issue of infringement by Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc (collectively, "Infinera"). The original expert report of Dr. Knox was served as required on Monday, March 15, 2021.

However, Infinera witness Jeffrey Bennett was deposed on Friday, March 12, 2021, and the deposition transcript did not become available until Friday, March 19, 2021—four days after Dr. Knox's original report was served. Dr. Knox attended Mr. Bennett's deposition and included the substance of that deposition in his report as served on March 15, 2021.

Supplementation—specifically, an updated version of the prior Exhibit C—thus became necessary in order to have Mr. Knox's opinions include *citations* to the Bennett deposition transcript (as well to correct certain non-substantive formatting issues).

I.     **RELEVANT FACTS.**

The Court set the deadline to serve opening expert reports as March 15, 2021. Dkt. 85 [Second Amended Docket Control Order]. Capella's damages expert, Dr. Knox, submitted his expert report on infringement issues on that day.

Before then, Capella served a Rule 30(b)(6) notice of deposition on February 11, 2021. Infinera did not designate Mr. Bennett as a witness in response to the notice until March 8, 2021. To accommodate a personal emergency on Mr. Bennett's end, his deposition was scheduled for Friday, March 12, 2021. The transcript for Mr. Bennett's deposition became available on Friday, March 19, 2021. Fortunately, Dr. Knox attended Mr. Bennett's deposition and included the substance of that deposition in his report, as served on March 15, 2021.

On April 5, 2021, Capella served upon Infinera an amended report—specifically, an updated version of Exhibit C—by Dr. Knox that merely contained citations to Mr. Bennett's

deposition transcript, in addition to correcting non-substantive formatting issues therein. Expert discovery closed on April 19, 2021. Dkt. 85.

## II.  LEGAL STANDARD.

The Court uses four factors to determine whether to permit a party to supplement an expert report after the close of expert discovery: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2009 WL 413081, *1-*2 (E.D. Tex. Feb. 18, 2009).

## III.  GOOD CAUSE EXISTS FOR DR. KNOX'S SUPPLEMENTAL DISCLOSURES.

### A.  Because the Transcript for the Bennett Deposition Was Unavailable on the Expert Report Deadline, Dr. Knox's Supplemental Report Simply Adds Citations to Such Testimony.

Good cause exists to allow the supplementation of Dr. Knox's March 15, 2021 infringement report in light of newly available evidence, *i.e.*, the deposition transcript of Infinera witness Jeffrey Bennett, which became available on March 19, 2021. This Court has granted parties leave to serve supplemental expert disclosures where discovery necessitating such supplements was produced after the Court's expert reporting deadlines. *See*, *e.g.*, *Huawei Technologies Co. Ltd v. T-Mobile US, Inc.*, No. 2:16-cv-00055-JRG-RSP, ECF 390 at 7-8 (E.D. Tex. Oct. 16, 2017) (granting leave to supplement expert report in light of late production); *Droplets, Inc. v. Overstock.com, Inc.*, No. 2:11-cv-401-JRG-RSP, ECF 337 at 1 (E.D. Tex. Jan. 6, 2015) (granting leave to supplement expert report in light of late production). Dr. Knox attended Mr. Bennett's deposition and included the substance of that deposition in his original report served on March 15. The only substantive change in the supplemental report is specific citations to the deposition transcript.

### B. Infinera Is Not Prejudiced.

Infinera is not prejudiced by this supplementation. The supplements offered by Dr. Knox are short, focused citations to the Bennett transcript that support previously existing opinions. All of these citations were highlighted in yellow in the supplemented version of Exhibit C, and can easily be ascertained. Any attempt by Infinera to claim prejudice is belied by the fact that Mr. Bennett's deposition could have been taken earlier had Infinera timely designated him as a witness, instead of delaying until March 8, 2021 for a March 12, 2021 deposition.

### C. The Supplemental Opinions Are Important and Relevant to the Issue of Infringement In This Case.

Supplementation of Dr. Knox's opinions is important, as his opinion goes to the ultimate issue of infringement. Dr. Knox should be entitled to have his opinion be based upon the entirety of fact discovery in this case.

### D. Availability of a Continuance.

As discussed above, the supplements offered by Dr. Knox are short, and consist of citations to newly produced information and evidence. No continuance is necessary to account for these narrow supplements.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV. **CONCLUSION.**

Based on the foregoing, the facts and circumstances of this case support a finding of good cause for leave to supplement Dr. Knox's expert report on infringement.

Dated:  April 26, 2021

By: /s/ *Charles Everingham IV*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wasfirmn.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 26th day of April 2021.

                                                                      */s/ Robert D. Becker*
                                                                      Robert D. Becker

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Capella (specifically, Robert D. Becker, Christopher L. Wanger, and Charles Everingham IV) and counsel for Infinera (specifically, Kurt Pankratz and John Gaustad) complied with the requirements of Local Rule 7(h), and met and conferred by telephone concerning the substance of this motion and the relief requested on April 26, 2021. Following discussions, Infinera remains opposed to this motion and the relief requested. Discussions ended in an impasse, leaving open the instant issues for the Court to resolve.

                                                                      */s/ Robert D. Becker*
                                                                      Robert D. Becker