**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CAPELLA PHOTONICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No.  2:20-cv-00077-JRG |

# **PLAINTIFF CAPELLA PHOTONICS, INC.'S MOTION TO STRIKE DEFENDANTS' EXPERT REPORT OF ROBERT L. STOLL**

## TABLE OF CONTENTS

Page

I. Introduction ............................................................................................................... 1
II. Mr. Stoll Applies The Wrong Legal Standard For Materiality ......................................... 1
III. Mr. Stoll Fails To Offer Any Conclusions With Respect To Deceptive Intent ................. 3
IV. Mr. Stoll Provides Technical Opinions Despite Lacking The Requisite Qualifications ........................................................................................................... 4
V. Mr. Stoll Improperly Relies On Reissue Proceedings For The Asserted Patents .............. 5
VI. Mr. Stoll Exceeds The Scope Of Defendants' Inequitable Conduct Allegations ............... 6
VII. Conclusion ............................................................................................................... 7

## TABLE OF AUTHORITIES

Page

**CASES**

*Commonwealth Scientific and Industrial Research Organisation v. MediaTek Inc.*,
  Case No. 6:12-cv-578, Dkt. 733 (E.D. Tex. June 25, 2015) ...................................................... 5

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993) ......................................................................................................... 1, 2, 4

*Ely v. Manbeck*,
  1990 WL 267419 (D.D.C. Oct. 1, 1990) ................................................................................. 2

*EZ Dock, Inc. v. Schafer Systems, Inc.*,
  2003 WL 1610781 (D. Minn. March 8, 2003) ....................................................................... 2

*Genband US LLC v. Metaswitch Networks Corp.*,
  2016 WL 98745 (E.D. Tex. Jan. 8, 2016) ............................................................................... 4

*Halliburton Co. v. Schlumberger Technology*,
  925 F.2d 1435 (Fed. Cir. 1991) ............................................................................................... 2

*Markman v. Westview Instruments, Inc.*,
  52 F.3d 967 (Fed. Cir. 1995) ................................................................................................... 2

*Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*,
  438 F.3d 1123 (Fed. Cir. 2006) ............................................................................................... 2

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
  550 F.3d 1356 (Fed. Cir. 2008) ............................................................................................... 5

*Therasense, Inc. v. Becton, Dickinson and Co.*
  549 F.3d 1276 (Fed. Cir. 2011) .................................................................................... 1, 2, 3, 4

**RULES**

Fed. R. Evid. 702 .......................................................................................................... 1, 2, 4

Fed. R. Evid. 703 ............................................................................................................. 2, 4

USPTO Rule 56 ................................................................................................................ 1, 2

**OTHER AUTHORITIES**

37 C.F.R. §1.56 (1989) ......................................................................................................... 2

U.S. Patent Nos. RE42,368 ................................................................................................... 3

U.S. Patent Nos. RE47,905 ................................................................................................... 5

## I. Introduction

Plaintiff Capella Photonics, Inc. ("Capella") respectfully moves this Court for an Order striking the March 15, 2021 Expert Report of Robert L. Stoll served by defendants Infinera Corp, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. (collectively "Defendants") on the topic of inequitable conduct as unreliable under Federal Rule of Evidence 702 and for failing the test for reliability articulated by the U.S. Supreme Court in *Daubert*. In the alternative, Capella moves this Court to strike those portions of Mr. Stoll's report: (1) that exceed the scope of Defendants' permitted inequitable conduct defense as explained in the Court's February 26, 2021 Memorandum Opinion and Order (Dkt. 106); (2) that exceed the scope of Defendants' inequitable conduct affirmative defense as pled in its Answer; and/or (3) that constitute improper legal opinions.

## II. Mr. Stoll Applies The Wrong Legal Standard For Materiality

The materiality required to establish inequitable conduct is "but-for" materiality. When an applicant fails to disclose prior art to the U.S. Patent and Trademark Office ("USPTO"), that prior art is "but-for" material only if the USPTO would not have allowed a claim had it been aware of the undisclosed prior art. *See*, *e.g.*, *Therasense, Inc. v. Becton, Dickinson and Co.* 549 F.3d 1276, 1291 (Fed. Cir. 2011). This is notably different from the definition for materiality set forth in USPTO Rule 56 – a standard that (while often used as a starting point for an inequitable conduct inquiry during Mr. Stoll's tenure at the USPTO) has since been expressly <u>rejected</u> by the Federal Circuit (as overly broad and inconsistently applied).[1] *Therasense*, 549 F.3d at 1293-95.

