# EXHIBIT 2

RESTRICTED—ATTORNEYS' EYES ONLY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.,<br><br>Defendants. | Case No. 2:20-cv-77-JRG |

### DEFENDANTS' FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF CAPELLA PHOTONICS, INC.'S SECOND SET OF INTERROGATORIES (7-15) TO DEFENDANTS

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Defendants Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. ("Infinera") submit these answers to Plaintiff Capella Photonics, Inc.'s ("Plaintiff") Interrogatories (7-15). The objections and answers are based upon information presently available to, and identified by, Infinera after reasonable inquiry. As discovery proceeds, facts, information, evidence, documents, and things may be discovered that are not set forth in this response and that may be responsive to these interrogatories. Infinera's answers are provided without prejudice to Infinera's right to revise and/or supplement the answers. Accordingly, Infinera's answers shall not be deemed to constitute admissions or representations that any statement or characterization is complete.

Specific objections to each of these Interrogatories are made on an individual basis in the answers below. In addition to these specific objections, Infinera makes certain objections

1

**RESTRICTED—ATTORNEYS' EYES ONLY**

Subject to the foregoing general and specific objections, Infinera answers as follows:

Infinera incorporates by reference its Initial Invalidity Contentions (served August 10, 2020), all appendices, charts, and documents served in connection with its Initial Invalidity Contentions, and all prior art materials described or otherwise referred to in its Initial Invalidity Contentions. Because Infinera's investigation is ongoing, Infinera reserves the right to supplement this response as this litigation progresses.

**INTERROGATORY NO. 13:**

State all factual and legal bases for all assertions and/or contentions that any Asserted Claim is unenforceable for any reason.

**ANSWER:**

Infinera objects to this interrogatory as improperly attempting to shift the burden of Capella's entitlement to damages to Infinera.  Infinera objects to this interrogatory as overbroad and prematurely calling for Infinera to marshal "all factual and legal bases" in advance of the Court's established schedule for serving trial exhibit and witness lists, and to the extent it calls for expert analysis or opinion or for Infinera to disclose its contentions before the deadlines required by the Court's Docket Control Order (Dkt. 85).  Infinera objects to this interrogatory to the extent it requires Defendants to provide information outside of its possession, custody, or control.  For example, evidence supporting Infinera's Equitable Defenses may be in the possession of Capella.

Subject to the foregoing general and specific objections, Infinera answers as follows:

The Asserted Patents and their Asserted Claims are unenforceable due to res judicata, collateral estoppel, inequitable conduct, equitable estoppel, unclean hands, and waiver.  Infinera incorporates by reference Infinera's Answer to Capella's complaint and the exhibits attached thereto (Dkt. 22); Infinera's briefing with respect to Capella's Motion to Dismiss Defendants' Inequitable Conduct Affirmative Defense and the exhibits attached thereto (Dkts. 38, 44);

19

**RESTRICTED—ATTORNEYS' EYES ONLY**

Infinera's invalidity contentions; Infinera's First Amended Initial and Additional Disclosures; Infinera's briefing with respect to its Motion for Partial Judgment on the Pleadings and the exhibits attached thereto (Dkts. 74, 87); and Infinera's Responsive Claim Construction Brief and the exhibits attached thereto (Dkt. 80). Infinera also identifies the depositions of Barry Young, Larry Schwerin, Christopher Lucas, Jeffrey Wilde, and Tai Chen. Additionally, Capella has unclean hands at least because Capella sought the Asserted Patents from the Patent and Trademark Office with the specific intent to later argue that claims of the Asserted Patents have the same scope as claims found in U.S. Patent Nos. RE42,368 and RE42,678 ("Predecessor Patents"), despite the fact that and (1) Capella received an adverse judgment from the Patent Trial and Appeal Board of the United States Patent and Trademark Office, finding claims from U.S. Patent Nos. RE42,368 and RE42,678 obviousness and unpatentable; and (2) Capella was estopped from "precluded from taking action inconsistent with the adverse judgment," including obtaining claims that were "not patentably distinct from a finally refused or canceled claim," pursuant to 37 C.F.R. 42.73(d)(3). Capella similarly has unclean hands because the Patent Trial and Appeal Board found that claims from U.S. Patent Nos. RE42,368 and RE42,678 obviousness and unpatentable and the Federal Circuit affirmed, and (2) Capella was collaterally estopped from asserting claims that have the substantially similar scope to those that were previously cancelled. *See, e.g.*, *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018); *Hologic, Inc. v. Minerva Surgical, Inc.*, 957 F.3d 1256, 1266 (Fed. Cir. 2020); *Ohio Willow Wood Co. v. Alps S., LLC*, 735 F.3d 1333, 1342 (Fed. Cir. 2013). Because Capella has unclean hands, the Asserted Patents are unenforceable. *See generally Gilead Sci., Inc v. Merck & Co.*, 888 F.3d 1231 (Fed. Cir. 2018). In this case, Capella attempts to both (1) litigate the validity of the Asserted Patents, and (2) seek pre-suit damages for the Asserted Patents, which are inconsistent and mutually exclusive positions, as detailed in

