**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CAPELLA PHOTONICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> FUJITSU NETWORK COMMUNICATIONS, INC., <br><br> Defendant. | Case No. 2:20-cv-00076-JRG |
| CAPELLA PHOTONICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No. 2:20-cv-00077-JRG |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S MOTION TO STRIKE
DEFENDANTS' EXPERT REPORT OF MICHAEL S. LEBBY**

**TABLE OF CONTENTS**

Page

I. Introduction ................................................................................................................... 1

II. Statement Of Facts ........................................................................................................ 1

III. Legal Standard .............................................................................................................. 1

IV. Dr. Lebby's Report Fails To Specifically Identify Obviousness Combinations ................ 2

V. Dr. Lebby's Report Exceeds The Scope Of Defendants' Invalidity Contentions ............... 4

VI. Dr. Lebby's Report Exceeds The Scope Of The Claims Asserted in Capella's
    Infringement Expert Reports ......................................................................................... 5

VII. Conclusion .................................................................................................................... 5

## TABLE OF AUTHORITIES

Page

### CASES

*ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*,
  694 F.3d 1312 (Fed. Cir. 2012)..........................................................................................3

*Arendi S.A.R.L. v. Apple, Inc.*,
  832 F.3d 1355 (Fed. Cir. 2016)..........................................................................................3

*Daubert v. Merrell Dow Pharms. Inc.*,
  509 U.S. 579 (1993)........................................................................................................1, 2

*LML Patent Corp. v. JPMorgan Chase & Co.*,
  2011 WL 5158285 (E.D. Tex. Aug. 10, 2011) ..................................................................4

*Moore v. Ashland Chemical, Inc.*,
  151 F.3d 269 (5th Cir. 1998) .............................................................................................2

*Personal Audio, LLC v. Togi Entertainment, Inc.*,
  Case No. 3:12-cv-00013, Dkt. 251 (E.D. Tex. Aug. 6, 2014) ...........................................4

*Realtime Data, LLC v. Packeteer, Inc.*,
  2009 WL 4782062 (E.D. Tex. Dec. 8, 2009).....................................................................4

*Saffran v. Johnson and Johnson*,
  2009 U.S. Dist. LEXIS 19615 (E.D. Tex. Feb. 24, 2009) .................................................5

*Saint Lawrence Communications LLC v. ZTE Corp.*,
  Case No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505 (E.D. Tex. Feb. 21, 2017)........1, 2

### STATUTES

35 U.S.C. §102(a) ........................................................................................................................2

35 U.S.C. §103.............................................................................................................................2

### RULES

Fed. R. Evid. 702 .....................................................................................................................1, 2

### OTHER AUTHORITIES

U.S. Patent No. 6,498,872.............................................................................................................2

U.S. Patent No. RE47,905 ....................................................................................................1, 2, 5

I.  **Introduction**

Capella Photonics, Inc. ("Capella") respectfully moves this Court for an Order, pursuant to Federal Rule of Evidence 702 and *Daubert*, striking the March 15, 2021 Expert Report of Michael S. Lebby served by defendants Fujitsu Network Communications, Inc., Infinera Corp, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) (collectively the "Defendants") on the topic of patent validity.  In particular, Dr. Lebby's report: (1) fails to properly identify the specific obviousness reference combinations upon which he relies; (2) exceeds the scope of Defendants' invalidity contentions; and (3) includes patent claims no longer asserted by Capella in its infringement expert reports.

II.  **Statement Of Facts**

Capella filed these actions against Defendants asserting infringement of U.S. Patent No. RE47,905 ("the '905 patent") and RE47,906 ("the '906 patent"), which generally relate to reconfigurable optical add-drop multiplexers that can be used in connection with switching of fiber optic communications.  Defendants served a common expert report by Dr. Lebby on March 15, 2021 (in both actions), which asserts that several claims of the '905 and '906 patents are invalid for obviousness.  (Wanger Decl., Ex. 1, ¶¶27-28, 54-59, 64-66, 167-2038 & 2066).  Dr. Lebby's report further asserts that certain of these patent claims are also invalid for lack of written description.  (Wanger Decl., Ex. 1, ¶¶27, 29, 31-37, 60-63, 2039-2066).

