IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No. 2:20-cv-00077-JRG |

**<u>CAPELLA PHOTONICS, INC.'S MOTION TO STRIKE INFINERA'S UNTIMELY EXPERT OPINIONS CONCERNING NON-INFRINGING ALTERNATIVES</u>**

Capella Photonics, Inc. ("Capella") respectfully moves this Court to strike the untimely expert opinions of Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc (collectively, "Infinera"), specifically the rebuttal opinion of Dr. Alan Willner on the issue of availability of non-infringing alternatives (section IX.F.3., ¶¶ 184-195.) As the alleged infringer with the burden of showing non-infringing alternatives, Infinera was obligated to produce such expert testimony on the deadline for opening expert reports, March 15, 2021. Infinera should not be permitted to sandbag Capella and produce this expert opinion for the first time on rebuttal.

In patent cases, it is the alleged infringer's burden to show the availability of non-infringing alternatives.[1] *SSL Servs., LLC v. Citrix Sys., Inc.*, 2012 WL 1995514, at *2 (E.D. Tex. June 4, 2012); *DataTreasury Corp. v. Wells Fargo & Co.*, 2011 WL 8810604, at *13 (E.D. Tex. Aug. 2, 2011); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 2011 WL 197869, at *3 (E.D. Tex. Jan. 20, 2011); *Saint Lawrence Commc'ns LLC v. Apple Inc.*, 2017 WL 4791782, at *2 (E.D. Tex. Oct. 24, 2017); *Smart Skins LLC v. Microsoft Corp.*, 2016 U.S. Dist. LEXIS 106030, at *5 (W.D. Wash. Jul. 1, 2016).

For this reason, district courts routinely strike an alleged infringer's expert opinion on the issue of non-infringing alternatives where that opinion is being offered for the first time on rebuttal. *See, e.g.*, *Smart Skins*, 2016 U.S. Dist. LEXIS 106030, at *5 ("Microsoft should have disclosed expert testimony regarding the non-infringing alternatives at issue in its opening expert reports, but failed to do so."), *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, 2017 WL 2869344, at *2 (E.D. Tex. Apr. 20, 2017) (similar), *ZiiLabs Inc., Ltd. v. Samsung Elecs. Co.*, 2015 WL 6690403, at *3 (E.D. Tex. Nov. 2, 2015); *see also Genband US LLC v. Metaswitch Networks*

---

[1] The existence of an available and acceptable noninfringing alternative can be relevant to a reasonable royalty analysis because, "knowing it had a competitive noninfringing device in the wings," the alleged infringer would have been in a stronger position to negotiate for a lower royalty rate. *Zygo Corp. v. Wyko Corp.*, 79 F.3d 1563, 1571-72 (Fed. Cir. 1996).

*Corp.*, 2016 WL 122969, at *3 (E.D. Tex. Jan. 9, 2016).

Here, the analysis is simple. The Court set the deadline to serve opening expert reports as March 15, 2021, and rebuttal reports as April 5, 2021. Dkt. 85. Infinera served Dr. Willner's expert report on April 5, 2021, and it contained an entire section entitled "Non-Infringing Alternatives," in which Dr. Willner offered his opinion on "whether, at the time of Infinera's alleged infringement, Infinera would have had alternatives that would have satisfied the limitations of the asserted claims." (Wanger Decl., ¶ 2, Ex. 1 (¶ 184).) This opinion on non-infringing alternatives should have been produced by Infinera on March 15, the deadline for opening expert reports. *See* Dkt. No. 85 (March 15 as the deadline to "Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof"). The opinion is offered too late and should be stricken.

During prefiling meet-and-confer efforts, Infinera countered that it disclosed its non-infringement alternatives in written discovery. To be clear, Infinera disclosed a six-point bulleted list in an interrogatory response that described non-infringing alternatives only in general terms (e.g., "Wavelength-selective switches using liquid crystal"), and expressly stated it may "rely on expert testimony" in further response. Because parties are not entitled to obtain early disclosure of expert opinions via interrogatory, the full opinion on non-infringing alternatives offered by Dr. Willner should have been provided on March 15, 2021 – not as a rebuttal report on April 5, 2021. *See Promethean Insulation Tech. LLC v. Sealed Air Corp.*, 2015 WL 11027038, at *2 (E.D. Tex. Oct. 13, 2015).

/ / /

/ / /

/ / /

/ / /

Accordingly, for the reasons stated above, Capella respectfully requests that the Court strike Infinera's new evidence of non-infringing alternatives presented in Dr. Willner's rebuttal reports, *i.e.*, section IX.F.3. and/or paragraphs 184-195 of the report.

| | |
|---|---|
| Dated:  April 26, 2021 | By: /s/ *Charles Everingham IV*<br>Charles Everingham IV (TX SBN 00787447)<br>Email: *ce@wsfirm.com*<br>T. John Ward (TX SBN 20848000)<br>Email: *tjw@wsfirm.com*<br>Claire Abernathy Henry (TX SBN 24053063)<br>Email: *claire@wsfirm.com*<br>Andrea Fair (TX SBN 24078488)<br>Email: *andrea@wasfirmn.com*<br>WARD, SMITH & HILL, PLLC<br>P.O. Box 1231<br>Longview, TX 75606<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323<br><br>Robert D. Becker (Cal. Bar 160648)<br>Email: *rbecker@manatt.com*<br>Christopher L. Wanger (Cal. Bar 164751)<br>Email: *cwanger@manatt.com*<br>MANATT, PHELPS & PHILLIPS, LLP<br>1 Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 291-7400<br>Facsimile: (415) 291-7474<br><br>Attorneys for Plaintiff,<br>CAPELLA PHOTONICS, INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 26th day of April 2021.

*/s/ Christopher L. Wanger*
Christopher L. Wanger

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Capella (specifically, Robert D. Becker, Christopher L. Wanger, and Charles Everingham IV) and counsel for Infinera (specifically, Kurt Pankratz and John Gaustad) complied with the requirements of Local Rule 7(h), and met and conferred by telephone concerning the substance of this motion and the relief requested on April 26, 2021. Following discussions, Infinera remains opposed to this motion and the relief requested. Discussions ended in an impasse, leaving open the instant issues for the Court to resolve.

*/s/ Christopher L. Wanger*
Christopher L. Wanger