# EXHIBIT F

**WARD, SMITH & HILL, PLLC**

CLAIRE ABERNATHY HENRY
CLAIRE@WSFIRM.COM

July 10, 2020

Kurt Max Pankratz
Baker Botts LLP - Dallas
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980

      RE:    2:20-cv-00077-JRG; *Capella Photonics, Inc. v. Infinera Corporation et al*; In the United States District Court for the Eastern District of Texas, Marshall Division

Dear Mr. Pankratz:

      We write to request the immediate production of all documents relevant to the venue issue. Having raised this issue, the Defendants are obligated under the Court's Amended Discovery Order to produce all relevant documents related to that issue. We have assembled the list of documents below to assist you, but it should be construed as exemplary of the documents Plaintiff expects to receive. To be clear, we expect to receive all documents relevant to the venue issues, without limitation.

## DEFINITIONS

      1.    "This Matter" means the above-captioned Case No. 2:20-cv-0077 pending in the Eastern District of Texas. "This Matter" shall also include any matters that may be consolidated with Case No. 2:20-cv-0077-JRG in the future.

      2.    "Plaintiff" means Capella Photonics, Inc., including its successors, predecessors, corporate affiliates, divisions, agents, and employees.

      3.    "Asserted Patents" means U.S. Patent No. RE47,905 (the "'905 patent") and U.S. Patent No. RE47,906 (the "'906 Patent"), both individually and collectively.

      4.    "Accused Products" means any and all products that Plaintiff accuses of infringing the Asserted Patents, including the products identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement, including but not limited to the 7300 Series platform, the 7100 Series platform, the mTera Series Universal Transport Platform and the FlexILS designed, marketed and/or sold at any time by any Defendant.

5.     "Asserted Claims" means any and all claims of the Asserted Patents that Plaintiff contends any Defendant infringes directly, indirectly (including by inducement), and/or jointly, including the claims identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement.

6.     "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

7.     "Prior Art" means all Documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

8.     "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Asserted Patents, including patents or patent applications: (a) from or through which one or more of the Asserted Patents directly or indirectly claim priority; (b) that claim priority to one or more of the Asserted Patents; and/or (c) that are otherwise identified in one or more of the Asserted Patents as related to that patent.

9.     "Communication" shall be construed commensurate in scope with the Federal Rules and means the transmission of information or requests for information in any form, including, without limitation, written, oral, or electronic transmissions.

10.    "Document" or "Documents" shall be interpreted in the broadest sense available pursuant to Federal Rule of Civil Procedure 34 and includes, without limitation, any writing of any kind (including originals and all non-identical copies) in any medium (including electronic medium) in which the information is stored.

11.    "Defendants," "You," and "Your" mean: (a) Infinera Corporation, and any of its successors, predecessors, corporate affiliates, divisions, agents, and employees, including, but not limited to, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc. n/k/a Infinera Optical Networks, Inc., Coriant America Inc. n/k/a Infinera America Inc., and Coriant (USA) Inc. n/k/a Infinera (USA) Inc.; (b) Infinera's subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period; and (c) all predecessors or successors in interest of Infinera with respect to the Accused Products and/or the Optical Switch Products.

12.    "Optical Switch Product" means any optical switch technology, device, machine, or product that Defendant has or is making, using, offering to sell, selling (directly or through intermediaries), importing, licensing, or supplying in the United States which utilizes and/or includes a wavelength selective switch ("WSS").

13. "Third Party" means any Person other than a plaintiff or a defendant in This Matter.

14. "And" and "or" are construed conjunctively or disjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

15. The terms "all," "each," and "any" mean one or more and shall be construed as all and any.

16. The term "including" means without limitation.

17. The terms "evidencing," "referring to," "relate," or relating to mean, in whole or in part, describing, constituting, containing, comprising, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, consisting of, referring to, reflecting, concerning, either explicitly or implicitly, or being in any way logically or factually connected with the matter discussed.

## DOCUMENT REQUESTS

1. Documents sufficient to show the identity, location, and address of each individual that is or was directly involved in any of the design, development, and creation of the Accused Products, including the development or design of the business, functional, and technical specifications of the Accused Products.

2. Documents sufficient to identify each individual working in Texas in any role related to the Accused Products including a description of their respective roles and addresses.

3. Documents sufficient to show the identity, job description, and address of each individual who has authored, revised, developed, or approved instructions, manuals, or guides for using the Accused Products.

4. Documents sufficient to show the identity, job description, and address of each individual in Texas involved in the design, development, creation, features, use, sale, offers to sell, or marketing of any of the Accused Products.

5. Documents sufficient to show the identity, job description, and address of each individual with personal knowledge relating to Your marketing and sales, including Your marketing channels and materials, sales process, revenues, costs, and profits associated with the sales, and/or marketing of the Accused Products.

6. Documents sufficient to show the nature of any business operations carried out by You in Texas related to the Accused Products.

7. Documents sufficient to show the identity and location of all third parties who performed services within the United States, including in Texas, related to the Accused Products and the nature of those services.

8. Documents supporting the factual assertions made in the Declaration of Jianwei Guo Regarding Defendants' Motion to Transfer Venue to the Northern District of California.

9. Documents sufficient to describe the nature of any relationship between Defendants and any third party whose products or services may be involved in this litigation, including any indemnification arrangements.

10. Documents sufficient to show the extent to which any portion or component (hardware or software) related to the Accused Products was supplied, designed, manufactured, or tested in the State of Texas, and the specific location of that supplier, design, manufacture or testing within the State of Texas.

11. Documents sufficient to show Defendants' revenue from the Accused Products in the Eastern District of Texas.

12. Communications (including emails) regarding any aspect of the Accused Products to or from past or present employees of Defendants and any customers, distributors, marketers and retailers located in the Eastern District of Texas.

13. Documents sufficient to show what aspects of any Accused Product is supplied, designed, manufactured, tested, or marketed from any Infinera facility in the State of Texas and the identity and location of that facility.

14. Your organizational chart.

15. Documents reflecting any interest in real property owned, leased, or otherwise used by You in the Eastern District of Texas and in Texas.

16. Documents reflecting Your relationship with the University of Texas at Dallas.

17. All agreements between Defendants and any customers in the Eastern District of Texas and Texas.

Sincerely,

*Claire A. Henry* (signature)
Claire A. Henry