# EXHIBIT G

**manatt**

Robert D. Becker
Manatt, Phelps & Phillips, LLP
Direct Dial:  (415) 291-7616
rbecker@manatt.com

August 7, 2020

**VIA ELECTRONIC MAIL (SARAH.GUSKE@BAKERBOTTS.COM)**

Sarah J. Guske, Esq.
BAKER BOTTS L.L.P.
101 California Street, Suite 3600
San Francisco, CA 94111

Re:   *Capella Photonics Inc. v. Infinera Corporation, et al.*
Eastern District of Texas Case No. 2:20-cv-00077-JRG

Dear Ms. Guske:

Pursuant to Paragraph 3(b) of the June 9, 2020 Discovery Order (Dkt. 32), the defendants in the above-referenced action (collectively "Infinera") are required to produce all documents, electronically stored information, and tangible things in their possession, custody, and/or control that are relevant to any of the pleaded claims or defenses.[1]  This includes technical documents detailing the structure and operation of the platforms, systems, apparatuses, processes, methods, acts, and/or other instrumentalities identified by plaintiff Capella Photonics, Inc. ("Capella") in its Local Patent Rule 3-1 Disclosures (the "Accused Instrumentalities"), as well as documents referring or relating to the manufacture, use, importation, offer for sale, and/or sale of Accused Instrumentalities in the United States.[2]

Capella is currently unaware of any documents produced by Infinera to date.  Further, even when documents are produced, Infinera has a continuing duty to immediately provide additional documents that subsequently come into its possession, custody, and/or control and to otherwise supplement any incomplete disclosure.  *See* Paragraph 8 of the Discovery Order.

Capella expects that Infinera will produce at least the documents described below.  If for any reason the defendants do not believe that they are obligated to (or do not intend to) include

---

[1] The term "document(s)" will hereinafter be synonymous in meaning and equal in scope to the usage of the phrase "documents, electronically stored information, and tangible things" in Federal Rules of Civil Procedure 26 and 34.

[2] The "Accused Instrumentalities" include all versions and variants of the identified platforms and systems, as detailed and explained in Capella's July 24, 2020 letter, and any reasonably similar products – and should not be unilaterally limited by Infinera as attempted in its July 15, 2020 letter.  *See, e.g., DDR Holdings, LLC v. Hotels.com, L.P.*, 2012 WL 2935172 (E.D. Tex. July 18, 2012); *Honeywell Int'l, Inc. v. Acer America Corp.*, 655 F. Supp. 2d 650 (E.D. Tex. 2009).

One Embarcadero Center, 30th Floor, San Francisco, California  94111   Telephone: 415.291.7400  Fax:  415.291.7474

Albany | Boston | Chicago | Los Angeles | New York | Orange County | Palo Alto | Sacramento | San Francisco | Washington, D.C.

manatt

Sarah J. Guske
August 7, 2020
Page 2

the following documents in their production, please let us know as soon as possible so that the parties may meet and confer on the issue.

1. All documents identifying or describing the Accused Instrumentalities.

2. All documents identifying or describing other instrumentalities that Infinera has manufactured, used, imported, offered for sale, and/or sold in the United States that comprise a reconfigurable optical add-drop multiplexer ("ROADM") incorporating a wavelength selective switch.

3. All engineering requirements, functional specifications, performance specifications, system schematics, component schematics, blueprints, architecture documents, and design documents for each Accused Instrumentality.

4. Documents sufficient to show the use, operation, and maintenance of each Accused Instrumentality, including, but not limited to, source code (all versions), firmware (all versions), specifications, schematics, flow charts, artwork, formulas, and manuals.

5. All documents describing or otherwise detailing, illustrating, or showing the system architecture or methods used in ROADMs for adding, dropping, or otherwise directing optical signals in each Accused Instrumentality.

6. All documents relating to or otherwise evidencing the research, development (including source code development), design, engineering, manufacture, implementation, testing, qualify control, or version control activities for each Accused Instrumentality or any component thereof.

7. Documents sufficient to show the development of each Accused Instrumentality (from inception to present), including, but not limited to, documents describing or otherwise detailing, illustrating, or showing where each product or component was developed, when each product or component was developed, the steps in each product or component's development, the testing of each product or component, and the identity of the persons who developed each product or component.

