# EXHIBIT H

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CAPELLA PHOTONICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No. 2:20-cv-77-JRG |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S FIRST SET
OF INTERROGATORIES (1 – 6) (VENUE) TO DEFENDANTS**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Capella Photonics, Inc. ("Capella") hereby requests that defendants Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc. n/k/a Infinera Optical Networks, Inc., Coriant America Inc. n/k/a Infinera America Inc., and Coriant (USA) Inc. n/k/a Infinera (USA) Inc. ("Infinera") respond to the following interrogatories within thirty (30) days of service in accordance with the following Definitions and Instructions.

**DEFINITIONS**

1. "This Matter" means the above-captioned Case No. 2:20-cv-0077 pending in the Eastern District of Texas. "This Matter" shall also include any matters that may be consolidated with Case No. 2:20-cv-0077-JRG in the future.

2. "Plaintiff" means Capella Photonics, Inc., including its successors, predecessors, corporate affiliates, divisions, agents, and employees.

3. "Asserted Patents" means U.S. Patent No. RE47,905 (the "'905 patent") and U.S. Patent No. RE47,906 (the "'906 Patent"), both individually and collectively.

4. "Accused Products" means any and all products that Plaintiff accuses of infringing the Asserted Patents, including the products identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement, including but not limited to the 7300 Series platform, the 7100 Series platform, the mTera Series Universal Transport Platform and the FlexILS designed, marketed and/or sold at any time by any Defendant.

5. "Asserted Claims" means any and all claims of the Asserted Patents that Plaintiff contends any Defendant infringes directly, indirectly (including by inducement), and/or jointly, including the claims identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement.

6. "Person" means any natural person or any legal entity, including, but not limited to, any business or governmental entity, organization, or association.

7. "Prior Art" means all Documents, information, acts, or things that qualify as prior art under any subsection of 35 U.S.C. §§102 and 103, including all systems, methods, apparatus, publications, patents, or uses.

8. "Related Patents" means all United States and foreign patents and patent applications (including all published, unpublished, pending, and abandoned applications) relating to the Asserted Patents, including patents or patent applications: (a) from or through which one or more of the Asserted Patents directly or indirectly claim priority; (b) that claim priority to one

or more of the Asserted Patents; and/or (c) that are otherwise identified in one or more of the Asserted Patents as related to that patent.

9. "Communication" shall be construed commensurate in scope with the Federal Rules and means the transmission of information or requests for information in any form, including, without limitation, written, oral, or electronic transmissions.

10. "Document" or "Documents" shall be interpreted in the broadest sense available pursuant to Federal Rule of Civil Procedure 34 and includes, without limitation, any writing of any kind (including originals and all non-identical copies) in any medium (including electronic medium) in which the information is stored.

11. "Defendants," "You," and "Your" mean: (a) Infinera Corporation, and any of its successors, predecessors, corporate affiliates, divisions, agents, and employees, including, but not limited to, Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc. n/k/a Infinera Optical Networks, Inc., Coriant America Inc. n/k/a Infinera America Inc., and Coriant (USA) Inc. n/k/a Infinera (USA) Inc.; (b) Infinera's subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any of these capacities during any relevant time period; and (c) all predecessors or successors in interest of Infinera with respect to the Accused Products and/or the Optical Switch Products.

12. "Optical Switch Product" means any optical switch technology, device, machine, or product that Defendant has or is making, using, offering to sell, selling (directly or through intermediaries), importing, licensing, or supplying in the United States which utilizes and/or includes a wavelength selective switch ("WSS").

13. "Third Party" means any Person other than a plaintiff or a defendant in This Matter.

14. "And" and "or" are construed conjunctively or disjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside of its scope, and the use of the singular form of any word includes the plural and vice versa.

15. The terms "all," "each," and "any" mean one or more and shall be construed as all and any.

16. The term "including" means without limitation.

17. "Evidencing," "Referring to," "Relate," or "Relating to" mean, in whole or in part, describing, constituting, containing, comprising, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, consisting of, referring to, reflecting, concerning, either explicitly or implicitly, or being in any way logically or factually connected with the matter discussed.

