# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC.,<br><br>        Defendants. | Case No. 2:20-cv-77-JRG |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S THIRD SET
OF INTERROGATORIES TO DEFENDANT**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, plaintiff Capella Photonics, Inc. ("Plaintiff" or "Capella") hereby requests that defendants Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc. n/k/a Infinera Optical Networks, Inc., Coriant America Inc. n/k/a Infinera America Inc., and Coriant (USA) Inc. n/k/a Infinera (USA) Inc. ("Defendant" or "Infinera") respond to the following interrogatories within thirty (30) days of service in accordance with the following Definitions and Instructions.

**DEFINITIONS**

1. "Accused Products" means any and all products that Plaintiff accuses of infringing the Asserted Patents, including the products identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement, including but not limited to the 7300 Series platform, the 7100 Series platform, the mTera Series Universal

Transport Platform and the FlexILS designed, marketed and/or sold at any time by any Defendant.

2. "Accused WSS" means any Wavelength Selective Switch ("WSS") that is used within one or more of the above Accused Products, and is either (i) manufactured by You, or (ii) designed by You and manufactured on Your behalf under Your direction and control, or (iii) purchased by You from a third-party.

3. "Asserted Patents" means U.S. Patent No. RE47,905 (the "'905 patent") and U.S. Patent No. RE47,906 (the "'906 Patent"), both individually and collectively.

4. "Asserted Claims" means any and all claims of the Asserted Patents that Plaintiff contends Defendant infringes directly, indirectly (including by inducement), and/or jointly, including the claims identified in Plaintiff's Complaint (including any amendments thereto), in Plaintiff's Infringement Contentions, and in any supplemental infringement contentions or expert reports relating to infringement.

5. The '368 patent means U.S. Patent No. RE 42,368.

6. The '678 patent means U.S. Patent No. RE 42,678.

## INSTRUCTIONS

1. If you object to any part of an interrogatory and refuse to answer that part, state your objection and answer the remaining portion of that interrogatory.

2. In the event any information is withheld on a claim of attorney-client privilege, attorney work-product immunity, or any other privilege or immunity from disclosure consistent with Federal Rule of Civil Procedure 26(b)(5), please provide sufficient detail regarding the nature of the information, its source, the general subject matter, and the names and addresses of all persons to whom that information was disclosed, and a statement of the grounds for refusal to

answer such interrogatory such as would enable other parties to assess the applicability of the privilege or protection.

3. These interrogatories are deemed to be continuing in nature, in accordance with the provisions of Federal Rule of Civil Procedure 26(e). If Defendant, Defendant's counsel, or anyone representing Defendant's interest, becomes aware of or acquires additional knowledge or information with respect to any of these interrogatories after service of its responses, they shall promptly furnish supplemental responses.

**INTERROGATORY NO. 9:**

Separately for each Accused Product, for each quarter in which such product was made, rented, leased, used, tested, offered for sale, sold, or imported in the United States, provide the following data for those units that were made, offered for sale, sold, rented, leased, or imported in the United States from March 2014 to the present:

(a) the number of units sold net of any returns, leased or rented;

(b) the revenues for the units sold, leased, or rented, net of any returns, (including without limitation identification of revenues from product sales, product software or software upgrades, product maintenance, and/or product licenses); and

(c) the costs and expenses for the units sold net of any returns, leased or rented, with data segregated by whatever classifications You make in the normal course of business (as examples only, such categories of costs and expenses might include advances, royalties, licenses, capitalized software, marketing, pricing protection, sales commissions, freight, reserves, research and development, and overhead; cost of goods sold data should be segregated into the categories of costs into which You segregate them in the normal course of business).

**INTERROGATORY NO. 10:**

Separately for each Accused WSS, for each quarter in which such product was made, rented, leased, used, tested, offered for sale, sold, or imported in the United States, provide the following data for those units that were made, offered for sale, sold, rented, leased, or imported in the United States from March 2014 to the present:

(a)     the number of units sold net of any returns, leased or rented;

(b)     the revenues for the units sold, leased, or rented, net of any returns, (including without limitation identification of revenues from product sales, product software or software upgrades, product maintenance, and/or product licenses); and

(c)     the costs and expenses for the units sold net of any returns, leased or rented, with data segregated by whatever classifications You make in the normal course of business (as examples only, such categories of costs and expenses might include advances, royalties, licenses, capitalized software, marketing, pricing protection, sales commissions, freight, reserves, research and development, and overhead; cost of goods sold data should be segregated into the categories of costs into which You segregate them in the normal course of business).

