# EXHIBIT N

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CAPELLA PHOTONICS, INC., | NO. 2:20-cv-77-JRG |
| Plaintiff | |
| v. | |
| INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., | |
| Defendants. | |

**PLAINTIFF CAPELLA PHOTONICS, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES (NOS. 1-20)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff, Capella Photonics, Inc. ("Capella"), hereby objects and responds to the First Set of Interrogatories (Nos. 1-20) of Defendants Infinera Corporation, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA) Inc. (collectively, "Infinera"), as follows:

**PRELIMINARY STATEMENT**

Capella states that discovery in this matter is ongoing and will continue as long as permitted by statute, stipulation or Order of the Court. Capella expects that this ongoing discovery, as well as its own investigation, will lead to additional relevant evidence. Capella reserves its right to supplement and modify its responses to these interrogatories, and to introduce at trial or any other proceeding any evidence from any source and testimony from any witness.

Capella further states that it is making a good-faith effort to respond to these interrogatories; and that it is responding as it interprets and understands them based only upon such information as is presently available to, and specifically known by, Capella. If Infinera

**RESPONSE TO INTERROGATORY NO. 3:**

Capella objects to Interrogatory No. 3 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. For example, the phrase "actual or potential licensing or other assertion" is not defined, and is subject to multiple interpretations. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts.

Subject to the forgoing objections, Capella responds that the answer to this interrogatory may be determined by examining the business records produced by Capella in this action at CAPELLA 000001–028820 and the burden of deriving or ascertaining the answer is substantially the same for Infinera.

**INTERROGATORY NO. 3:**

Identify and describe all factual and legal bases that support or contradict Your damages claim.

**RESPONSE TO INTERROGATORY NO. 4:**

Capella objects to Interrogatory No. 4 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions. Capella objects that this interrogatory is premature and seeks expert opinion and conflicts with the Court's Discovery Order (Dkt. # 32) in this matter, including Section 3(c).  Capella will provide its complete computation of damages in connection

with expert discovery in this matter.

**INTERROGATORY NO. 4:**

Identify and describe all factual and legal bases that support or contradict any claim by You that any alleged infringement of the Asserted Patents by Infinera has been or is willful.

**RESPONSE TO INTERROGATORY NO. 5:**

Capella objects to Interrogatory No. 5 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions.

Subject to the forgoing objections, Capella responds that Infinera have been aware since at least the filing of Capella's original action against it in 2014 of Capella's assertions that Infinera's activities relating to the Accused Products infringe the original and Asserted Patents. Nevertheless, Infinera continued to manufacture, market and sell the Accused Products. Infinera willfully infringed after it had notice of Capella's patent rights, and Infinera engaged in egregious misconduct beyond typical infringement. Infinera did not exercise due care to determine whether or not it was infringing on the original or Asserted Patents. Capella's contention is based on, but not limited to, all pre-litigation correspondence between Capella and Infinera regarding patent infringement of the Asserted Patents; all pleadings filed by the parties in this patent infringement action and prior actions between the parties; all facts and evidence at issue in this action; all petitions and submissions in the PTAB proceedings pertaining to the Asserted Patents and all facts and evidence at issue in the PTAB proceedings pertaining to the

Asserted Patents and all ruling and decisions in the PTAB proceedings.

Capella reserves its right to supplement and modify its responses to this interrogatory as additional relevant evidence is identified through its ongoing investigation.

**INTERROGATORY NO. 5:**

Identify and describe all factual and legal bases that support or contradict Your allegation that Capella has suffered or will suffer irreparable harm and is entitled to an injunction.

**RESPONSE TO INTERROGATORY NO. 6:**

Capella objects to Interrogatory No. 6 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Capella also objects to this interrogatory as vague and ambiguous. Capella also objects to this interrogatory as overly broad and unduly burdensome. Capella also objects to this interrogatory as containing improper multiple subparts. Capella also objects to this interrogatory to the extent it seeks the legal bases for its contentions.

Subject to the forgoing objections, Capella responds that it is in the business of licensing it patents, including the Asserted Patents. Infinera's infringing activities in connection with the Accused Products damage Capella's business and should be enjoined. As a result of Infinera's marketing and sales of the Accused Products, Capella suffers irreparable injury, including but not limited to, lost business opportunities, loss of goodwill and reputation, and lost revenue streams that impact other areas of the business. As a licensor, Capella controls the market for use of its patented invention. Capella suffers loss of market share for licenses to use the patented invention caused by Infinera's infringement and sales of the Accused Products. Further, monetary damages are inadequate; an injunction is warranted on balance of the relative hardships between the parties; and the public interest would not be disserved by a permanent injunction.

the requirements of 35 U.S.C. § 287 were satisfied when Capella sued Infinera for patent infringement in 2014.

Capella reserves its right to supplement and modify its responses to this interrogatory as additional relevant evidence is identified through its ongoing investigation.

| | |
|---|---|
| Dated: November 9, 2020 | By: /s/ *Robert D. Becker*<br>Charles Everingham IV (TX SBN 00787447)<br>Email: *ce@wsfirm.com*<br>T. John Ward (TX SBN 20848000)<br>Email: *tjw@wsfirm.com*<br>Claire Abernathy Henry (TX SBN 24053063)<br>Email: *claire@wsfirm.com*<br>Andrea Fair (TX SBN 24078488)<br>Email: *andrea@wsfirm.com*<br>WARD, SMITH & HILL, PLLC<br>P.O. Box 1231<br>Longview, TX 75606<br>Telephone: (903) 757-6400<br>Facsimile: (903) 757-2323<br><br>Robert D. Becker (Cal. Bar 160648)<br>Email: *rbecker@manatt.com*<br>Christopher L. Wanger (Cal. Bar 164751)<br>Email: *cwanger@manatt.com*<br>MANATT, PHELPS & PHILLIPS, LLP<br>1 Embarcadero Center, 30th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 291-7400<br>Facsimile: (415) 291-7474<br><br>Attorneys for Plaintiff,<br>CAPELLA PHOTONICS, INC. |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 9th day of November, 2020.

*/s/ Christopher L. Wanger*
Christopher L. Wanger

327034639.1