**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| CAPELLA PHOTONICS, INC. <br><br> Plaintiff, <br><br> v. <br><br> INFINERA CORPORATION, TELLABS, INC., TELLABS OPERATIONS INC., CORIANT AMERICA INC., and CORIANT (USA) INC., <br><br> Defendants. | Case No. 2:20-cv-00077-JRG |

# **PLAINTIFF CAPELLA PHOTONICS, INC.'S MOTION TO VACATE INTERLOCUTORY ORDERS**

I.     **Introduction**

Following settlement, Capella Photonics, Inc. ("Capella") respectfully moves this Court for an Order vacating two non-final/interlocutory decisions in this case, and nearly identical decisions issued in a second case pending in this Court involving Capella's patents. Although Capella seeks vacatur of four orders entered on the docket, in substance, Capella is respectfully seeking the vacatur of identical claim construction orders issued in two cases involving the same patents, and two Reports and Recommendation that substantively and heavily rely on those same claim construction orders. These four, non-binding rulings are: (1) the February 9, 2021 Claim Construction Memorandum and Order entered as Dkt. 81 in Case No 2:20-cv-00076-JRG; (2) the February 9, 2021 Claim Construction Memorandum and Order entered as Dkt. 99 in Case No. 2:20-cv-00077-JRG; (3) the February 27, 2021 Report and Recommendation concerning Fujitsu Network Communications, Inc.'s ("Fujitsu's") Motion for Partial Judgment on the Pleadings entered as Dkt. 87 in Case No 2:20-cv-00076-JRG; and (4) the March 15, 2021 Report and Recommendation concerning Infinera Corp, Tellabs, Inc., Tellabs Operations Inc., Coriant America Inc., and Coriant (USA)'s (collectively "Infinera's") virtually identical Motion for Partial Judgment on the Pleadings entered as Dkt. 110 in Case No 2:20-cv-00077-JRG. Capella respectfully disagrees with these decisions (the "Contested Interlocutory Orders"), timely filed substantive objections thereto, and, in absence of a settlement, intended to preserve those issues for appeal.

Capella recently filed Notices of Settlement in both actions, and all deadlines are currently stayed. Capella agreed to resolve these matters in the interest of avoiding uncertainty and minimizing the effort and expense to the parties and the Court. Capella should not be penalized for resolving the matters through settlement. By entering into settlements with Fujitsu and Infinera, Capella would forgo its right to seek review of the Contested Interlocutory Orders,

including its right to seek largely *de novo* appellate review of those issues. Although Capella believes that the Contested Interlocutory Orders do not have any preclusive effect in other litigation in light of their interlocutory and non-final nature, out of an abundance of caution, it seeks the present relief given the unsettled nature of the case law, and to avoid the needless waste of resources (private and judicial) that would be expended in resolving any future collateral estoppel challenge based thereon. The present motion, which is unopposed by Fujitsu and opposed by Infinera, is being filed in both Case No 2:20-cv-00076-JRG and Case No 2:20-cv-00077-JRG. It is supported by all relevant equitable considerations – including the public interest in orderly operation of the judicial system, the early settlement of disputes, and the parties' desire to avoid any preclusive effect of non-final rulings.

## II.     Procedural History

Capella filed both Complaints in the above-captioned actions for infringement of its U.S. Patent No. RE47,905 ("the '905 patent") and U.S. Patent No. RE47,906 ("the '906 patent") on March 17, 2020. (Case No. 2:20-cv-00076-JRG, Dkt. 1) (Case No. 2:20-cv-00077-JRG, Dkt. 1). A joint *Markman* hearing was held on January 22, 2021, and the Court issued a Claim Construction Memorandum and Opinion and Order on February 9, 2021. (Case No. 2:20-cv-00076-JRG, Dkt. 81) (Case No. 2:20-cv-00077-JRG, Dkt. 99).[1]

Fujitsu and Infinera (collectively the "Defendants") filed largely identical Motions for Partial Judgment on the Pleadings (seeking to preclude Capella from recovering damages based on activity occurring prior to March 17, 2020, the issue date of the '905 and '906 patents) on December 14, 2020 (*i.e.*, well before the scheduled *Markman* hearing, and eight days before

---

[1] Capella timely filed its Objections to this Order on February 23, 2021. (Case No. 2:20-cv-00076-JRG, Dkt. 85) (Case No. 2:20-cv-00077-JRG, Dkt. 104). Those objections remained pending at the time of the settlement.