---

[1] Before *Therasense*, USPTO procedural experts were routinely offered to testify about inequitable conduct because the defense was rooted in the rules of the USPTO, and courts needed to decide whether the USPTO's interpretations of its regulations regarding materiality and intent had been satisfied. Rule 56 stated that a reference must be disclosed to the USPTO if: (1) it establishes, by itself or in combination with other information, a *prima facie* case of

Mr. Stoll's report should therefore be stricken in its entirety, as it relies on the outdated and inapplicable Rule 56 standard for materiality, and not the current "but for" standard required by the Federal Circuit in *Therasense*.[2]  *See*, *e.g.*, Wanger Decl., Ex. 1, ¶¶518, 541, 545, 45, 48, 87-88.  *See also*, Fed. R. Evid. 702 & 703; *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579,

---

unpatentability of a claim; or (2) it refutes or is inconsistent with the applicant's position opposing an argument of unpatentability or asserting an argument of patentability.  *Purdue Pharma L.P. v. Endo Pharmaceuticals Inc.*, 438 F.3d 1123, 1129 (Fed. Cir. 2006).  Materiality was judged by the "reasonable examiner" standard, which in turn embraced any information a reasonable examiner would consider important in deciding whether to allow an application to issue as a patent.  *Halliburton Co. v. Schlumberger Technology*, 925 F.2d 1435, 1440 (Fed. Cir. 1991)(citing 37 C.F.R. §1.56 (1989)).

Since *Therasense*, patent law experts have generally been found to provide little (if any) assistance with respect to adjudicating inequitable conduct, as the inquiry now applies a common law standard created by the Federal Circuit.  *See, e.g., EZ Dock, Inc. v. Schafer Systems, Inc.,* 2003 WL 1610781 at *9-10 (D. Minn. March 8, 2003)(excluding expert testimony concerning enforceability of the patent-in-suit due to inequitable conduct before the USPTO, finding nothing satisfying the prerequisite of Rule 702: that the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue; rejecting argument that specialized knowledge as a patent attorney would help the jury to understand the statutory requirements for obtaining an enforceable patent and the duties of an applicant in the patenting process)*; Ely v. Manbeck*, 1990 WL 267419 at * 1 (D.D.C. Oct. 1, 1990)(patent law expert excluded as to any exposition or opinion as to the legal issues in the case or patent law generally).  Likewise, the Federal Circuit has counseled against reliance on so-called "patent law experts." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 991 n.4 (Fed. Cir. 1995)("[a] patent law expert's opinion on the ultimate legal conclusion is neither required nor indeed 'evidence' at all")(citations omitted).  In fact, Mr. Stoll describes himself as a USPTO procedural expert, and not an expert on inequitable conduct (as applied by courts).  Mr. Stoll's testimony should therefore be excluded – even if he applied the correct materiality standard (which he did not).

[2] Mr. Stoll purports to evaluate the technical teachings of the Smith references, he compares them to the technical disclosure of the patents, and he concludes that there is sufficiently similar overlap that an Examiner would have wanted to consider Smith during prosecution.  (Wanger Decl., Ex. 1, ¶¶206-345).  That is not the standard for materiality under *Therasense*.  Nor (as discussed in further detail below) does Mr. Stoll have the technical experience to make such a determination.  In fact, while Mr. Stoll mentions *Therasense* in passing, he dismisses it as a decision that merely "clarified the meaning of 'materiality' in the context of inequitable conduct." (Wanger Decl., Ex. 1, ¶89).  Whether an attempt to downplay difficult precedent or a misinformed understanding of the law, Mr. Stoll clearly misrepresents a decision that dramatically transformed the law of inequitable conduct.