RESTRICTED—ATTORNEYS' EYES ONLY

Infinera's briefing with respect to its Motion for Partial Judgment on the Pleadings (Dkts. 74, 87). Infinera is prejudiced by the time, resources, costs, and fees it has been forced to devote to defend itself against allegations of infringement from unenforceable and unpatentable patents (the Asserted Patents) and allegations that Capella is entitled to pre-suit damages, after Infinera and others successfully invalidated the Predecessor Patents at the PTAB, and successfully obtained an affirmance from the Federal Circuit.

Pursuant to Federal Rule of Civil Procedure 33(d), Infinera also identifies the following documents: CAPELLA000599-639; CAPELLA009434-28820; Capella_Defs_PA000000025-49; Capella_Defs_000005263-87; Capella_Defs_PA000007727-750; Capella_Defs_PA000009533-9576; Capella_Defs_PA000009758-9809; Capella_Defs_PA000077842-65; Capella_Infinera_000077842-865; Capella_Infinera_000082179-3478; Capella_Infinera_000084120-72; Capella_Infinera_000115605-779. Infinera also identifies the following patents and their prosecution histories: U.S. Patent Nos. 6,625,346; 7,263,253; 7,352,972; RE 42,368; RE 42,368; RE 47,905; RE 47,906.

Because Infinera's investigation is ongoing, Infinera reserves the right to supplement this response as this litigation progresses.

**INTERROGATORY NO. 14:**

State all factual and legal bases for all assertions and/or contentions that any Asserted Claim is not infringed for any reason.

**ANSWER:**

Infinera objects to this interrogatory's request for information regarding "all factual and legal bases for all assertions and/or contentions that any Asserted Claim is not infringed for any reason" as vague, ambiguous, and unduly burdensome, at least because the request fails to provide the requisite specificity about what is actually being accused and seeks information unlimited in

**RESTRICTED—ATTORNEYS' EYES ONLY**

Dated: February 6, 2021                              Respectfully submitted,

/s/ *John F. Gaustad*
Lauren J. Dreyer (DC 1007189)
*Pro Hac Vice*
Email: lauren.dreyer@bakerbotts.com
BAKER BOTTS LLP
700 K St NW
Washington, DC 20001
Telephone: 202.639.7700
Facsimile: 202.639.7890

Kurt Pankratz (TX SBN 24013291)
E-mail: kurt.pankratz@bakerbotts.com
BAKER BOTTS LLP
2001 Ross Avenue, Suite 900
Dallas, TX 75201
Telephone: 214-953-6500
Facsimile: 214-953-6503

Sarah J. Guske (CA SBN 232467)
E-mail: sarah.guske@bakerbotts.com
BAKER BOTTS LLP
101 California St, Ste 3600
San Francisco, CA 94111-5843
Telephone: (415) 291-6200
Facsimile: (415) 291-6300

John Frederick Gaustad (CA SBN 279893)
*Pro Hac Vice*
Email: john.gaustad@bakerbotts.com
BAKER BOTTS LLP
1001 Page Mill Road
Building One Suite 200
Palo Alto, Ca 94304
Telephone: 650.739.7500
Facsimile: 650.739.7699

Attorneys for Defendants, INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.

RESTRICTED—ATTORNEYS' EYES ONLY

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 6th day of February, 2021.

>  */s/ John F. Gaustad*
>  John F. Gaustad