III.  **Legal Standard**

Rule 702 provides that an expert witness may offer opinion testimony if: (1) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (3) the testimony is the product of reliable principles and methods; and (4) the expert has reliably applied the principles and methods to the facts of the case.  *Saint Lawrence Communications*

1

*LLC v. ZTE Corp.*, Case No. 2:15-cv-349-JRG, 2017 U.S. Dist. LEXIS 23505 at *6 (E.D. Tex. Feb. 21, 2017)(citing Fed. R. Evid. 702).  The inquiry envisioned by Rule 702 is a flexible one, but, in *Daubert*, the Supreme Court held that the Rules also "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Id.* at *6 (quoting *Daubert v. Merrell Dow Pharms. Inc.*, 509 U.S. 579, 594, 597 (1993)). The proponent of the expert testimony must prove reliability by a preponderance of the evidence.  *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

**IV.     Dr. Lebby's Report Fails To Specifically Identify Obviousness Combinations**

Dr. Lebby does not assert that the claims of the '905 and '906 patents are <u>anticipated</u> by prior art (35 U.S.C. §102(a)).  Instead, his opinions are limited to <u>obviousness</u> (35 U.S.C. §103). While Dr. Lebby names and discusses a number of references in his report, he fails to identify any <u>specific combination</u> of those references that allegedly renders any claims of the '905 and/or '906 patent invalid for obviousness.  This failure to identify specific reference combinations is fatal, and requires that the obviousness section of his report be stricken in its entirety.

For example, Dr. Lebby asserts that U.S. Patent No. 6,498,872 (the "Bouevitch reference") is prior art, and vaguely opines as to which limitations of certain '905 and '906 patent claims are allegedly disclosed by that reference. (Wanger Ex. 1, ¶¶1306-1518).  However, with respect to those limitations he concedes are not disclosed by the Bouevitch reference (as well as those limitations for which he is unsure), Dr. Lebby generically and repeatedly opines that "these limitations would have been within the common knowledge of a POSITA and were taught by other prior art references discussed throughout this report."  (Wanger Ex. 1, ¶¶1309, 1311-12, 1314-15, 1317, 1320, 1323-24, 1326-30, 1332-33, 1335-36, 1339-40, 1342, 1345, 1347-48, 1350-53, 1356, 1359, 1361-62, 1377, 1383, 1389, 1393, 1402, 1404, 1409, 1411, 1415, 1417, 1420-21, 1425, 1429, 1432, 1436, 1439-40, 1457, 1463, 1468, 1473, 1479, 1487-88, 1491, 1495-

96, 1499, 1500, 1502-04 & 1509).[1] However, no "common knowledge" (let alone any basis for such "common knowledge") is ever identified. *See*, *e.g.*, *Arendi S.A.R.L. v. Apple, Inc.*, 832 F.3d 1355, 1361-63 (Fed. Cir. 2016)(such knowledge must be supported by evidence and a reasoned explanation; it is also typically invoked to provide a known motivation to combine, not to supply a missing claim limitation; if the latter, the search for a reasoned basis to resort to common sense must be "searching," particularly where the missing limitation goes to the heart of the invention). Nor, as discussed above, are any specific reference combinations identified. Indeed, Dr. Lebby appears to take the position that he can "backfill" each claim limitation missing from the Bouevitch reference by inserting an alleged feature or teaching from any other reference named in his report – without identifying the specific combination upon which he intends to rely (let alone providing the motivation that would lead a person of ordinary skill in the art (a "POSITA") to combine those specific references in that particular way and with a reasonable expectation of success in doing so).[2] Such a vague and amorphous approach to obviousness is improper.[3] And, this same tactic is applied throughout Dr. Lebby's report for each named reference.