8. Documents sufficient to show any modifications or changes made to each Accused Instrumentality (from inception to the present), including, but not limited to, documents describing or otherwise detailing, illustrating, or showing each change or modification, the date each change or modification was made, the reason for each change or modification, and whether each change or modification was ever commercialized.

manatt

Sarah J. Guske
August 7, 2020
Page 3

9. For each Accused Instrumentality that incorporates technology that was acquired from a third party, all documents relating to or otherwise evidencing or describing the acquired technology, the party from which the technology was acquired, the reasons why Infinera decided to acquire the technology, and the reasons Infinera decided to incorporate the technology.

10. Documents sufficient to show the persons and departments, whether within Infinera or any third party, having the most knowledge concerning the research, development, design, engineering, source code, manufacture, implementation, testing, quality control, promotional materials, sales, patent licensing, and patent prosecution for each Accused Instrumentality and each component thereof.

11. Documents sufficient to show all third parties involved in the design, development, manufacturing, operation, or implementation of the Accused Instrumentalities or any component thereof, including, but not limited to, all documents evidencing or otherwise relating to the date and location where each Accused Instrumentality and component thereof was manufactured.

12. All documents sent to, received from, or related to a component supplier or technical consultant that concern one or more of the Accused Instrumentalities or any component thereof, including, but not limited to, all agreements with those suppliers and consultants.

13. All documents evidencing or otherwise related to a substantial non-infringing use for any Accused Instrumentality or any component thereof, including, but not limited to, any documents upon which Infinera intends to rely upon to establish a substantial non-infringing use for any Accused Instrumentality or any component thereof.

14. All marketing materials, advertisements, promotional materials, product descriptions, price lists, catalogs, brochures, specifications sheets, press releases, website materials, or other sales/marketing documents that reference, depict, or describe any Accused Instrumentality or any component thereof, or that otherwise reference, depict, or describe the function or operation of any such instrumentality or component.

15. All manuals, guides, presentations, instructions for use, training materials, website materials, and other documents provided to employees, agents, contractors, or other third parties related to or otherwise concerning the installation, testing, operation, maintenance, or repair of any Accused Instrumentality or any component thereof.

manatt

Sarah J. Guske
August 7, 2020
Page 4

16. Documents sufficient to show the first manufacture, use, importation, offer for sale, and sale of each Accused Instrumentality and each component thereof, both in the United States and worldwide.

17. For each Accused Instrumentality and each component thereof, documents sufficient to identify (on a daily basis) the quantity of each instrumentality and component manufactured by Infinera in the United Sates or imported by Infinera into the United States.

18. For each Accused Instrumentality and each component thereof, documents sufficient to identify (on a daily basis) the quantity of each instrumentality and component sold, distributed, or otherwise transferred by Infinera in the United States.

19. For each sale or transfer in the United Sates of an Accused Instrumentality or a component thereof, documents sufficient to identify (on a daily basis) each person who purchased or otherwise acquired each instrumentality and component from Infinera.

20. For each sale or transfer in the United States of an Accused Instrumentality or a component thereof, documents sufficient to identify (on a daily basis) the revenue received by Infinera from each person for each such instrumentality and component.

21. Documents sufficient to show (on a daily basis) any compensation paid to or otherwise provided to Infinera for rights to, access to, or use of any Accused Instrumentality or any component thereof.

22. All documents relating to or otherwise evidencing Infinera's costs associated with each Accused Instrumentality and each component thereof, including, but not limited to, manufacturing, distribution, advertising, marketing, capital expenditure, and shipping costs.

23. Documents sufficient to show the profits (on a daily basis) associated with the manufacture, importation, sale, or transfer of each Accused Instrumentality and each component thereof, including, but not limited to, gross profits, net profits, and any claimed losses.

24. All documents identifying or describing the attribution or association of revenue and/or profits from the Accused Instrumentalities with components or features thereof and all documents identifying or describing the attribution or association

manatt

Sarah J. Guske
August 7, 2020
Page 5

        of other revenue and/or profits (including, but not limited to, revenue and/or profits from service and maintenance agreements) with the Accused Instrumentalities or any component or feature thereof.

25. All documents relating to or otherwise evidencing prices or pricing strategy for any Accused Instrumentality or any component thereof, including, but not limited to, price lists, evaluations of competitors' prices, and documents relating to Infinera's pricing determinations.

26. Documents sufficient to show Infinera's revenues and expenses both prior to and after it incorporated each of the Accused Instrumentalities into its product line, including, but not limited to, documents that refer or relate to any increases in revenue or profitability.