## INSTRUCTIONS

1. A request to "Identify" requires the following information: (a) when used with respect to a person or individual, provide the full name, present or last known address, present or last known telephone number; and, where applicable, present or last known employer and address thereof, and present or last known job, position, or title of that individual; (b) when used with respect to a document, provide the Bates number if produced, the date of preparation, and, if different, the date of the document itself; each author; each addressee; each recipient; the number

of pages; the type of document (for example, a letter, memorandum, or notes); the document's general subject matter; and the name of the person or entity who has possession, custody, or control of the document; (c) when used with respect to a Communication, provide, to the extent known, (i) a description of the substance; (ii) the form of the Communication (for example, telephone, facsimile, e-mail, etc.); (iii) all parties to and/or present at the time, as well as the full name, present or last known address, and the current or last known place of employment of each person; (iv) the person who initiated the Communication; and (v) the time, date, and place of the Communication; and (d) when used with respect to factual bases, provide the evidentiary basis for the fact, including Documents providing the specific information required by 1(b) and/or 1(c) above, and individuals providing the specific information required by 1(a) above.

2. If You object to any part of an interrogatory and refuse to answer that part, state Your objection and answer the remaining portion of that interrogatory.

3. In the event any information is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity from disclosure consistent with Federal Rule of Civil Procedure 26(b)(5), please provide sufficient detail regarding the nature of the information, its source, the general subject matter, and the names and addresses of all persons to whom that information was disclosed, and a statement of the grounds for refusal to answer such interrogatory such as would enable other parties to assess the applicability of the privilege or protection.

4. If You produce annual, semi-annual, or quarterly data in response to these interrogatories, identify whether the data is supplied on a calendar year or fiscal year basis. If the data is supplied on a fiscal year basis, please identify the month in which the fiscal year begins and ends.

5. If, in answering these interrogatories, You encounter any ambiguities when construing a question, instruction, or definition, Your answer shall set forth the matter deemed ambiguous and the construction used in answering.

6. If You cannot respond to an interrogatory fully, after a diligent attempt to obtain the requested information, answer the interrogatory to the extent possible, specifying which portion You are unable to answer, and provide whatever information You have regarding the unanswered portion.

7. If any Document called for by any interrogatory has been destroyed or discarded, state separately for each such Document: (a) any address or addressee; (b) any indicated or blind copies; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown, or explained; (e) the Document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; (f) the Persons who authorized and carried out such destruction or discard; and (g) whether any copies of the Document presently exist and, if so, the name of the custodian of each copy.

8. These interrogatories are deemed to be continuing in nature, in accordance with the provisions of Federal Rule of Civil Procedure 26(e).  If Infinera, Infinera's counsel, or anyone representing Infinera's interest, becomes aware of or acquires additional knowledge or information with respect to any of these interrogatories after service of its responses, they shall promptly furnish supplemental responses.

**INTERROGATORY NO. 1**

Identify all real estate, offices, manufacturing sites, and/or other facilities owned, leased, or maintained by each of You in: (a) the Eastern District of Texas; and (b) Texas.

**INTERROGATORY NO. 2**

Identify all Persons who reside and/or work in: (a) the Eastern District of Texas; and (b) Texas and who You believe have knowledge of facts relevant to the allegations and/or defenses in the Lawsuit, including but not limited to the Asserted Patents, the Related Patents and/or the Accused Products.

**INTERROGATORY NO. 3**

Identify every Person located in the state of Texas who supplies any goods or services related to the Accused Products, including but not limited to component (hardware and software) suppliers and entities providing design, testing, engineering, computer coding, manufacturing, distribution, sales, marketing, advertising, or product support services for the Accused Products. As used herein, the term "Identify means to state for each person: (1) the name and address of the entity or person; and (2) a detailed description of the goods or services provided.

**INTERROGATORY NO. 4**

Identify the type and volume of documents located in (a) the Eastern District of Texas; and (b) Texas that concern the allegations and/or defenses in this Matter, including without limitation documents concerning the Asserted Patents, the Related Patents and/or the Accused Products.

**INTERROGATORY NO. 5**

Identify any past and current employees, contractors, consultants or personnel of Yours located in (1) the Eastern District of Texas, or (2) Texas who have or had any involvement in the (i) marketing, (ii) design, (iii) engineering, or (iv) manufacture of the following: (a) any Accused Product; (b) the Source Code in each of the Accused Products; or (e) components of the Accused Products.

**INTERROGATORY NO. 6**

      State Your revenue and volume of sales for the Accused Products in the Eastern District of Texas.

Dated:  July 10, 2020

By: /s/ *Charles Everingham IV*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wasfirmn.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 10th day of July, 2020.

/s/ *Charles Everingham IV*
Charles Everingham IV