**INTERROGATORY NO. 11:**

Separately for each Accused Product, state in detail all factual and legal bases for Your contention that You do not infringe, directly or indirectly, any claims of the Asserted Patents, including an identification, on a claim-by-claim basis, the claim element(s) that You allege are not included in or performed by each Accused Product an explanation in detail why You believe each such element is not included in or performed by such products (both literally and under the doctrine of equivalents) and, an identification, for each claim and each such product, all

documents and/or other evidence that supports or forms the basis for Your contentions and the persons most knowledgeable about the factual bases for Your contentions.

**INTERROGATORY NO. 12:**

Separately for each Asserted Claim of the Asserted Patents and each of Your Accused Products, describe any alleged acceptable non-infringing alternative(s) or potential design-arounds, including any valuation, testing, or analysis thereof (including dates thereof), the availability thereof (including dates), the basis for contending that each non-infringing alternative is acceptable, commercially viable, and non-infringing, any documents related thereto, and an identification of the persons knowledgeable thereof.

**INTERROGATORY NO. 13:**

Separately for each Accused Product, state in detail all factual and legal bases for Your contentions as to what constitutes the smallest salable unit within each Accused Product that encompasses each of the Asserted Claims of the Asserted Patents and an identification for each Claim and each such Product.

**INTERROGATORY NO. 14:**

Separately for each Asserted Patent, identify and describe any and all licenses entered by You or any other individual or entity that You contend involve patents that are comparable to the Asserted Patents. Your answer should identify (i) the applicable third party; (ii) the date the license was entered; (iii) the patent number of each patent covered by the license; (iv) the royalty rate; (v) the term and territory of the license; (vi) the technology, the products, devices, services, and other activities covered by the license; (vii) the total amount of money that to be paid under the license; (viii) whether the payment was to be paid as a lump-sum or as a running royalty; (ix) whether You assumed that the patents at issue were infringed and valid; (x) whether there were

cross-licenses or non-assertion covenants for any patents and, if so, how each cross-license or non-assertion covenant impacted items (v), (vi), (ix), (x) and (xi); and (xiii) whether there were other license provisions that You contend provided economic value to either party. Your description should also include all grounds for Your contention that the license involved patents that are comparable to the Asserted Patents.

**INTERROGATORY NO. 15:**

Separately for each Accused Product, identify all licenses entered by You that cover the Accused Products. Your answer should identify (i) the applicable third party; (ii) the date the license was entered; (iii) the patent number of each patent covered by the license; (iv) the royalty rate; (v) the term and territory of the license; (vi) the technology, the products, devices, services, and other activities covered by the license; (vii) the total amount of money that to be paid under the license; (viii) whether the payment was to be paid as a lump-sum or as a running royalty; (ix) whether You assumed that the patents at issue were infringed and valid; (x) whether there were cross-licenses or non-assertion covenants for any patents and, if so, how each cross-license or non-assertion covenant impacted items (iv), (v), (vi), (vii), (ix), (x); and (xi) whether there were other license provisions that You contend provided economic value to either party.

**INTERROGATORY NO. 16:**

For each Accused Product and Accused WSS (including future versions of same that are currently planned but not yet released), identify all royalties You have paid or agreed to pay others (sometimes referred to as the royalty stack), whether as a running royalty or a lump sum payment. Your answer should include (i) the identity of the entity to whom each royalty is owed or has been paid; (ii) the consideration You received in exchange for such payment; (iii) the

amount of the royalty paid; (iv) the base upon such royalty has been paid, assessed, or calculated; (v) and the time period during which the royalty is or was owed.

**INTERROGATORY NO. 17:**

Identify and describe all factual and legal bases that support or contradict any secondary indicia of non-obviousness for any Asserted Claim.

**INTERROGATORY NO. 18:**

State all factual and legal bases, if any, for Infinera's Eighth Affirmative Defense (entitled "Licensing Defense"), including, but not limited to, an identification of any express or implied licenses.

**INTERROGATORY NO. 19:**

State all factual and legal bases, if any, for Infinera's Tenth Affirmative Defense (entitled Equitable Defenses), including, but not limited to, any facts establishing that Capella made any misleading statements or engaged in any misleading conduct, any facts establishing that Infinera relied on any such statements or conduct, any facts establishing that Infinera was prejudiced by any such reliance, any facts establishing that Capella filed suit with unclean hands, and any facts establishing that Capella has waived any recovery for infringement occurring prior to the filing of the present action.

Dated:  December 11, 2020

By: /s/ *Robert D. Becker*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wsfirm.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 11h day of December, 2020.

*/s/ Christopher L. Wanger*
Christopher L. Wanger