Defendants even submitted their claim construction briefs).[2] (Case No. 2:20-cv-00076-JRG, Dkt. 57) (Case No. 2:20-cv-00077-JRG, Dkt. 74). Capella was therefore required to file its Oppositions on December 28, 2020 and December 29, 2020, respectively (*i.e.*, again well before the scheduled *Markman* hearing, and without the benefit of a claim construction order). (Case No. 2:20-cv-00076-JRG, Dkt. 63)(Case No. 2:20-cv-00077-JRG, Dkt. 81). A joint hearing was held on these motions on January 22, 2021 (in conjunction with the *Markman* hearing), and Judge Payne issued a Report and Recommendation concerning Fujitsu's motion on February 27, 2021.[3] (Case No. 2:20-cv-00076-JRG, Dkt. 87). Capella timely filed Objections to the Report and Recommendation in the Fujitsu action on March 15, 2021. (Case No. 2:20-cv-00076-JRG, Dkt. 87). Judge Payne thereafter issued a Report and Recommendation concerning Infinera's Motion (which was largely identical to his Report and Recommendation in the Fujitsu action) the same day. (Case No. 2:20-cv-00077-JRG, Dkt. 110). Capella timely filed Objections to the Report and Recommendation in the Infinera action on March 29, 2021.[4] (Case No. 2:20-cv-00076-JRG, Dkt. 112). Those objections remain pending.

On April 6, 2021, this Court ordered both cases to mediation within 30 days. (Case No. 2:20-cv-00076-JRG, Dkt. 91) (Case No. 2:20-cv-00077-JRG, Dkt. 113). On May 6, 2021, Capella and Fujitsu successfully mediated their dispute with the assistance of Hon. David Folsom (Ret). (Case No. 2:20-cv-00076-JRG, Dkt. 99). A Joint Notice of Settlement was filed

---

[2] Defendants primarily sought a ruling that none of the asserted claims of the '905 and '906 patents were "substantively identical" to claims of their respective "predecessor" patents (U.S. Patent No. RE42,368 and RE42,678) under 35 U.S.C. §252.

[3] The Report and Recommendation heavily relied on the February 9, 2021 Claim Construction Memorandum and Opinion and Order (including the construction of the claim term "port").

[4] To ensure timeliness, Capella had previously filed its Objections to the February 27, 2021 Report and Recommendation in the Infinera action because the Court held a joint *Markman* hearing and a joint hearing on the motions for judgment on the pleadings. (Case No. 2:20-cv-00077-JRG, Dkt. 109).

the same day.  (Case No. 2:20-cv-00076-JRG, Dkt. 98).  Capella and Infinera also engaged in settlement discussions during the mediation period, and a Joint Notice of Settlement was filed on May 7, 2021.  (Case No. 2:20-cv-00077-JRG, Dkt. 141).

### III.     Legal Standard

Neither the U.S. Supreme Court nor the appellate courts will force a district court to vacate its orders once they became moot through settlement, absent "exceptional circumstances." *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18, 27-29 (1994).  However, no showing of "exceptional circumstances" is necessary for a district court to vacate its own orders.  *See* Fed. R. Civ. P. 60(b).  The standard a district court applies to determine whether to vacate its own interlocutory orders upon settlement, including those for claim construction and partial summary judgment, is less rigid.  *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights or liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities"); *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1328-29 (Fed. Cir. 2003) (Dyk, J., concurring) (discussing the mechanism through which parties can prevent an interim decision in the litigation from having a collateral estoppel effect in future litigations, and suggesting the parties move the district court to vacate its earlier decisions as part of a settlement).  *See also*, *International Electronic Technology Corp. v. Hughes Aircraft Co.*, 476 F.3d 1329, 1330-31 (Fed. Cir. 2007) (trial court decision is final only if it ends the litigation on the merits and leaves nothing for court to do but execute the judgment); *Pressure Products Medical Supplies, Inc. v. Greatbatch Ltd.*, 599 F.3d 1308, 1315-16 (Fed. Cir. 2010) (a district court has authority to modify its claim constructions); *U.S. Gypsum Co. v. Pacific Award Metals,*

*Inc.*, 2006 WL 1825705 (N.D. Cal. July 3, 2006) (vacating interlocutory claim construction and summary judgment orders).