594, 597 (1993). Mr. Stoll's report is also fatally defective because the Smith references he cites were clearly not "but-for" material – as their presence or absence would not have determined the outcome of prosecution for the predecessor patents (U.S. Patent Nos. RE42,368 and RE42,678).[3] While the U.S. Patent Trial and Appeal Board ("PTAB") later found certain claims of those predecessor patents invalid, its obviousness determination required a person of ordinary skill in the art (a "POSITA") to <u>combine</u> the Smith patent with at least one <u>additional</u> patent that was unknown to both Capella and the USPTO during prosecution. (Wanger Decl., Ex. 1, ¶¶317, 345, 537). The PTAB also expressly rejected the argument that the claims were unpatentable solely in view of Smith and other references of record during prosecution (and Mr. Stoll makes no assertion that the PTAB's rejection of those arguments was unsupported).

### III.    Mr. Stoll Fails To Offer Any Conclusions With Respect To Deceptive Intent

To prevail on a claim of inequitable conduct, the accused infringer must prove that the patentee acted with the specific intent to deceive the USPTO. In a case involving alleged nondisclosure of information, clear and convincing evidence must show that the applicant <u>made a deliberate decision</u> to withhold a <u>known</u> material reference. *See*, *e.g.*, *Therasense*, 549 F.3d at 1290 (emphasis included). In other words, the accused infringer must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it from the USPTO. Indeed, to meet the clear and convincing evidence standard, the specific intent to deceive must be the single most reasonable inference able to be drawn from the evidence. *Id*.

Mr. Stoll's report should therefore be independently stricken in its entirety, regardless as to its materiality standard, as it fails to apply this demanding standard for deceptive intent. *See*

---

[3] Mr. Stoll does not consider whether the Smith references were merely cumulative.

Fed. R. Evid. 702 & 703. *See also*, *Daubert*, 509 U.S. at 594, 597.   In fact, Mr. Stoll never substantively addresses whether any of the individuals accused of inequitable conduct (at least two of whom are not patent attorneys/agents) had actual knowledge that one or both of the Smith references were "but for" material prior art (which they were not).[4]   Nor does he draw any conclusion as to deceptive intent.  Instead, he merely sets forth a litany of purported events, and states that they may be of interest to the factfinder in evaluating intent – without tying these purported events back to the relevant *Therasense* standard in any way.[5]   (Wanger Ex. 1, ¶546). Then, without offering any opinions or drawing any conclusions as to specific intent, Mr. Stoll summarily declares that Capella committed inequitable conduct.  (Wanger Ex. 1, ¶¶518 & 549). Because his opinion completely skips over two of the most essential (if not the most essential) elements of inequitable conduct (*i.e.*, knowledge of materiality and deceptive intent), there is no stated basis for his ultimate conclusion.  *See*, *e.g.*, *Genband US LLC v. Metaswitch Networks Corp.*, 2016 WL 98745 at *7 (E.D. Tex. Jan. 8, 2016)(striking portion of expert report where expert "provides no evidence or analysis to support his conclusion").  In short, Mr. Stoll's opinions are entirely without legal or factual foundation, and should therefore be excluded.

**IV.   Mr. Stoll Provides Technical Opinions Despite Lacking The Requisite Qualifications**

The Stoll Report should also be stricken, as it attempts to provide technical opinions beyond his area of expertise.  *See* Fed. R. Evid. 702.  *See also*, *Daubert*, 509 U.S. at 594, 597.

---

[4] This would include actual knowledge that the Smith reference properly claimed priority to a specific provisional application.

[5] Notably, Mr. Stoll never addresses whether any of the individuals alleged Mr. Stoll also lists several events that did not involve any of the individuals accused of inequitable conduct.  As such, he appears to be improperly asserting that an entity as a whole can commit inequitable conduct.  Further, as discussed in more detail below, Mr. Stoll relies on events that occurred during reissue prosecution of the patents-in-suit – despite the Court's Order striking Defendants' allegations of inequitable conduct related to prosecution of those patents.