---

[1] This "boilerplate" statement was "cut and pasted" so frequently that Dr. Lebby names the incorrect primary reference on at least two occasions. *See*, *e.g.*, (Wanger Ex. 1, ¶¶1383, 1389)(naming "Sparks" instead of "Bouevitch").

[2] Dr. Lebby also attempts to satisfy missing claim limitations by merely declaring, without any explanation, that a POSITA would have known how to satisfy the claim limitation. *See*, *e.g.*, (Wanger Ex. 1, ¶¶1311, 1313-14, 1404, 1439, 1488)("To the extent that 'fiber collimator' port requires a collimator and a port in a single package, a POSITA would have known to combine a collimator and a port to make a 'fiber collimator' port in a single package").

[3] Dr. Lebby's later discussion of certain missing claim limitations from the Tew, Smith, Solgaard, Lalonde, Sparks, Bouevitch, and Rose references (Wanger Decl., Ex. 1, ¶¶1830-2030) does not cure this fatal defect – as Dr. Lebby still fails to identify the specific reference combinations upon which he intends to rely or provide the required motivation that would lead a POSITA to combine those specific references in that particular way. *See, e.g., ActiveVideo Networks, Inc. v. Verizon Communications, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012)(finding expert testimony on obviousness conclusory and factually unsupported; expert failed to explain how specific references could be combined, which combination(s) of elements in specific references would yield a predictable result, or how any specific combination would operate or

**V.       Dr. Lebby's Report Exceeds The Scope Of Defendants' Invalidity Contentions**

Defendants served Capella with largely identical invalidity contentions on August 10, 2020 and September 25, 2020.  (Wanger Decl., Exs 2 & 3).  These contentions listed more than 250 references.  They also listed hundreds of purported "exemplary combinations" for several of these references.  However, Dr. Lebby never specifically identifies any of these "exemplary combinations" in his report.  Nor, even if he did, Defendants' "shotgun" approach to disclosure failed to provide Capella with fair notice as to the specific combinations on which they would actually rely, let alone the alleged motivations for a POSITA to effectuate each such specific combination.  *See*, *e.g.*, *LML Patent Corp. v. JPMorgan Chase & Co.*, 2011 WL 5158285 at *4 (E.D. Tex. Aug. 10, 2011)(Rule 3-3 requires disclosure of combinations, not just references, and thus does not expect the patentee to consider every possible combination of the references disclosed); *Realtime Data, LLC v. Packeteer, Inc.*, 2009 WL 4782062 at **2-4 (E.D. Tex. Dec. 8, 2009)(defendants are required to submit invalidity charts to provide notice of how each claim element is met on a claim-by-claim and element-by-element basis; the purpose of the patent rules is to avoid reliance on the amorphous knowledge of one of ordinary skill in the art; reserving the right to combine any charted prior art references is ineffective).  *See also*, *Personal Audio, LLC v. Togi Entertainment, Inc.*, Case No. 3:12-cv-00013, Dkt. 251 at 1-3 (E.D. Tex. Aug. 6, 2014) (striking defendant's multi-reference obviousness contentions and holding that "simply providing a small number of 'exemplary combinations' does not serve the notice function of the invalidity contentions as to every possible combination of a universe of references"); *Saffran v. Johnson and Johnson*, 2009 U.S. Dist. LEXIS 19615 at * 4 (E.D. Tex. Feb. 24, 2009)(striking invalidity

---

read on the asserted claims; expert's testimony was essentially a conclusory statement based on hindsight that a POSITA would have known how to combine any of a number of references to achieve the claimed inventions).