27. All sales forecasts, revenue forecasts, profit forecasts, and market forecasts for any Accused Instrumentality or any component thereof, including, but not limited to, any forecast or prediction concerning the effects of incorporating one or more of the Accused Instrumentalities into Infinera's product line.

28. All agreements between Infinera and any other person concerning any component, technology, or intellectual property included or embodied in any Accused Instrumentality or component thereof, including, but limited to, all assignments, licenses, covenants not-to-sue, and insuring or indemnification agreements.

29. All documents evidencing or otherwise relating to Infinera's policies or practices with regard to the seeking, obtaining, granting, withholding, or negotiation of licenses related to optical networking apparatus or methods.

30. All documents relating to or otherwise evidencing any desired or advantageous features/functionality, problems, shortcomings, limitations, or comparisons (with other products or technology) associated with each Accused Instrumentality and any component thereof.

31. All documents evidencing or otherwise related to a non-infringing alternative to any of the inventions claimed in the patents-in-suit, including, but not limited to, any documents upon which Infinera intends to rely upon to establish a non-infringing alternative to any of the inventions claimed in the patents-in-suit.

32. All documents evidencing or otherwise related to a design around or other method of modifying any Accused Instrumentality or any component thereof to avoid infringement of one or more of the patents-in-suit, including, but not limited to,

manatt

Sarah J. Guske
August 7, 2020
Page 6

                any documents upon which Infinera intends to rely upon to establish a non-infringing design around or modification for any Accused Instrumentality.

33. All documents identifying or describing any Accused Instrumentality's compatibility with other products or services offered by Infinera or anyone else, including, but not limited to, all service and maintenance agreements for an Accused Instrumentality or any component thereof.

34. All documents upon which Infinera intends to rely in the present action to establish what a reasonable royalty should be for infringement of one of more of the patents-in-suit, including, but not limited to, any license agreements, covenants, releases, and settlements.

35. All documents evidencing or otherwise relating to the date(s) on which each defendant first became aware of each of the patents-in-suit, the date(s) on which each defendant first became aware of each patent or application to or through which a patent-in-suit claims priority, or the manner in which each defendant first became aware of each such patent/application.

36. All documents evidencing or otherwise relating to any patent search, prior art search, or other investigation conducted by, or communicated to, Infinera or any related entity concerning any Accused Instrumentality, any component thereof, or any claim of a patent-in-suit or a patent/application to or through which a patent-in-suit claims priority.

37. All documents evidencing or otherwise relating to any opinion or analysis prepared by, or communicated to, Infinera or a related entity concerning the infringement or non-infringement of any Accused Instrumentality or any component thereof, or to any opinion or analysis prepared by, or communicated to, Infinera or a related entity concerning the validity or invalidity of any claim of a patent-in-suit or a patent/application to or through which a patent-in-suit claims priority.

38. All documents evidencing or otherwise relating to Infinera's policies or practices with regard to avoiding infringement of patent rights.

39. All documents evidencing or otherwise relating to any steps or procedures that Infinera took to avoid infringement of one or more of the patents-in-suit or any patent/application to or through which a patent-in-suit claims priority.

40. All documents evidencing or otherwise relating to Infinera's policies or practices with regard to enforcing its own patent rights.

**manatt**

Sarah J. Guske
August 7, 2020
Page 7

41. All documents evidencing or otherwise relating to the commercial success (or lack thereof) of an invention claimed in the patents-in-suit or the commercial success (or lack thereof) of an Accused Instrumentality or any component or feature thereof.

42. All documents evidencing or otherwise relating to the copying (or lack thereof) of an invention claimed in the patents-in-suit or copying (or lack thereof) of an Accused Instrumentality or any component or feature thereof.

43. All documents evidencing or otherwise relating to the existence of a long-felt need (or lack thereof) for an invention claimed in the patents-in-suit or a long-felt need (or lack thereof) for an Accused Instrumentality or any component or feature thereof.

44. All documents evidencing or otherwise relating to the success (or failure) of others to develop products or systems similar to one or more of the Accused Instrumentalities or any component or feature thereof, including, but not limited to, any of Infinera's own failures during development.

45. All documents evidencing or otherwise relating to any skepticism (or lack thereof) to use of an invention claimed in the patents-in-suit or an Accused Instrumentality or any component or feature thereof.

46. All documents evidencing or otherwise relating to any praise or laudatory comments (or lack thereof) by others relating to an invention claimed in the patents-in-suit or any praise or laudatory comments (or lack thereof) by others relating to an Accused Instrumentality or any component or feature thereof.