Although the test in *U.S. Bancorp* is not directly applicable to district courts, several district courts have considered one or more of the factors set forth therein when exercising their equitable discretion to vacate a non-final order. *Cisco Systems, Inc. v. Telcordia Technologies*, 590 F. Supp. 2d 828, 830 (E.D. Tex. 2008) (vacating claim construction order); *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2012 WL 1768084 at * 2 (D. Arz. May 17, 2012) (vacating claim construction order and orders granting partial summary judgment); *Lycos, Inc. v. Blockbuster, Inc.*, 2010 WL 5437226 at *3 (D. Mass. December 23, 2010) (vacating order granting partial summary judgment and related claim constructions); *Contour Hardening, Inc. v. Vanair Manufacturing, Inc.*, 2016 WL 10490508 at * 1 (S.D. Ind. February 23, 2016) (vacating claim construction order).  Those factors include: (1) the public interest in the orderly operation of the federal judicial system; (2) the parties' desire to avoid any potential preclusive effect; (3) the court's resources that will be expended if the case continues; and (4) the parties' interest in conserving their resources.  *Id*.

**IV.     The Requested Relief Is Appropriate And Should Be Granted**

All relevant *U.S. Bancorp* equitable factors strongly favor granting the relief requested by Capella, namely vacatur of the Contested Interlocutory Orders.

**A.     The Public Interest In The Orderly Operation Of The Federal Judicial System Favors Vacating the Contested Interlocutory Orders**.

The public has an interest in having final determinations that will help to guide future decisions.  However, as mentioned above, claim construction rulings, like the ones entered in these cases, typically affect only private litigants, and are routinely altered on some level before, and even during, trial.  *See, e.g., Cisco Systems*, 590 F. Supp. 2d at 830.  *See also, Johns Hopkins*

*University v. CellPro, Inc.*, 152 F.3d 1342, 1349 (Fed. Cir. 1998) (district court claim construction revisited even after a jury verdict). They also frequently require edits and/or supplementation, even for seemingly simple terms. *See, e.g., O2 Micro International Ltd. v. Beyond Innovation Technology Co.*, 521 F.3d 1351, 1357-63 (Fed. Cir. 2008) (remanding to the district court to construe the term "only if"). Additionally, claim construction rulings are reviewed *de novo* on appeal. *Cybor Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1455-56 (Fed. Cir. 1998) (en banc). And, the Federal Circuit routinely disagrees with claim construction orders issued by district courts. Given the interlocutory nature of the claim construction rulings, and the fact that as a general matter, they are subject to revision throughout the case, the public does not have a strong interest in relying on interlocutory claim construction rulings that would be frustrated by vacatur.[5]

There is also a substantial public interest in encouraging settlement of private disputes. *See*, *e.g.*, *Hemstreet v. Spiegel, Inc.*, 851 F.2d 348, 350 (Fed. Cir. 1988) ("The law strongly favors settlement of litigation...."). Indeed, from a policy standpoint, the failure to vacate interlocutory findings upon the request of parties to a settlement could chill settlement discussions in future cases once a claim construction order is issued. Further, the claim construction and other rulings in this case will still be available on the public record, even if vacated, for any future litigant or court to consider and evaluate.[6]

---

[5] The same is true of the largely identical Reports and Recommendations (dated February 27, 2021 and March 15, 2021) issued in response to Defendants' Motions for Judgment on the Pleadings. They are non-final, and heavily rely on the February 9, 2021 Claim Construction Memorandum and Opinion and Order.

[6] None of the Contested Interlocutory Orders held any patent claim invalid. Nor are there any other cases pending in this Court where a defendant may have relied on those findings. There is also no evidence that Capella sought to obtain an "advisory opinion" on claim construction before settlement. Capella also maintained in its briefing that Defendants' Motions for Partial Judgment on the Pleadings (filed before Defendants' claim construction briefs, and well before