4

Mr. Stoll describes himself as an expert in patent office procedure. By his own admission, he lacks technical expertise in fiber optic communications. (Wanger Dec., Ex. 1, ¶16). *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364 (Fed. Cir. 2008)("[Defendant] has failed to demonstrate any possible relevancy or reliability of [expert's] testimony as to technical matters in light of his relevant technical expertise"); *Commonwealth Scientific and Industrial Research Organisation v. MediaTek Inc.*, Case No. 6:12-cv-578, Dkt. 733, pp. 8-10 (E.D. Tex. June 25, 2015)(patent law expert who was not a person of ordinary skill in the art found unqualified to offer opinions as to the meaning of communications between the USPTO and the patentee). Nevertheless, Mr. Stoll improperly proceeds to evaluate the technical similarities of several patent applications and the Smith references, and concludes (without citing an opinion from any technical expert) that the references are similar enough that an Examiner would consider the Smith references material to patentability. (Wanger Decl., Ex. 1, ¶¶159-161, 171-173, 176-177, 179-182, 184-186, 190-193, 199, 203). Mr. Stoll also opines as to materiality, despite not being a POSITA. These opinions, based on an unqualified analysis of highly technical documents, are of no value to the factfinder and their admission would unfairly prejudice Capella

### V. Mr. Stoll Improperly Relies On Reissue Proceedings For The Asserted Patents

The Court, in an Order dated February 28, 2021, struck (with prejudice) Defendants' inequitable conduct allegations relating to reissue proceedings that resulted in U.S. Patent Nos. RE47,905 and RE47,906 (*i.e.*, the patents-in-suit). Dkt. 106, pp. 10-14. Moreover, during oral argument on Capella's motion to strike these allegations, Defendants conceded that that none of the statements made during those reissue proceedings were but for material to patentability (or at least that Defendants had not made any such allegations). *Id*. at p. 11, n. 8. As detailed above,

the Mr. Stoll's report should be stricken in its entirety. However, to the extent the Court declines to provide such full relief, Mr. Stoll should still be precluded from relying on any events that occurred during these reissue proceedings. (Wanger Ex. 1, ¶¶346-406, 543, 546(e)-(i)).

## VI. Mr. Stoll Exceeds The Scope Of Defendants' Inequitable Conduct Allegations

Finally, again to the extent the Court declines to strike Mr. Stoll's report in its entirety, the following paragraphs in particular should be stricken – as they improperly concern alleged facts and/or events not previously disclosed. (Dkt. 22, pp. 19-39)(Wanger Decl., Ex. 2).

| Paragraphs To Be Stricken | Basis |
|---|---|
| 200-205, 524 | Defendants' Answer Never Mentions International Application No. PCT/US2006/043169 |
| 349-353, 379-383 | Defendants' Answer Never Mentions Reissue Declarations Signed By Christopher Lucas During Prosecution Of The '905 And '906 Patents |
| 407-452 | Defendants' Answer Never Mentions U.S. Reissue Application Nos. 16/818,446 And 16/818,530 |
| 470-476, 478-483 | Defendants' Answer Never Mentions These Allegations Concerning Mr. Davis And/Or Inventorship |
| 485-487, 489 | Defendants' Answer Never Mentions These Allegations Concerning Mr. Wilde And/Or Inventorship |
| 490-499 | Defendants' Answer Never Mentions These Allegations Concerning Mr. Chen And/Or Inventorship |
| 502-507, 509, 511 | Defendants' Answer Never Mentions These Allegations Concerning Mr. Schwerin |
| 546(e)-(i), (k)-(q) | Defendants' Answer Fails To Plead These Allegations |
| 548 | Defendants' Answer Never Mentions These Allegations Concerning Mr. Eisenberg |
| 518, 541, 544-545, 549-550 | These Paragraphs Constitute Improper Legal Conclusions/Fail To Identify The Purported USPTO Procedure |

## VII.    Conclusion

For the reasons detailed above, as well as those that may be provided at oral argument, Capella's present motion to strike the Expert Report of Robert L. Stoll should be GRANTED in its entirety.

Dated: April 26, 2021

By: /s/ *Robert D. Becker*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wsfirm.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 26th day of April, 2021.

*/s/ Robert D. Becker*
Robert D. Becker

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that counsel for the parties have complied with the meet and confer requirements of Local Rule CV-7(h), and the motion is opposed. The required conference was conducted on April 26, 2021, by telephone, with counsel for both parties attending (Charles Everingham and Robert Becker for plaintiff; Kurt Pankratz and John Gaustad for defendants). Counsel discussed the issues raised in the motion, but were unable to reach agreement. Accordingly, the motion is submitted as opposed.

*/s/ Robert D. Becker*
Robert D. Becker