4

contentions, and finding that the use of "language purporting to make the contentions merely illustrative" and failure to "specifically identify combinations of references that the defendants anticipate using at trial" constituted "an attempt to end run the rules").  Moreover, the prejudice to Capella given that discovery has closed and trial is fast approaching is manifest.  Thus, even if the Court finds that Dr. Lebby somehow identifies specific obviousness combinations, those portions of his report should still be stricken given Defendants' failure to provide fair notice of those combinations in their invalidity contentions.[4]

## VI. Dr. Lebby's Report Exceeds The Scope Of The Claims Asserted in Capella's Infringement Expert Reports

Dr. Lebby's report should also be stricken to the extent it addresses claims other than claims 23, 24, 29, 37, 44 and 45 of the '905 patent.  These are the only claims currently being asserted by Capella in its infringement expert reports, and Defendants have not asserted any counterclaims alleging that any other patent claims are invalid.

## VII. Conclusion

For the reasons detailed above, as well as those that may be provided at oral argument, Capella's present motion to strike the expert report of Michael S. Lebby should be GRANTED in its entirety.

---

[4] Dr. Lebby's opinions concerning written description also exceed the scope of Defendants' invalidity contentions, as Defendants' contentions fail to assert that the '905/'906 patent specification allegedly lacks written description support for: (1) a system that does not continuously control channel micromirrors or beam-deflecting elements; and/or (2) a system that does not individually control channel micromirrors or beam-deflecting elements. (Wanger Decl., Ex. 1, ¶¶2056-2065)(Wanger Decl., Ex. 2, pp. 174-181)(Wanger Decl., Ex. 3, pp. 174-182).

|  |  |
|---|---|
| Dated: April 26, 2021 | By: /s/ *Robert D. Becker* <br> Charles Everingham IV (TX SBN 00787447) <br> Email: *ce@wsfirm.com* <br> T. John Ward (TX SBN 20848000) <br> Email: *tjw@wsfirm.com* <br> Claire Abernathy Henry (TX SBN 24053063) <br> Email: *claire@wsfirm.com* <br> Andrea Fair (TX SBN 24078488) <br> Email: *andrea@wsfirm.com* <br> WARD, SMITH & HILL, PLLC <br> P.O. Box 1231 <br> Longview, TX 75606 <br> Telephone: (903) 757-6400 <br> Facsimile: (903) 757-2323 <br><br> Robert D. Becker (Cal. Bar 160648) <br> Email: *rbecker@manatt.com* <br> Christopher L. Wanger (Cal. Bar 164751) <br> Email: *cwanger@manatt.com* <br> MANATT, PHELPS & PHILLIPS, LLP <br> 1 Embarcadero Center, 30th Floor <br> San Francisco, CA 94111 <br> Telephone: (415) 291-7400 <br> Facsimile: (415) 291-7474 <br><br> Attorneys for Plaintiff, <br> CAPELLA PHOTONICS, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 26th day of April, 2021.

*/s/ Robert D. Becker*
Robert D. Becker

**CERTIFICATE OF COMPLIANCE (CASE NO. 2:20-cv-00077-JRG)**

The undersigned hereby certifies that counsel for the parties have complied with the meet and confer requirements of Local Rule CV-7(h), and the motion is opposed. The required conference was conducted on April 26, 2021, by telephone, with counsel for both parties attending (Charles Everingham and Robert Becker for plaintiff; Kurt Pankratz and John Gaustad for defendants). Counsel discussed the issues raised in the motion, but were unable to reach agreement. Accordingly, the motion is submitted as opposed.

*/s/ Robert D. Becker*
Robert D. Becker

**CERTIFICATE OF COMPLIANCE (CASE NO. 2:20-cv-00076-JRG)**

The undersigned hereby certifies that counsel for the parties have complied with the meet and confer requirements of Local Rule CV-7(h), and the motion is opposed. The required conference was conducted on April 26, 2021, by telephone, with counsel for both parties attending (Robert Becker for plaintiff; Nathaniel Browand for defendant). Counsel discussed the issues raised in the motion, but were unable to reach agreement. Accordingly, the motion is submitted as opposed.

*/s/ Robert D. Becker*
Robert D. Becker