47. All documents evidencing or otherwise relating to any problems, limitations, desired additional features, marketplace acceptance, operational needs, or marketplace needs of one or more of the Accused Instrumentalities or any component or feature thereof.

48. All documents that refer or relate to Capella, one or more of the patents-in-suit, one or more patents/applications to or through which a patent-in-suit claims priority, or one or more of the named inventors of the patents-in-suit.

49. All documents evidencing or otherwise relating to any communication between Infinera and any other person concerning the above captioned action, Capella, one or more of the patents-in-suit, or any patent/application to or through which a patent-in-suit claims priority, including, but not limited to, any documents

# manatt

Sarah J. Guske
August 7, 2020
Page 8

    evidencing or otherwise relating to litigation or other proceedings (including *Inter Partes* Review proceedings) involving one or more of said patents/applications.

50.    All documents referred to or otherwise mentioned in any response by Infinera to any interrogatory served by Capella, and all documents used by Infinera in preparing any such response (in whole or in part).

51.    All documents referred to or otherwise mentioned (specifically or by category) in any disclosure served by Infinera.

52.    All documents that Infinera may use to support its First Affirmative Defense (entitled "Non-Infringement") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein, including, but not limited to, all product and component specifications, engineering drawings, and software/code.

53.    All documents that Infinera may use to support its Second Affirmative Defense (entitled "Invalidity") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein, including, but not limited to, any alleged prior art.

54.    All documents that Infinera may use to support its Third Affirmative Defense (entitled "Improper Reissue") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

55.    All documents that Infinera may use to support its Fourth Affirmative Defense (entitled "Limitations on Liability and Intervening Rights Under 35 U.S.C. §252") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

56.    All documents that Infinera may use to support its Fifth Affirmative Defense (entitled "Collateral Estoppel and Res Judicata") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

57.    All documents that Infinera may use to support its Sixth Affirmative Defense (entitled "Patent Owner Estoppel") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

58.    All documents that Infinera may use to support its Seventh Affirmative Defense (entitled "Unenforceability Due To Inequitable Conduct") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained

# manatt

Sarah J. Guske
August 7, 2020
Page 9

therein, including, but not limited to, any documents related to: (1) the alleged "but for" materiality of the Smith patent and application; (2) actual knowledge of the Smith patent or application by any individual identified therein; (3) actual knowledge of one or more of the Smith provisional applications by any such person; (4) actual knowledge of the alleged "but for" materiality of the Smith patent or application by any such person; (5) any intentional withholding of the Smith patent or application by any such person; and (6) any such person's intent to deceive the USPTO.

59. All documents that Infinera may use to support its Seventh [sic] Affirmative Defense (entitled "Prosecution History Estoppel") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

60. All documents that Infinera may use to support its Eighth Affirmative Defense (entitled "Licensing Defense") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein, including, but not limited to, any documents relating to any express or implied license to one or more of the patents-in-suit.

61. All documents that Infinera may use to support its Ninth Affirmative Defense (entitled "Non Right to Injunctive Relief") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

62. All documents that Infinera may use to support its Tenth Affirmative Defense (entitled "Equitable Defenses") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

63. All documents that Infinera may use to support its Twelfth Affirmative Defense (entitled "Limitation on Damages") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein.

64. All documents that Infinera may use to support its Thirteenth Affirmative Defense (entitled "Government Sales") or any subsequent amendments thereto, or that otherwise refer or relate to the allegations contained therein, including, but not limited to, any documents relating to any use or manufacture of an Accused Instrumentality or a component thereof by or for the United States.

65. All documents concerning or otherwise relating to contacts between each of the defendants and Texas (including the Eastern District of Texas) and all documents concerning or otherwise relating to contacts between each of the defendants and California (including the Northern District of California), as well as any other



Sarah J. Guske
August 7, 2020
Page 10

        documents relevant to Infinera's Fourteenth Affirmative Defense (entitled "Personal Jurisdiction").

66.    All documents concerning or otherwise relating to Infinera's maintenance of a regular and established place of business in the Eastern District of Texas, including, but not limited to, all documents concerning or otherwise relating to physical locations owned, leased, or otherwise used by Infinera in the Eastern District of Texas, as well as any other documents relevant to Infinera's Fifteenth Affirmative Defense (entitled "Venue").

Thank you in advance for your attention to this letter and for ensuring that Capella receives a complete set of relevant documents.

Very truly yours,

Robert D. Becker