### B.     The Parties' Desire To Avoid Any Preclusive Effect of Non-Final Rulings

Capella's desire to avoid any preclusive effect (along with at least Fujitsu's agreement not to oppose the present motion) also strongly favors vacatur.  Indeed, it is unclear what preclusive effect (if any) the interim claim construction order can have on other courts – as numerous opinions (albeit from other judicial circuits) provide that settlements and non-appealed claim construction rulings are not final judgments for collateral estoppel purposes.[7]  *See*, *e.g.*, *Kollmorgen Corp. v. Yaskawa Electric Corp.*, 147 F. Supp. 2d 464, 467--69 (W.D. Va. 2001) (collateral estoppel did not apply because a settlement does not constitute a final judgment); *Graco Children's Products Inc. v. Regalo International LLC*, 77 F. Supp. 2d 660, 663-65 (E.D. Pa. 1999) (plaintiff was not collaterally estopped from re-litigating claim construction, even though a settlement was reached after an appeal was filed); *Lectrolarm Custom Services, Inc. v. Vicon Industries, Inc.*, 2005 WL 2177000 (W.D. Tenn. September 2, 2005) (claim construction by different court not given preclusive effect because it was never appealed due to settlement; order not final for the purposes of collateral estoppel).  *See also*, *Yodlee, Inc. v. Plaid Technologies, Inc.*, 2016 WL 204372 at *3 (D. Del. Jan. 15, 2016) (finding claim construction not final for purposes of collateral estoppel given voluntary dismissal of case and the ability of a court to modify its constructions if the case had not been dismissed).  *See*, *e.g.*, *E2E Processing, Inc. v. Cabela's Inc.*, 2017 WL 9538364 (Fed. Cir. January 25, 2017) (a magistrate judge's ruling is not ordinarily final and appealable until the district judge acts on a timely filed objection).

The risk, however, to Capella, and the attendant hardship if collateral estoppel is applied,

---

the *Markman* hearing, let alone any claim construction order) were premature.  (Case No. 2:20-cv-00076-JRG, Dkts. 63 & 70) (Case No. 2:20-cv-00077-JRG, Dkts. 81 & 91).

[7] Capella has also not taken inconsistent claim construction position (*i.e.*, this is not a situation where Capella seeks to take different claim construction positions against different defendants for purposes of infringement).

is not trivial, as other courts have disagreed – and applied collateral estoppel after settlement. *See*, *e.g.*, *TM Patents, L.P. v. International Business Machines Corp.*, 72 F. Supp. 2d 370, 375-79 (S.D.N.Y. 1999). Thus, although Capella believes that none of the Contested Interlocutory Orders should have a preclusive effect in later litigation (*See, e.g.,* Restatement (Second) of Judgments §§ 13, 27 (issue preclusion applies only if there is a "final judgment")), it may still face arguments in the future that it is collaterally estopped from challenging the claim constructions and/or seeking pre-issuance damages in the absence of the requested vacatur.

### V.     Conclusion

For the reasons detailed above, Capella respectfully requests the Court grant this motion and vacate the Contested Interlocutory Orders.

Dated: May 28, 2021

By: /s/ *Robert D. Becker w/permission Charles Everingham IV*
Charles Everingham IV (TX SBN 00787447)
Email: *ce@wsfirm.com*
T. John Ward (TX SBN 20848000)
Email: *tjw@wsfirm.com*
Claire Abernathy Henry (TX SBN 24053063)
Email: *claire@wsfirm.com*
Andrea Fair (TX SBN 24078488)
Email: *andrea@wsfirm.com*
WARD, SMITH & HILL, PLLC
P.O. Box 1231
Longview, TX 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

Robert D. Becker (Cal. Bar 160648)
Email: *rbecker@manatt.com*
Christopher L. Wanger (Cal. Bar 164751)
Email: *cwanger@manatt.com*
MANATT, PHELPS & PHILLIPS, LLP
1 Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Plaintiff,
CAPELLA PHOTONICS, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on all counsel of record who have consented to electronic service on this 28th day of May, 2021.

*/s/ Robert D. Becker w/permission Charles Everingham IV*
Robert D. Becker

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that the parties have complied with the meet and confer requirements of Local Rule CV-7(h), and the motion in Case No. 2:20-cv-76 is unopposed by Fujitsu, but the motion in Case No. 2:20-cv-77 is opposed by the Infinera Defendants. The parties' representatives in case No. 2:20-cv-77 discussed this issue in connection with the settlement of that matter but were unable to reach an agreement. Therefore, the motion is submitted as opposed in that case.

*/s/ Robert D. Becker w/permission Charles Everingham IV*
Robert D. Becker
